1  SEYFARTH SHAW LLP
Laura Wilson Shelby (SBN 151870)
2  lshelby@seyfarth.com
Mason R. Winters (SBN 273639)
3  mwinters@seyfarth.com
2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
5  Facsimile:  (310) 201-5219

6  Attorneys for Defendants
ATC Healthcare, Inc., ATC Healthcare Services,
7  LLC (erroneously sued as ATC Healthcare
Services, Inc., and ATC Healthcare Staffing), and
8  ATC West Staffing, Inc.

9

10            UNITED STATES DISTRICT COURT

11          SOUTHERN DISTRICT OF CALIFORNIA

12

13  TONI TORRACA-RIANO and MICHAEL
OLSHANSKY, individually, on behalf of
themselves and others similarly situated,

14

15            Plaintiffs,

16       v.

17  ATC HEALTHCARE SERVICES, INC., a
Georgia corporation; ATC
18  HEALTHCARE, INC., a Delaware
corporation; ATC HEALTHCARE
19  SERVICES, LLC, a Georgia limited
liability company; ATC HEALTHCARE
20  STAFFING, an unknown entity; ATC
WEST STAFFING, INC., a California
21  corporation; and DOES 1 through 50
inclusive,

22            Defendants.

Case No.  '19 CV 0295 L    BLM

**DEFENDANTS' NOTICE OF
REMOVAL OF CIVIL ACTION TO
THE UNITED STATES DISTRICT
COURT**

[San Diego County Superior Court Case
No. 37-2018-000653377-CU-OE-CTL]

Trial Date:        None Set
Complaint Filed: December 27, 2018

23

24

25

26

27

28

1    **TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN**

2    **DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS**

3    **OF RECORD:**

4         **PLEASE TAKE NOTICE** that Defendants ATC Healthcare, Inc., ATC

5    Healthcare Services, LLC (erroneously sued as ATC Healthcare Services, Inc., and ATC

6    Healthcare Staffing), and ATC West Staffing, Inc., hereby remove the above-referenced

7    action from the California Superior Court, County of San Diego, pursuant to 28 U.S.C.

8    sections 1441 and 1446, based on federal question jurisdiction (28 U.S.C. § 1331).  The

9    removal is proper for the following reasons:

10   **I.    BACKGROUND**

11        1.    On December 27, 2018, an action was commenced in the Superior Court of

12   the State of California, County of San Diego, entitled *TONI TORRACA-RIANO and*

13   *MICHAEL OLSHANSKY, individually, on behalf of themselves and others similarly*

14   *situated, Plaintiffs vs. ATC HEALTHCARE SERVICES, INC., a Georgia corporation;*

15   *ATC HEALTHCARE, INC., a Delaware corporation; ATC HEALTHCARE SERVICES,*

16   *LLC, a Georgia limited liability company; ATC HEALTHCARE STAFFING, an unknown*

17   *entity; ATC WEST STAFFING, INC., a California corporation; and DOES 1 through 50*

18   *inclusive, Defendants.*

19        2.    The Complaint asserts claims for: (1) "Violations of Fair Credit Reporting

20   Act, 15 U.S.C. §§ 1681b(b)(2)(A) § 1681o(a) (Obtaining Consumer Reports Without

21   Proper Disclosure)"; (2) "Violations of Fair Credit Reporting Act, 15 U.S.C.

22   §§ 1681b(b)(2)(A) § 1681o(a) (Obtaining Consumer Reports Without Proper

23   Authorization)"; (3) "Violations of the California Investigative Consumer Reporting

24   Agencies Act (ICRAA) (Civ. Code., § 1786, *et seq.*)"; (4) "Failure to Make Payments

25   Within the Required Time"; (5) "Violations of Labor Code § 226"; (6) "Remedies Under

26   Private Attorney General Act (PAGA California Labor Code §§ 2698, 2699, *et seq.*)";

27   and (7) "Unfair Business Practices in Violation of Cal. Bus. & Prof. Code §§ 17000, *et*

28   *seq.* and §§ 17200, *et seq.*"

<div align="center">1</div>

1    3.  On **January 11, 2019**, ATC Healthcare Services, LLC's registered agent for

2 service of process received the Complaint. A true and correct copy of the document

3 received is attached as **Exhibit A**.

4    4.  On February 1, 2019, Plaintiffs purported to serve the Summons and

5 Complaint on Defendant ATC West Staffing, Inc. (a dissolved corporation), by leaving a

6 copy of the documents outside the door of ATC West Staffing, Inc.'s former business

7 address. A true and correct copy of the documents delivered is attached as **Exhibit B**.

8    5.  On February 4, 2019, ATC Healthcare Services, LLC's registered agent for

9 service of process received a Notice of Case Assignment and Case Management

10 Conference, the Summons, and an ADR Packet, along with another copy of the

11 Complaint. A true and correct copy of the documents received is attached as **Exhibit C**.

12    6.  On February 7, 2019, Defendants filed their Answer in San Diego County

13 Superior Court. A true and correct copy of the Answer filed is attached as **Exhibit D**.

14    7.  Defendants have not filed or received any other pleadings or papers, other

15 than the pleadings described as Exhibits A through D, in this action prior to this Notice of

16 Removal. (Declaration of Mason R. Winters ("Winters Decl.") ¶ 2.)

17 **II.**  **<u>TIMELINESS OF REMOVAL</u>**

18    8.  This Notice of Removal is timely because it is being filed within thirty (30)

19 days of ATC Healthcare Services, Inc.'s receipt of the Complaint on January 11, 2019.

20 28 U.S.C. 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service

21 on that defendant of the initial pleading or summons . . . to file the notice of removal.").

22    9.  Thus, this Notice of Removal is filed within thirty days of service of a copy

23 of the initial pleading setting forth the claim for relief upon which this action is based and

24 is timely pursuant to 28 U.S.C. section 1446(b).

25 **III.**  **<u>NO JOINDER REQUIRED</u>**

26    10.  All named Defendants have consented to removal. Unnamed, or doe

27 defendants, are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d

28 1190 n.1 (9th Cir. 1988) (doe defendants need not join in removal).

1    **IV.    FEDERAL QUESTION JURISDICTION**

2    11.    This action is proper for removal to this Court on the ground that it is a civil

3    action of which this Court has original jurisdiction under 28 U.S.C. section 1331.

4    12.    Any civil action commenced in state court is removable if it might have been

5    originally brought in federal court. *See* 28 U.S.C. § 1441; *Exxon Mobil Corp. v.*

6    *Allapattach Servs., Inc.*, 545 U.S. 546, 563-64 (2005) ("district court has original

7    jurisdiction of a civil action for purposes of section 1441(a) as long as it has original

8    jurisdiction over a subset of claims constituting the action").

9    13.    The action may be removed to this Court by Defendants under 28 U.S.C.

10    section 1441(a) because it arises under a federal statute, the Fair Credit Reporting Act, 15

11    U.S.C. §§ 1681b(b)(2)(A) and 1681bo(a) ("FCRA") (*See* Compl. pgs. 15-20.)

12    14.    Specifically, on the face of the Complaint, Plaintiff's First Cause of Action

13    is one for "Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681b(b)(2)(A)

14    § 1681o(a) (Obtaining Consumer Reports Without Proper Disclosure)."  Plaintiff's

15    Second Cause of Action is also one for "Violations of Fair Credit Reporting Act, 15

16    U.S.C. §§ 1681b(b)(2)(A) § 1681o(a) (Obtaining Consumer Reports Without Proper

17    Authorization)."  Thus, Plaintiff has expressly relied on a federal statute, the FCRA.

18    15.    Plaintiffs' express reliance on the FCRA in their First and Second Causes of

19    Action, and their numerous allegations throughout their Complaint underlying their

20    FCRA claims, is sufficient to establish federal question jurisdiction.  Indeed, Plaintiffs

21    are the "master[s] of [their own] complaint," and could have "avoid[ed] federal

22    jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S.

23    386, 392 (1987).  Plaintiffs did not do so.  Consequently, the action is removable based

24    on federal question jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 59-60 (2009)

25    (a suit arises under federal law when "the plaintiff's statement of his own cause of action

26    shows that it is based upon [federal law]"); *Abada v. Charles Schwab & Co.*, 300 F.3d

27    1112, 1118 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is

28    governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction

1    exists only when a federal question is presented on the face of the plaintiff's well-pleaded

2    complaint.") (quoting *Caterpillar*, 482 U.S. at 392-93).

3        16.    Accordingly, Plaintiffs' reliance on the FCRA on the face of their

4    Complaint, and their numerous allegations seeking to support claims under the FCRA,

5    are sufficient to establish that they have pled federal causes of action; therefore, removal

6    to this Court based on federal question jurisdiction is proper.

7    **V.    PENDENT JURISDICTION OVER STATE CLAIMS**

8        17.    The Court has pendent jurisdiction over Plaintiff's other state law claims

9    because they arise from a nucleus of operative facts common to the state law claims and

10   the FCRA claims.  For a District Court to have pendent jurisdiction over state law claims

11   "[t]he state and federal claims must derive from a common nucleus of operative facts."

12   *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  Once a federal court acquires

13   removal jurisdiction over a case, it also acquires jurisdiction over pendent state law

14   claims.  *See, e.g., Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 771 (9th Cir. 1986)

15   ("[t]o conserve judicial resources, it was appropriate for the district court to decide" the

16   state law claims).

17       18.    Here, the Court has pendent jurisdiction over Plaintiff's state law claims

18   because they arise out of the same set of facts as those which form the basis of her FCRA

19   claims.

20       19.    Plaintiffs' Third Cause of Action for "Violations of the California

21   Investigative Consumer Reporting Agencies Act" ("ICRAA") is based on the same

22   allegations as her First and Second Causes of Action under the federal FCRA.  That is,

23   both the FCRA and ICRAA claims allege that: (a) Plaintiffs signed an authorization form

24   allowing ATC Healthcare Staffing to procure consumer reports regarding them (*compare*

25   Ex. A, Compl. ¶¶ 96, 97 *with* Compl. ¶¶ 123, 125); and (b) reliance on those forms was

26   purportedly unlawful because they included "a liability release and multiple state law

27   admonitions" (*compare* Compl. ¶¶ 99, 100 *with* Compl. ¶¶ 126, 127).  Indeed, Plaintiffs'

28   FCRA and ICRAA claims both center on the Complaint's identical allegations that

4

Defendants provided "a facially invalid Notification and Authorization Form that was in direct violation of the clear and unambiguous requirements set forth in 15 U.S.C. § 1681b(b)(2)(A)" (i.e., the FCRA) and "in § 1786.16" (the ICRAA). (*See* Ex. A, Compl. ¶¶ 103, 129.)  In short, the allegations on which Plaintiffs' FCRA and ICRAA are based are nearly identical.

20.    Plaintiff's Fourth, Fifth, and Sixth Causes of Action for "Failure to Make Payments Within the Required Time," "Violations of Labor Code § 226," and "Remedies Under Private Attorney General Act" also share a common nucleus of operative facts with Plaintiffs' FCRA claims.  **First**, both sets of claims arise from Plaintiffs' employment relationship with Defendants.  *See Prakash v. Am. Univ.*, 727 F.2d 1174, 1183 (D.C. Cir. 1984) (finding that district court had jurisdiction over employee's federal FLSA claims and pendant jurisdiction over state law claims for breach of contract, interference with contract, conversion, deceit, and defamation; "[t]he federal and nonfederal claims [plaintiff] advances 'derive from a common nucleus of operative facts'—[the plaintiff's] contract dispute with the university….").  **Second**, both sets of claims rely on allegations that the wrong entity name was printed on Plaintiffs' employment documents.  (*Compare* Ex. A, Compl. ¶¶ 96, 97 *with* Compl. ¶¶ 47, 154.) **Third**, both sets of claims rely on events that took place around the same time.  For example, Plaintiff Olshansky signed the allegedly offending background check authorization form on November 18, 2018 (Compl. ¶ 31; FCRA allegation); and the allegedly offending paycheck stub was issued to Plaintiff Olshansky just 11 days later on November 29, 2018 (Compl. ¶ 43; wage allegation).  The timeframe for the putative classes also overlaps for four of the last five years.  (Compl. at 12:12-24: FCRA class from 12-27-2013 to the present; wage claims class from 12-27-2014 to the present.) **Fourth**, both sets of claims together underlie Plaintiffs' Seventh Cause of Action for Unfair Business Practices, discussed below.  Thus, Plaintiffs' wage claims share a common nucleus of operative facts with their FCRA claims.

5

21.    Plaintiffs' Seventh Cause of Action for "Unfair Business Practices" also shares a common nucleus of operative facts with Plaintiffs' FCRA claims.  The Complaint alleges that "Defendants committed the unfair business practices . . . by violating the laws alleged to have been violated in this Complaint and which allegations are incorporated herein by reference." (*See* Ex. A, Compl. ¶ 177.)  The Complaint concludes that "Defendants' conduct, as alleged above, constitutes unlawful, unfair, and fraudulent activity prohibited by Business and Professions Code §§ 17200, *et seq.*" (*Id.* ¶ 178.)  In other words, Plaintiffs' Seventh Cause of Action for Unfair Business Practices is premised on the FCRA claims.

22.    Therefore, the District Court has pendent jurisdiction over Plaintiff's remaining causes of action along with her FCRA claims.

## VI.    VENUE

23.    Removal to this Court is proper pursuant to 28 U.S.C. sections 1391(b) and 1441(a) because the state court action was filed in San Diego County.

## VII.    NOTICE OF REMOVAL

24.    Notice of this removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California in and for the County of San Diego.


DATED: February 8, 2019                Respectfully submitted,

                                       SEYFARTH SHAW LLP


                                       By:  /s/ Mason R. Winters
                                            Laura Wilson Shelby
                                            Mason R. Winters

                                       Attorneys for Defendants
                                       ATC Healthcare, Inc., ATC Healthcare
                                       Services, LLC (erroneously sued as ATC
                                       Healthcare Services, Inc., and ATC
                                       Healthcare Staffing), and ATC West
                                       Staffing, Inc.

6

# EXHIBIT "A"

# TO

# NOTICE OF REMOVAL

# [PAGES 7 - 45]

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/27/2018** at 10:37:03 PM
Clerk of the Superior Court
By Vanessa Bahena,Deputy Clerk

1  Thomas D. Rutledge (SBN 200497)
2  Attorney-at-Law
   500 West Harbor Drive, Suite 1113
3  San Diego, California 92101
4  Telephone:  (619) 886-7224
   Facsimile:  (619) 259-5455
5

6  Co-Counsel listed on next page.

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF SAN DIEGO-CENTRAL DIVISION

10

11 TONI TORRACA-RIANO and          ) Case No.: 37-2018-00065377-CU-OE-CTL
   MICHAEL OLSHANSKY,              )
12 individually, on behalf of themselves ) **INDIVIDUAL AND CLASS ACTION**
   and others similarly situated,   ) **COMPLAINT FOR:**
13                                  )
14          Plaintiffs             ) 1. **Violations of Fair Credit Reporting**
                                    )    **Act, 15 U.S.C. §§ 1681b(b)(2)(A) §**
15 vs.                             )    **1681o(a) (Obtaining Consumer**
                                    )    **Reports Without Proper Disclosure)**
16 ATC HEALTHCARE SERVICES,        ) 2. **Violations of Fair Credit Reporting**
   INC., a Georgia corporation; ATC )    **Act, 15 U.S.C. §§ 1681b(b)(2)(A) §**
17 HEALTHCARE, INC., a Delaware    )    **1681o(a) (Obtaining Consumer**
18 corporation; ATC HEALTHCARE     )    **Reports Without Proper**
   SERVICES, LLC, a Georgia limited )    **Authorization);**
19 liability company; ATC          ) 3. **Violations of the California**
20 HEALTHCARE STAFFING, an         )    **Investigative Consumer Reporting**
   unknown entity; ATC WEST        )    **Agencies Act (ICRAA) (Civ. Code, §**
21 STAFFING, INC., a California     )    **1786, *et seq*.);**
22 corporation; and DOES 1 through 50 ) 4. **Failure to Make Payments Within**
   inclusive                       )    **the Required Time;**
23                                 ) 5. **Violations of Labor Code § 226;**
24          Defendants.            ) 6. **Remedies Under Private Attorney**
                                    )    **General Act (PAGA California**
25                                 )    **Labor Code §§ 2698, 2699, *et seq*.);**
                                    )    **and**
26                                 ) 7. **Unfair Business Practices in**
                                    )    **Violation of Cal. Bus. & Prof. Code**
27                                 )    **§§ 17000, *et seq*. and §§ 17200, *et seq*.**
                                    )
28                                 ) <u>**DEMAND FOR JURY TRIAL**</u>

1  Greenstone Law APC
   Mark S. Greenstone (SBN 199606)
2  1925 Century Park East, Suite 2100
3  Los Angeles, California 90067
   Telephone:   (310) 201-9156
4  Facsimile:   (310) 201-9160

5
   Glancy Prongay & Murray LLP
6  Marc L. Godino (SBN 182689)
7  Danielle L. Manning (SBN 313272)
   1925 Century Park East, Suite 2100
8  Los Angeles, California 90067
9  Telephone:   (310) 201-9150
   Facsimile:   (310) 201-9160
10

11  Attorneys for Plaintiffs

12

13      Plaintiffs TONI TORRACA-RIANO and MICHAEL OLSHANSKY, on behalf

14  of themselves and acting for the interest of other current and former employees

15  ("Represented Employees"), and all other similarly situated individuals (cumulatively

16  "Plaintiffs"), allege the following:

17                    **NATURE OF THE ACTION**

18      1.    Plaintiffs bring this nationwide class action on behalf of all individuals

19  who applied for employment with Defendants and who executed a release and

20  authorization form permitting Defendants to procure a consumer report and/or

21  investigative consumer report on them as part of their employment or application for

22  employment with Defendants.

23      2.    Specifically, Plaintiffs complain that Defendants have a uniform policy

24  or practice of obtaining an applicant's consumer report and have violated the Fair

25  Credit Reporting Act (the "FCRA") through use of a legally invalid authorization

26  form that: (1) fails to provide a clear and conspicuous disclosure; and (2) fails to

27  provide a disclosure that appears in a document that consists solely of the disclosure.

28      3.    Pursuant to Code of Civil Procedure § 382 and Labor Code Private

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 1 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT A

- 9 -

1  Attorney General Act ("PAGA"), §§ 2698, 2699 of the California Labor Code,

2  Plaintiffs also bring a class and representative action against Defendants for wage and

3  hour abuses in violation of the California Labor Code and the Industrial Welfare

4  Commission Wage Orders (the "IWC Wage Orders"), all of which contribute to

5  Defendants' deliberate unfair competition.

6        4.    Plaintiffs OLSHANSKY and TORRACA-RIANO, on behalf of

7  themselves and all Class Members, seek damages, penalties, restitution, injunctive and

8  other equitable relief, reasonable attorneys' fees, and costs.

9                        **JURISDICTION AND VENUE**

10       5.    Pursuant to Article VI, § 10 of the California Constitution, subject matter

11  jurisdiction over Plaintiffs' wage and hour claims is proper in the Superior Court of

12  California, County of San Diego, State of California because Plaintiffs allege claims

13  arising under California law.

14       6.    Jurisdiction over Plaintiffs FCRA claim is proper under 15 U.S.C. §

15  1681p which provides that "[a]n action to enforce any liability created under this

16  subchapter may be brought in any appropriate United States district court, without

17  regard to the amount in controversy, or in any other court of competent

18  jurisdiction..."

19       7.    This Court has personal jurisdiction over Defendants because Defendants

20  conduct business in this State, have systematic and continuous ties with this state, and

21  have agents and representatives that can be found in this state.

22       8.    Pursuant to § 395 of the California Code of Civil Procedure, venue is

23  proper in the Superior Court of California for the County of San Diego because

24  Defendants' corporate records filed with the California Secretary of State indicate

25  they maintain a principle business office at 9040 Friars Road, Suite 335, San Diego,

26  California 92108.

27                            **THE PARTIES**

28       9.    Plaintiff TONI TORRACA-RIANO is an individual currently residing in

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 2 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT A

1  California.

2      10.    Plaintiff MICHAEL OLSHANSKY is an individual residing outside the

3  state of California. During his employment with Defendants from on or about

4  November 2, 2018 to November 28, 2018, however, Plaintiff OLSHANSKY resided

5  in California.

6      11.    Defendant ATC HEALTHCARE SERVICES, INC. is a Georgia

7  Corporation doing business in California.

8      12.    Defendant ATC HEALTHCARE, INC. is a Delaware Corporation doing

9  business in California.

10     13.    Defendant ATC HEALTHCARE SERVICES, LLC is a Georgia limited

11 liability company doing business in California.

12     14.    Defendant ATC HEALTHCARE STAFFING is an unknown entity

13 doing business in California.

14     15.    Defendant ATC WEST STAFFING, INC. is a California Corporation,

15 but according to the California Secretary of State Website, it is "dissolved."

16     16.    The true names and capacities, whether individual, corporate, associate or

17 otherwise of the Defendants named herein as DOES 1 through 50, are unknown to

18 Plaintiffs at this time. Plaintiffs therefore sue said Defendants by such fictitious names

19 pursuant to § 474 of the California Code of Civil Procedure. Plaintiffs will seek leave

20 to amend this Complaint to allege the true names and capacities of DOES 1 through 50

21 when Plaintiffs ascertain their names. Plaintiffs are informed and believe, and based

22 thereon allege, that each of the DOE Defendants is in some manner liable to Plaintiffs

23 for the events and actions alleged herein.

24     17.    Unless otherwise specified by name, the named Defendants and DOES 1

25 through 50 will be collectively referred to as "DEFENDANT EMPLOYER" and/or

26 "Defendants."

27     18.    Plaintiffs are informed and believe, and based thereon allege, that each

28 Defendant was acting as an agent, joint venturer, an integrated enterprise and/or alter

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 239-5455

- 3 -

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

EXHIBIT A

1  ego for each of the other Defendants and each were co-conspirators with respect to the
2  acts and the wrongful conduct alleged herein so that each is responsible for the acts of
3  the other pursuant to the conspiracy and in proximate connection with the other
4  Defendant(s).

5      19.    Plaintiffs are informed and believe, and based thereon allege, that each
6  Defendant was acting partly within and partly without the scope and course of their
7  employment, and was acting with the knowledge, permission, consent, and ratification
8  of every other Defendant.

9      20.    Plaintiffs are informed and believe, and based thereon allege that each of
10  the Defendants was an agent, managing general partner, managing member, owner, co-
11  owner, partner, employee, and/or representative of each of the Defendants and was at
12  all times material hereto, acting within the purpose and scope of such agency,
13  employment, contract and/or representation, and that each of them is jointly and
14  severally liable to Plaintiff.

15      21.    Plaintiffs are informed and believe, and based thereon allege that each of
16  the Defendants is liable to Plaintiff under legal theories and doctrines including but not
17  limited to (1) joint employer; (2) integrated enterprise; (3) agency; and/or (4) alter ego,
18  based in part, on the facts set forth below.

19      22.    Plaintiffs are informed and believe, and based thereon allege, that each of
20  the named Defendants are part of an integrated enterprise and have acted or currently
21  act as the employer and/or joint employer of the Plaintiffs/Class Members making each
22  of them liable for the wage and hour violations alleged herein.

23                    **STATUTORY BACKGROUND OF THE FCRA**

24      23.    Enacted in 1970, the FCRA's passage was driven in part by two related
25  concerns: first, that consumer reports were playing a central role in people's lives at
26  crucial moments, such as when they applied for a job or credit, and when they applied
27  for housing; second, despite their importance, consumer reports were unregulated and
28  had widespread errors and inaccuracies.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 4 -

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

EXHIBIT A
- 12 -

24.     While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure their "confidentiality, accuracy, relevancy, and proper utilization." 15 U.S.C. § 1681.

25.     Congress was particularly concerned about the use of consumer reports by employers. Accordingly, Congress required employers to make a clear and conspicuous written disclosure to employees and job applicants, in a document that consists solely of the disclosure, that a consumer report may be procured for employment purposes. 15 U.S.C. § 1681b(b)(2). This is commonly referred to as the "stand-alone disclosure" requirement. Congress further required that employers obtain written authorization prior to procurement of a consumer report for employment purposes. *Id.*

26.     The FCRA's stand-alone disclosure requirement is one of many elements of the FCRA that combine to ensure that consumers know when consumer reports may be generated about them, that they know their rights, and that they have the opportunity to dispute errors in their reports. See 15 U.S.C. § 1681b(b)(3)(A) (pre-adverse employment action notice requirement); § 1681b(4)(B) (notification of national security investigation); § 1681 c(h) (notification of address discrepancy); § 1681d(a) (disclosure of investigative report); § 1681g (full file disclosure to consumers); § 1681k(a)(l) (disclosure regarding the use of public record information);§ 1681h (form and conditions of disclosure); § 1681m(a) (post-adverse employment action notice requirement).

27.     Although the disclosure and the authorization may be combined in a single document, the FTC has warned that the form should not include any extraneous information or be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 5 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT A

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A)] is intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

28.     The plain language of the statute also clearly indicates that the inclusion of a waiver in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a waiver. In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.

29.     Consistent with the FTC's construction of the FCRA, courts have repeatedly held that extraneous information renders a purported FCRA disclosure non-compliant. *See, e.g., Woods v. CaremarkPHC, LLC*, No. 4:15-cv-00535, 2015 WL 6742124, *2 (W.D. Mo. Nov. 2, 2015) (denying motion to dismiss FCRA complaint where plaintiff alleged that purported disclosure contained an overbroad authorization for third parties to provide information to defendant and its consumer reporting agency, and state specific notices that did not apply to plaintiff); *Jones v. Halstead Mgmt. Co., LLC*, No. 14-cv-3125, 2015 WL 366244, *5 (S.D.N.Y. Jan 27, 2015) (denying motion to dismiss FCRA complaint where plaintiff alleged that purported disclosure form included timeframes during which applicant must challenge accuracy of any report, an acknowledgement that employment decisions are based on non-discriminatory reasons, the contact information for the consumer reporting agency and state specific notices that "stretched what should be a simple disclosure form into two full pages of eye-straining typeface writing.").

- 6 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT A

- 14 -

1    30.    As discussed below, Defendant routinely violates the FCRA by failing to

2    provide the required stand-alone disclosure to employees and job applicants.

3    **GENERAL ALLEGATIONS REGARDING UNLAWFUL**

4    **PROCUREMENT OF CONSUMER REPORT CLAIMS**

5    31.    On or about November 18, 2018, as part of Plaintiffs' application for

6    employment, DEFENDANT EMPLOYER required Plaintiffs OLSHANSKY and

7    TORRACA-RIANO to sign a document titled "Notification and Authorization to

8    Conduct Employment Background Investigation." A true and correct redacted copy of

9    Plaintiff OLSHANSKY'S authorization is attached hereto and marked as **Exhibit 1**.

10    32.    This form is at the heart of one key part of this dispute.

11    33.    The abovementioned form purportedly authorizes "ATC Healthcare

12    Staffing" to conduct a background investigation concerning Plaintiffs OLSHANSKY

13    and TORRACA-RIANO and the putative Class.

14    34.    Plaintiffs maintain this form is illegal because, in part, it includes a

15    release and hold harmless clause that provides, "I release employers and persons

16    named in my application from all liability for any damages on account of his/her

17    furnishing said information." See **Ex. 1**.

18    35.    Plaintiffs maintain this form is also illegal because it misstates the name

19    of Plaintiffs OLSHANSKY'S and TORRACA-RIANO'S employer as being "ATC

20    Healthcare Staffing," when according to their wage and earning statements, the only

21    legal entity identified as being Plaintiffs' employer was "ATC Healthcare Services,

22    Inc." See **Ex. 1**.

23    36.    To the extent "ATC Healthcare Staffing" (if it exists) is the entity that

24    procured consumer reports on Plaintiffs OLSHANSKY and TORRACA-RIANO and

25    Class Members, this form also fails to provide any disclosure or to obtain any

26    authorization at all.

27    37.    Plaintiffs maintain this form is also illegal because it includes other

28    extraneous information in addition to a release, including but not limited to a number

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 7 -

1    of purported unrelated state law admonitions. See **Ex. 1**.

2         38.    Plaintiffs maintain this form is also illegal to the extent that it is overly

3    broad and purports to authorize the procurement of any information concerning the

4    applicant whether otherwise lawful or appropriate.    See **Ex. 1**.

5         39.    Plaintiffs are informed and believe and therefore allege that pursuant to

6    the forms that Plaintiffs OLSHANSKY and TORRACA-RIANO signed on or about

7    November 18, 2018, DEFENDANT EMPLOYER obtained consumer reports on

8    Plaintiffs OLSHANSKY and TORRACA-RIANO.

9         40.    On information and belief, DEFENDANT EMPLOYER had a practice

10   and policy of procuring consumer reports on all Class Members based upon this or

11   substantially similar forms during the class period.

12        41.    Based on the foregoing, Plaintiffs claim Defendants violated both state

13   and federal law.

## **GENERAL ALLEGATIONS REGARDING**
## **LABOR CODE VIOLATIONS**

16   **Labor Code § 226 Violations**

17        42.    From at least four years before the filing of this action and continuing to

18   the present, and pursuant to company policy and/or practice and/or direction,

19   Defendants issued inaccurate wage and earning statements to Plaintiffs.

20        43.    On or about November 29, 2018, Defendants issued Plaintiff

21   OLSHANKSY a paystub.

22        44.    This paystub did not accurately state Plaintiff OLSHANKSY'S gross

23   wages earned or the total hours worked by the employee.

24        45.    The November 29, 2018 paystub stated Plaintiff OLSHANKSY earned

25   $1,810.21 in gross wages, but Plaintiff actually earned $2,194.59.

26        46.    Additionally, the November 29, 2018 statement did not account for

27   Plaintiff OLSHANKSY'S 0.75 hours of overtime and two hours of double time.

28        47.    Further, if indeed "ATC Healthcare Staffing" was Plaintiffs' employer,

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 255-9655

- 8 -

1  Defendant failed to identify such entity as being Plaintiffs' employer, as required

2  under Labor Code § 226(a)(8).

3      48.    Plaintiff TORRACA-RIANO similarly alleges that her paystubs were

4  inaccurate.

5      49.    Plaintiffs are informed and believe and therefore allege that Defendants

6  issued similarly inaccurate paystubs to similarly situated employees.

7      50.    Based on the foregoing, Plaintiffs seeks the remedies set forth in this

8  Complaint.

9  **Waiting Time Penalties**

10      51.    Pursuant to Defendants' policies, Defendants failed to pay all wages to

11  Plaintiffs in a timely manner.

12      52.    On or about November 28, 2018, Defendants involuntarily terminated

13  Plaintiffs OLSHANSKY'S and TORRACA-RIANO'S employment.

14      53.    On Plaintiffs OLSHANSKY'S and TORRACA-RIANO'S date of

15  termination, however, Defendants failed to pay Plaintiffs OLSHANSKY and

16  TORRACA-RIANO all their unpaid wages immediately upon their termination.

17      54.    Plaintiffs are informed and believe and based thereon allege that

18  Defendants similarly did not pay other similarly situated employees all wages due and

19  payable in a timely manner.

20      55.    Based on the foregoing, Plaintiffs seeks the remedies set forth in this

21  Complaint.

22  **REPRESENTATIVE ACTION (PAGA) CLAIMS**

23      56.    The duties and business activities of the Represented Employees were

24  essentially the same as the duties and activities of Plaintiffs OLSHANSKY and

25  TORRACA-RIANO described above.

26      57.    This is a wage and hour representative action filed pursuant to PAGA, §§

27  2698, 2699 generally consists of the following group:

28      **All nonexempt persons Defendants employed in the State of**

Thomas D. Rutledge
Attorney-at-Law
3900 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone  (619) 886-7224
Facsimile  (619) 259-5455

- 9 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

1    **California from December 21, 2017 to the present.**

2    58.   All members of the represented groups will be referred to as the

3    "Represented Employees."

4    59.   The "Representative Period" means from **December 21, 2017** to the

5    present, the timeframe where the scope of statute allows Plaintiffs to recover wages

6    and penalties.

7    60.   At all times during the Representative Period, all the Represented

8    Employees were employed in the same or similar job as Plaintiffs OLSHANSKY and

9    TORRACA-RIANO and were paid in the same manner and under the same standard

10   employment procedures and practices as the Plaintiff.

11   61.   Plaintiffs OLSHANSKY and TORRACA-RIANO further allege

12   DEFENDANT EMPLOYER did not pay them and, on information and belief

13   Represented Employees, all wages due at the time their employment ended with

14   DEFENDANT EMPLOYER.

15   62.   On information and belief, current and former employees of

16   DEFENDANT EMPLOYER were subject to wage and hour violations by

17   DEFENDANT EMPLOYER, including failing to pay for all wages due.

18   63.   California law provides that an employee may file an action against an

19   employer to recover penalties for violations of the Labor Code and Wage Orders,

20   provided the aggrieved employee files an action on behalf of him or herself and

21   similarly situated current and former employees.

22   64.   At all material times, DEFENDANT EMPLOYER was and/or is

23   Represented Employees' employer or persons acting on behalf of Represented

24   Employees' employer, within the meaning of California Labor Code § 558, who

25   violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor

26   Code or any provision regulating hours and days of work in any Order of the Industrial

27   Welfare Commission and, as such, are subject to penalties for each underpaid

28   employee as set for in Labor Code § 558.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 10 -

COMMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

1    65.    As set forth in further detail below, because of the analysis and

2    investigation of the Plaintiffs' claims, Plaintiffs' attorneys sent letters to the California

3    Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and

4    to DEFENDANT EMPLOYER informing DEFENDANT EMPLOYER of their claims

5    and their intent to pursue litigation.

6    <u>**EXHAUSTION OF ADMINISTRATIVE REMEDIES**</u>

7    66.    As to penalty claims under the Labor Code Private Attorney General

8    Act, on **December 21, 2018,** Plaintiffs began to exhaust his/her administrative

9    remedies by sending correspondence to the LWDA and DEFENDANT EMPLOYER

10    indicating that Plaintiffs OLSHANSKY and TORRACA-RIANO are pursuing the

11    claims alleged in this Complaint.

12    67.    By the time an amended Complaint is filed, the statutory period for

13    Plaintiffs will have expired on the letter alleged above and the LWDA will likely not

14    have served Plaintiffs with notice of intent to assume jurisdiction over the applicable

15    penalty claims and did not provide notice as set forth in Labor Code § 2699.3

16    (a)(2)(A) within the statutory period.

17    68.    Therefore, Plaintiffs will have exhausted Plaintiffs' administrative

18    remedies to enable Plaintiffs to seek the penalty claims sought in this Complaint.

19    69.    The Causes of Action alleged herein are appropriately suited for a

20    Representative Action under PAGA (Labor Code § 2698, *et seq.*) because:

21         a.  This action involves allegations of violations of

22             provisions of the California Labor Code that

23             provide for a civil penalty to be assessed and

24             collected by the LWDA or any departments,

25             divisions, commissions, boards, agencies or

26             employees;

27         b.  Plaintiffs are "aggrieved employees" because

28             Plaintiffs were employed by the alleged violator

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 11 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT A

1    and had one or more of the alleged violations

2    committed against them; and

3    c. Plaintiffs have satisfied the procedural

4    requirements of Labor Code § 2699.3, as set forth

5    above.

6    <u>**CLASS ACTION ALLEGATIONS**</u>

7    70.    Plaintiffs OLSHANSKY and TORRACA-RIANO bring this action on

8 behalf of themselves and all others similarly situated as a Class Action pursuant to §

9 382 of the Code of Civil Procedure.

10    71.    Plaintiffs OLSHANSKY and TORRACA-RIANO seek to represent the

11 classes and/or subclasses composed of and defined as follows:

12    Labor Code Class:

13    **All current or former nonexempt employees who worked in**

14    **the state of California from December 27, 2014 to the**

15    **present for the Defendants who were issued wage and**

16    **earning statements from ATC Healthcare Services, Inc.**

17    FCRA Class:

18    **All persons residing in the United States regarding whom**

19    **Defendants procured or caused to be procured a consumer**

20    **report for employment purposes during the period five**

21    **years prior to the filing of the present action through the**

22    **date of certification.**

23    72.    Plaintiffs OLSHANSKY and TORRACA-RIANO also seek to represent

24 the following subclasses composed of and defined as follows:

25    <u>**Wage Statement Subclass:**</u> All Members of the Plaintiff Class who,
26 during the applicable statute of limitations period, did not receive
27 accurate itemized wage statements as required by Labor Code § 226.

28    <u>**Waiting Time Subclass:**</u> All Members of the Plaintiff Class who,

- 12 -

COMMENT

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

during the applicable limitations period, did not receive all wages due in a timely manner as required by Labor Code §§ 201-204.

**UCL Subclass:** All Members of the Plaintiff Class, who, during the relevant period, Defendants owe restitution in the form of (1) unreimbursed expenses and/or (2) wages earned and unpaid because of Defendants' uniform pay policies and procedures.

73.    The above-mentioned class-members will collectively be referred to as "Class Members."

74.    Plaintiffs reserve the right under the California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

75.    This action is brought and may properly be maintained as a Class Action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.    Numerosity**

76.    The potential members of the Class as defined are so numerous or many, that joinder of all the members of the Class is impracticable.

77.    While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe, and on that basis allege, that DEFENDANT EMPLOYER currently employs, and during the relevant time periods employed, over 100 Class Members.

78.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.

**B.    Commonality**

79.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.

80.    Common questions of law and fact include, without limitation and

- 13 -

EXHIBIT A

- 21 -

1  subject to possible further amendment, the following:

2      a. Whether the Defendant violated the FCRA by

3      procuring consumer reports based on invalid

4      authorizations;

5      b. Whether Defendants' policy or practice of not paying

6      hourly employees all their wages due in their final

7      paychecks immediately upon involuntary termination

8      or within 72 hours' notice of when its employees

9      provided notice of their voluntary resignation, is

10      unlawful under Labor Code §§ 201, 202 and/or 203;

11      c. Whether Defendants violated Labor Code §§ 226 by

12      not providing accurate paystubs; and

13      d. Whether Plaintiffs OLSHANSKY and TORRACA-

14      RIANO and the members of the Class may recover

15      remedies pursuant to Business & Professions Code §§

16      17200, *et seq.*

17  **C.**   **Typicality**

18  81.  Plaintiffs OLSHANSKY'S and TORRACA-RIANO'S claims are typical

19 of the claims of the Class because Plaintiffs OLSHANSKY and TORRACA-RIANO

20 and all members of the Class sustained injuries and damages arising out of and caused

21 by Defendants' common course of conduct and policies in violation of laws,

22 regulations that have the force and effect of law and statutes as alleged herein.

23  **D.**   **Adequacy of Representation**

24  82.  Plaintiffs OLSHANSKY and TORRACA-RIANO are members of the

25 Class, do not have any conflicts of interest with other Class Members, and will

26 prosecute the case vigorously on behalf of the Class.

27  83.  Counsel representing Plaintiffs OLSHANSKY and TORRACA-RIANO

28 and the putative Class is competent and experienced in litigating employment class

- 14 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT A

1    actions, including wage and overtime class actions.

2        84.    Plaintiffs OLSHANSKY and TORRACA-RIANO will fairly and

3    adequately represent and protect the interests of the Class Members.

4        E.    **Superiority of Class Action**

5        85.    A class action is superior to other available means for the fair and

6    efficient adjudication of this controversy because individual joinder of all Class

7    Members is not practicable, and questions of law and fact common to the Class

8    predominate over any questions affecting only individual members of the Class.

9        86.    Each Class Member was damaged or suffered injury and may recover by

10    reasons of Defendants' illegal policies and/or practices.

11        87.    Class Action treatment will allow those similarly situated persons to

12    litigate their claims in the manner that is most efficient and economical for the parties

13    and the judicial system.

14        88.    Plaintiffs are unaware of any difficulties that are likely to encounter in

15    the management of this action that would preclude maintenance as a Class Action.

16        89.    For the reasons alleged in this Complaint, this action should be certified

17    as a Class Action.

18                    **FIRST CAUSE OF ACTION**

19                    **Individual and Class Claim for**

20                **Violation of the Fair Credit Reporting Act**

21        **(Obtaining Consumer Reports Without Proper Disclosure)**

22                    (Against All Defendants)

23        90.    Plaintiffs allege and incorporates by reference the allegations in the

24    preceding paragraphs as though fully set forth herein.

25        91.    Pursuant to 15 U.S.C. § 1681b(a)(3)(B), a consumer reporting agency

26    may furnish a consumer report for employment purposes.

27        92.    Likewise, a consumer report may be used for the evaluation of "a

28    consumer for employment, promotion, reassignment or retention of an employee." 15

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 15 -

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

**EXHIBIT A**

- 23 -

1  U.S.C. §1681a(h).

2       93.     The FCRA requires that, before procuring a consumer report on an

3  individual for employment purposes, the employer must: (1) provide a clear and

4  conspicuous disclosure to each applicant in writing that a consumer report may be

5  obtained for employment purposes; and (2) obtain the applicant's authorization in

6  writing to obtain the report. 15 U.S.C. § 1681b(b)(2)(A).

7       94.     Section 1681b(b)(2)(A) further specifies that the disclosure must be in

8  writing "in a document that consists solely of the disclosure."

9       95.     Specifically, Section 1681b(b)(2)(A) provides, in relevant part:

> … a person may not procure a consumer report, or cause a consumer
> report to be procured, for employment purposes with respect to any
> consumer, unless--
> a clear and conspicuous disclosure has been made in writing to the
> consumer at any time before the report is procured or cause to be
> procured, in a document that consists solely of the disclosure, that a
> consumer report may be obtained for employment purposes; and (ii)
> the consumer has authorized in writing (which authorization may be
> made on the document referred to in clause (i)) the procurement of
> the report by that person.

17  15 U.S.C. § 1681b(b)(2)(A).

18       96.     During the Class Period, DEFENDANT EMPLOYER required Plaintiffs

19  OLSHANSKY and TORRACA-RIANO and the FCRA Class Members to sign an

20  authorization form as part of their job application with DEFENDANT EMPLOYER,

21  which form purported to allow "ATC Healthcare Staffing" to procure consumer

22  reports regarding the Plaintiffs.

23       97.     To the extent that ATC Healthcare Staffing (if such entity exists) is not

24  the entity that procured consumer reports on Plaintiffs and FCRA Class Members,

25  DEFENDANT EMPLOYERS failed to provide any disclosure at all prior to

26  procuring consumer reports for employment purposes, as required by the FCRA.

27       98.     Moreover, the form that was provided facially violates the FCRA in

28  numerous respects.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 866-7224
Facsimile: (619) 359-5455

- 16 -

EXHIBIT A
- 24 -

99.    Included in DEFENDANT EMPLOYER'S Notification and Authorization Form, i.e., **Exhibit 1** are reams of extraneous information, including but not limited to, a liability release and multiple state law admonitions. See **Exhibit 1.**

100.    Defendants' inclusion of the aforementioned, among other extraneous information, in its Notification and Authorization Form executed by applicants facially contravenes the requirements of 15 U.S.C. § 1681b(b)(2)(A) that the disclosure be: (1) "clear and conspicuous"; and (2) appear "in a document that consists solely of the disclosure."

101.    As a matter of law, Defendant's inclusion of the aforementioned information invalidates the Notification and Authorization Form for purposes of the FCRA. *See Syed v. M-I, LLC*, 853 F.3d 492, *10-11 (9th Cir. 2017) (holding an employer violates Section 1681b(b)(2)(A)(I)—(ii) when it requires an employee to sign a form containing a waiver of liability provision as part of a background investigation); *Harris v. Home Depot U.S.A., Inc.*, 114 F. Supp. 3d 868, 870-71 (N.D. Cal. 2015) (release of liability improper); *Feist v. Petco Animal Supplies, Inc.*, 218 F. Supp. 3d 1112 (S.D. Cal. 2016) (a summary of consumer rights in seven different states improper); *Lagos v. The Leland Stanford Junior University,* 2015 U.S. Dist. LEXIS 163119 (N.D. Cal. Dec. 4, 2015) (inclusion of seven state law notices and sentence stating "I also understand that nothing herein shall be construed as an offer of employment or contract for services" plausibly violated stand-alone disclosure requirement); *Woods v. Caremark PHC, L.L.C.*, 2015 U.S. Dist. LEXIS 148051 (W.D. Mo. 2015) ("The specific 'extraneous information' Plaintiff alleges Defendant included in its Authorization Form for Consumer Reports is: (1) an overbroad authorization for third parties to provide information to Defendant and its consumer reporting agency, (2) state-specific notices that did not apply to Plaintiff, and (3) that the form was part of a five-page stapled packet of three documents. Where FCRA allegations involve the inclusion of extraneous information beyond an authorization,

Thomas D. Rutledge
Attorney at Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 17 -

1  the complaint meets the 12(b)(6) standard to state a claim for willful violation of the
2  FCRA stand-alone requirement."); *see also* Letter from William Haynes, Attorney,
3  Div. of Credit Practices, Fed Trade Comm'n to Richard W. Hauxwekk, CEO,
4  Accufax Div. (June 12, 1998), 1998 W.L. 34323756 (F.T.C.) (noting that the
5  inclusion of a waiver in a disclosure form will violate the FCRA).

6      102.   The Notification and Authorization form is also illegal to the extent that
7  it purports to authorize the procurement of any and all information regarding
8  Plaintiffs and FCRA Class Members, whether legal or proper to do so.

9      103.   Defendants acted willfully by providing a facially invalid Notification
10  and Authorization Form that was in direct violation of the clear and unambiguous
11  requirements set forth in 15 U.S.C. § 1681b(b)(2)(A).

12      104.   Defendants knew or acted with reckless disregard of its statutory duties
13  and the rights of applicants and employees, including Plaintiff and the Class, thus
14  knowingly and/or recklessly disregarding its statutory duties.

15      105.   On information and belief, as well as Plaintiffs' investigation,
16  Defendants' conduct was willful because:

17          a.  Defendants required Plaintiff and the Class to execute the
18              Notification and Authorization Form knowing that it was
19              facially invalid in violation of the FCRA and Defendants'
20              statutory duties;

21          b.  Defendants acted with reckless disregard of the FCRA
22              requirements and Defendants' statutory duties when it
23              required Plaintiff and the Class to execute the Notification
24              and Authorization Form that was facially invalid and in
25              violation of the clear and unambiguous requirements of the
26              FCRA;

27          c.  Upon information and belief, Defendants were advised by
28              skilled lawyers and other professional employees, and

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 18 -
COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT A

1    advisors knowledgeable about the FCRA requirements;

2    d.  The plain language of the statute unambiguously indicates

3        that inclusion of a liability release in a disclosure form

4        violates the disclosure and authorization requirements;

5    e.  The FTC's express statements, pre-dating Defendants'

6        conduct, state that it is a violation of 15 U.S.C. §

7        1681b(b)(2)(A) to include a liability waiver in the FCRA

8        disclosure form; and

9    f.  By adopting such a policy, Defendant voluntarily ran a risk

10       of violating the law substantially greater that the risk

11       associated with a reading that was merely careless.

12       106.  Pursuant to 15 U.S.C. §1681n(a)(1)(A), Plaintiffs OLSHANSKY and

13   TORRACA-RIANO and the FCRA Class may recover statutory damages due to

14   Defendant's willful failure to comply with the requirements imposed by 15 U.S.C. §

15   1681b(b)(2)(A) of an amount not less than $100 and not more than $1,000.

16       107.  Plaintiffs OLSHANSKY and TORRACA-RIANO and the Class seek the

17   recovery of punitive damages for Defendants' willful violations, in an amount as the

18   Court may allow.

19       108.  Pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2), Plaintiffs

20   OLSHANSKY and TORRACA-RIANO and the Class seek the recovery costs of suit

21   with reasonable attorneys' fees, as determined by the Court.

22                   **SECOND CAUSE OF ACTION**

23                 **Individual and Class Claim for**

24            **Violation of the Fair Credit Reporting Act**

25      **(Obtaining Consumer Reports Without Proper Authorization)**

26       109.  Plaintiffs allege and incorporates by reference the allegations in the

27   preceding paragraphs as though fully set forth herein.

28       110.  As alleged above, the form presented to Plaintiffs and FCRA Class

- 19 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile:  (619) 259-5455

EXHIBIT A

- 27 -

1  Members purports to authorize "ATC Healthcare Staffing" to perform a background
2  investigation.

3      111.   To the extent the foregoing entity (if it exists at all) is not the entity that
4  procured consumer reports on Plaintiffs and Class Members, Defendants failed to
5  obtain any authorization at all.

6      112.   Alternatively, because Defendants failed to make a clear and
7  conspicuous disclosure that a consumer report may be procured in a document
8  consisting solely of the disclosure, Defendants violated the FCRA by procuring
9  consumer reports relating to Plaintiffs and other Class Members without proper
10 authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

11     113.   The foregoing violations were willful because Defendants acted in
12 deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other
13 Class Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

14     114.   Defendants' willful conduct is also evidenced by, among other things,
15 the facts previously set forth.

16     115.   Pursuant to 15 U.S.C. §1681n(a)(1)(A), Plaintiffs OLSHANSKY and
17 TORRACA-RIANO and the FCRA Class seek to recover statutory damages due to
18 Defendants' willful failure to comply with the requirements imposed by 15 U.S.C. §
19 1681b(b)(2)(A) of an amount not less than $100 and not more than $1,000.

20     116.   Plaintiffs OLSHANSKY and TORRACA-RIANO and the Class seek the
21 recovery of punitive damages for Defendants' willful violations, in an amount as the
22 Court may allow.

23     117.   Pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2), Plaintiffs
24 OLSHANSKY and TORRACA-RIANO and the Class seek the recovery costs of suit
25 with reasonable attorneys' fees, as determined by the Court.

26
27
28

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 20 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

**THIRD CAUSE OF ACTION**

**Individual Claim for Violation of the**

**California Investigative Consumer Reporting**

**Agencies Act (ICRAA) (Civ. Code, § 1786, *et seq.*)**

**(Obtaining Consumer Reports Without Facially Valid Authorizations)**

(Against All Defendants)

118.    Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

119.    Pursuant to California Civ. Code, § 1786, *et seq.*, a consumer reporting agency may furnish a consumer investigative report for employment purposes.

120.    The ICRAA requires that, before procuring a consumer report on an individual for employment purposes, the employer must comply with all the following:

> (A)    The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.
> (B)    The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
>> (i) An investigative consumer report may be obtained.
>> (ii) The permissible purpose of the report is identified.
>> (iii)The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
>> (iv)Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.
>> (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.
>> (vi)Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information

- 21 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

that complies with subdivision (d) of Section 1786.20. This
clause shall become operative on January 1, 2012.
(C)    The consumer has authorized in writing the procurement of
the report.

(§ 1786.16, subd. (a)(2).)

121.    In addition, the person procuring or causing the report to be made must "certify to the investigative consumer reporting agency that the person has made the applicable disclosures to the consumer required by [section 1786.16, subdivision (a)] and that the person will comply with subdivision (b)." (§ 1786.16, subd. (a)(4).)

122.    Subdivision (b) of section 1786.16 also requires the person procuring or causing the report to be made to (1) provide the consumer a form with a box that can be checked if the consumer wishes to receive a copy of the report, and send a copy of the report to the consumer within three business days if the box is checked and (2) comply with section 1786.40 if the person procuring or causing the report to be made contemplates taking adverse action against the consumer. (§ 1786.16, subd. (b).)

123.    During the Class Period, Defendant ATC HEALTHCARE SERVICES, INC. required Plaintiffs OLSHANSKY and TORRACA-RIANO and FCRA Class Members to sign a disclosure authorization forms as part of their job applications with Defendant ATC HEALTHCARE SERVICES, INC., which forms purported to allow Defendant "ATC HEALTHCARE STAFFING," not Defendant ATC HEALTHCARE SERVICES, INC., the alleged real employer, to procure a consumer report on the Plaintiff. See **Exhibit 1**.

124.    Under Civil Code § 1786.16, subd. (a) "Any person described in subdivision (d) of Section 1786.12 shall not procure or cause to be prepared an investigative consumer report unless . . . The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12," yet Civil Code § 1786.12, in relevant part, provides "An investigative consumer reporting agency shall only furnish an investigative consumer report. . . To a person that it has reason to believe: (1) Intends to use the information for employment purposes."

- 22 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

EXHIBIT A
- 30 -

1    125.    If Defendant ATC HEALTHCARE STAFFING was not Plaintiff's
2  employer, it violated Civil Code § 1786.16 because it had no legal basis to procure a
3  consumer report on the Plaintiff.

4    126.    In addition, DEFENDANT EMPLOYER'S Notification and
5  Authorization Form, i.e., **Exhibit 1**: (1) was a purported authorization to procure a
6  consumer report and/or investigative consumer report; (2) included a waiver of
7  liability provision; (3) included a purported authorization to investigate "personal
8  history, educational background, military record, motor vehicle records, criminal
9  records, and credit history . . ."; and (4) included other extraneous language, including
10  but not limited to a number of state law admonitions, such as Massachusetts,
11  Minnesota, Oklahoma, none of which are applicable since Plaintiff was applying for
12  work in California; "." See **Exhibit 1**.

13    127.    Plaintiff maintains Defendants' inclusion of the aforementioned in its
14  Notification and Authorization Form violates California law because it was not a
15  "clear and conspicuous disclosure in writing to the consumer." (§ 1786.16(a)(2)(B).)
16  See **Exhibit 1**.

17    128.    Based on the misconduct alleged in this Complaint, Defendants violated
18  ICRAA.

19    129.   Defendants acted willfully by providing a facially invalid Notification
20  and Authorization Form that was in direct violation of the clear and unambiguous
21  requirements set forth in § 1786.16.

22    130.    Defendants knew or acted with reckless disregard of its statutory duties
23  and the rights of applicants and employees, including Plaintiff and the Class, thus
24  knowingly and/or recklessly disregarding its statutory duties.

25    131.    On information and belief, as well as Plaintiff's investigation,
26  Defendants' conduct was willful.

27    132.    With respect to each of the aforementioned violations of the ICRAA
28  provisions and pursuant to Civ. Code § 1786.50(a)(1), in the event this case does not

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 23 -

1  proceed as a class action basis regarding the FCRA class claims, Plaintiffs

2  OLSHANSKY and TORRACA-RIANO, not the Class, seek to recover statutory

3  damages due to Defendants' failure to comply with the requirements imposed by §

4  1786.16 of an amount not less than $10,000 or seek actual damages, if any, in an

5  amount to be proven at trial, whichever is higher.

6      133.   Plaintiffs OLSHANSKY and TORRACA-RIANO are informed and

7  believe, and based on such information and belief allege that Defendants' misconduct

8  was reckless and/or willful and/or malicious and/or in conscious disregard of the

9  rights and safety of the Plaintiff and whose recklessness and/or conscious disregard

10  was reasonably foreseeable to cause injury to the Plaintiff, thereby warranting the

11  assessment of punitive damages against these Defendants.

12      134.   Plaintiffs OLSHANSKY and TORRACA-RIANO seek the recovery

13  costs of suit with reasonable attorneys' fees, as determined by the Court.

14  **<u>FOURTH CAUSE OF ACTION</u>**

15  **Individual and Representative Claim for**

16  **Failure to Pay Timely Earned Wages during Employment and**

17  **Upon Separation of Employment in Violation of**

18  **California Labor Code §§ 201, 202, 203,**

19  **204 and/or 204b, 218.5, and 218.6**

20  (Against all Defendant ATC HEALTHCARE SERVICES, INC.)

21      135.   Plaintiffs re-allege and incorporate by reference the foregoing allegations

22  as though set forth herein.

23      136.   Pursuant to Labor Code § 201, "If an employer discharges an employee,

24  the wages earned and unpaid at the time of discharge are due and payable

25  immediately."

26      137.   Pursuant to Labor Code § 202, "If an employee not having a written

27  contract for a definite period quits his or her employment, his or her wages shall

28  become due and payable not later than 72 hours thereafter, unless the employee has

- 24 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

EXHIBIT A
- 32 -

1  given 72 hours previous notice of his or her intention to quit, in which case the
2  employee is entitled to his or her wages at the time of quitting."

3      138.   Labor Code § 203 provides, in pertinent part: "If an employer willfully
4  fails to pay, without abatement or reduction, ... any wages of an employee who is
5  discharged or who quits, the wages of the employee shall continue as a penalty from
6  the due date thereof at the same rate until paid or until an action therefore is
7  commenced; but the wages shall not continue for more than 30 days. ..."

8      139.   Pursuant to Labor Code § 204, "all wages ... earned by any person in any
9  employment are due and payable twice during each calendar month, on days
10  designated in advance by the employer as the regular paydays."

11      140.   Alternatively, pursuant to Labor Code § 204b, employers must pay its
12  employees on a weekly basis on a regular day determined by the employer as the
13  regular payday.

14      141.   Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought for
15  the nonpayment of wages and fringe benefits.

16      142.   Based on the misconduct alleged in this Complaint, Plaintiffs were not
17  properly paid pursuant to the requirements of Labor Code §§ 201, 202, and 204/204b
18  and thereby seek all remedies available to them.

19      143.   Plaintiffs are informed and believe and based thereon allege that
20  Defendants willfully failed to pay Plaintiffs' wages pursuant to the requirements of
21  Labor Code §§ 201, 202, and 204/204b, after Plaintiffs' demand and, therefore,
22  Plaintiffs may recover the associated unpaid wages and waiting time penalties.

23      144.   Plaintiffs are informed and believe and based thereon allege that
24  Defendants did this with the intent to secure for himself, herself and itself a discount
25  on its indebtedness and/or with intent to annoy harass, oppress, hinder, delay and/or
26  defraud Plaintiffs.

27      145.   At all material times, DEFENDANT EMPLOYER and DOES 1 through
28  50 were and/or are Represented Employees' employers or persons acting on behalf of

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 255-5455

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

EXHIBIT A

1 | Represented Employees' employer, within the meaning of California Labor Code §
2 | 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the
3 | California Labor Code or any provision regulating hours and days of work in any
4 | Order of the Industrial Welfare Commission and, as such, are subject to penalties for
5 | each underpaid employee as set for in Labor Code § 558.

6 |     146.   In committing the violations of state law as herein alleged, Defendants
7 | have knowingly and willfully refused to perform their obligations to compensate
8 | Represented Employees for all wages earned and all hours worked.

9 |     147.   As a direct result, Represented Employees have suffered and continue to
10 | suffer, substantial losses related to the use and enjoyment of such compensation,
11 | wages, lost interest on such monies and expenses and attorney's fees in seeking to
12 | compel Defendants to full perform their obligation under state law, all to their
13 | respective damage in amounts according to proof at trial and within the jurisdictional
14 | limitations of this Court.

15 |     148.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,
16 | a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay
17 | period for the initial violation and two hundred ($200.00) for each aggrieved
18 | employee per pay period for each subsequent violation in which DEFENDANT
19 | EMPLOYER violated Labor Code §§ 201, 202, 203, and 204/204b. The exact amount
20 | of the applicable penalty is all in an amount to be shown according to proof at trial.

21 |     149.   Defendants deprived Plaintiffs of their rightfully earned wages as a direct
22 | and proximate result of Defendants' failure and refusal to pay said compensation and
23 | for the reasons alleged in this Complaint.

24 |     150.   Plaintiffs OLSHANSKY and TORRACA-RIANO and Class Members
25 | request the unpaid wages, waiting time penalties, interest, attorneys' fees, costs,
26 | damages, and other remedies in an amount to be proven at trial.

27 |     151.   Where any of the foregoing statutes do not provide for a private right of
28 | actions, Plaintiffs OLSHANSKY and TORRACA-RIANO nevertheless assert

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 295-5455

- 26 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT A

1  Defendants violated these provisions as part of their PAGA cause of action alleged
2  herein.

3  ### FIFTH CAUSE OF ACTION

4  **Individual and Representative Claim for**

5  **Violations of California Labor Code § 226**

6  (Against all Defendants)

7      152.   Plaintiffs re-allege and incorporate by reference the foregoing allegations
8  as though set forth herein.

9      153.   Plaintiffs allege that Labor Code § 226 subdivision (a) requires, in
10  pertinent part, that every employer shall, "semimonthly or at the time of each payment
11  of wages, shall furnish to his or her employee, either as a detachable part of the check,
12  draft, or voucher paying the employee's wages, or separately if wages are paid by
13  personal check or cash, an accurate itemized statement in writing showing (1) gross
14  wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate
15  units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
16  (4) all deductions, provided that all deductions made on written orders of the employee
17  may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates
18  of the period for which the employee is paid, (7) the name of the employee and only
19  the last four digits of his or her social security number…, (8) the name and address of
20  the legal entity that is the employer…, and (9) all applicable hourly rates in effect
21  during the pay period and the corresponding number of hours worked at each hourly
22  rate by the employee…" (Labor Code § 226 subdivision (a).)

23      154.   Based on the foregoing allegations, during all times relevant to this action,
24  Defendants did not provide accurate wage statements throughout the Class Period.

25      155.   Plaintiffs allege that on numerous occasions, an exact amount by which
26  will be proven at trial, Defendants violated various provisions of § 226, including but
27  not limited to subdivisions (a)(1), (a)(2), and a(5) by failing to provide Plaintiffs
28  accurate itemized statement in writing accurately showing gross wages earned, net

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 27 -

1  wages earned, total hours worked by the employee, among other things.

2      156.  At all material times DEFENDANT EMPLOYER and DOES 1 through

3  50 were and/or are Represented Employees' employers or persons acting on behalf of

4  Represented Employees' employer, within the meaning of California Labor Code §

5  558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the

6  California Labor Code or any provision regulating business hours and days of work in

7  any Order of the Industrial Welfare Commission and, as such, are subject to penalties

8  for each underpaid employee as set forth in Labor Code § 558.

9      157.  In committing the violations of state law as herein alleged, Defendants

10  have knowingly and willfully refused to perform their obligations to compensate

11  Represented Employees for all wages earned and all hours worked.

12      158.  As a direct result, Represented Employees have suffered and continue to

13  suffer, substantial losses related to the use and enjoyment of such compensation,

14  wages, lost interest on such monies and expenses and attorney's fees in seeking to

15  compel Defendants to fully perform their obligations under state law, all to their

16  respective damage in amounts according to proof at trial and within the jurisdictional

17  limitations of this Court.

18      159.  Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a

19  penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period

20  for the initial violation and two hundred ($200.00) for each aggrieved employee per

21  pay period for each subsequent violation in which DEFENDANT EMPLOYER

22  violated Labor Code § 226, the exact amount of the applicable penalty is all in an

23  amount to be shown according to proof at trial.

24      160.  For Defendants' misconduct as alleged in this Complaint, Plaintiffs seek

25  damages, penalties, costs, and attorneys' fees pursuant to Labor Code §§ 226, 226.3,

26  and 226.6 in an amount to be proven at trial.

27      161.  For Defendants' misconduct as alleged herein, Plaintiffs seek injunctive

28  relief and attorneys' fees and costs pursuant to § 226 in an amount to be proven at trial.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 255-5455

- 28 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT A

1    162.    Where any of the foregoing statutes do not provide for a private right of

2    actions, Plaintiffs OLSHANSKY and TORRACA-RIANO nevertheless assert

3    Defendants violated these provisions as part of their PAGA cause of action alleged

4    herein.

### SIXTH CAUSE OF ACTION

**Individual and Representative Claim for PAGA**

**Penalties and Wage Under California Labor Code**

**§§ 2698, 2699, *et seq.* for Violations of California Labor Code**

**§§ 201, 202, 203, 204 and/or 204b, 218.5, 218.6, 226, 226.3, and 226.6.**

(Against all Defendants)

11    163.    Plaintiffs re-allege and incorporates by reference the foregoing

12    allegations as though set forth herein.

13    164.    Pursuant to law, written notice was provided to the LWDA and

14    Defendants of the specific violations of the California Labor Code Defendants have

15    violated and continue to violate.

16    165.    Pursuant to Labor Code § 2699.3, no response will likely be received

17    from the LWDA within 60 days of the postmark date of the above-alleged letter.

18    166.    Plaintiffs, therefore, will have exhausted all administrative procedures

19    required of them under Labor Code §§ 2698, 2699, and 2699.3, and, as a result, are

20    justified as a matter of right in bringing forward this cause of action and are entitled to

21    pursue penalties in a representative action for Defendants' violations of the Labor

22    Code.

23    167.    Pursuant to Labor Code § 2699, any provision of the Labor Code that

24    provides for a civil penalty to be assessed and collected by the LWDA or any of its

25    departments, divisions, commissions, boards, agencies or employees for violation of

26    the code may, as an alternative, be recovered through a civil action brought by an

27    aggrieved employee on behalf of himself or herself and other current or former

28    employees pursuant to the procedures specified in Labor Code § 2699.3.

- 29 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

168.   Plaintiff is an "aggrieved employee" because Plaintiff was employed by the alleged violator and had one or more of the alleged violations committed against Plaintiff, and therefore is properly suited to represent the interests of other current and former Represented Employees.

169.   Because of the acts alleged above, Plaintiffs seek penalties under Labor Code §§ 2698 and 2699 because of Defendants' violation of numerous provisions of the California Labor Code as alleged in this Complaint.

170.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, penalties for violating Labor Code §§ 201, 202, 203, 204 and/or 204b, 218.5, 218.6, 226, 226.3, and 226.6.

171.   Labor Code § 558 establishes a civil penalty as follows: Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission (including the "Hours and Days of Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee  was underpaid in addition to an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected employee.

172.   Plaintiffs seek penalties for Defendants' conduct as alleged herein as permitted by law.

173.   Specifically, Plaintiffs seeks penalties under Labor Code § 2699, for the following in addition to those Code provisions mentioned in this Cause of Action:

        a.  For violations of Labor Code §§ 201, 202, 203, and 204/204b for failing to pay Plaintiff and Represented Employees in a timely manner; and

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT A

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

1          b. For the violation of Labor Code §§ 226 and 226.3,

2             for failing to provide Plaintiff and Represented

3             Employees accurate wage statements.

4      174. Pursuant to Labor Code § 2698, *et seq.*, Plaintiffs seek to recover

5  attorney's fees, costs, civil penalties, and wages on behalf of Plaintiff and other

6  current and former Represented Employees as alleged herein in an amount to be

7  shown according to proof at trial and within the jurisdictional limits of this Court.

8                    **<u>SEVENTH CAUSE OF ACTION</u>**

9           **Individual Claim for Remedies for Violations**

10             **of the California Unfair Business**

11              **Practices Code §§ 17200, *et seq.***

12                   (Against all Defendants)

13      175. Plaintiffs re-allege and incorporates by reference the foregoing

14  allegations as though set forth herein.

15      176. Defendants, and each of them, are "persons" as defined under Business

16  and Professions Code § 17021.

17      177. Plaintiffs are informed and believe and based thereon allege that

18  Defendants committed the unfair business practices, as defined by Cal. Bus. & Prof.

19  Code § 17200, *et seq.*, by violating the laws alleged to have been violated in this

20  Complaint and which allegations are incorporated herein by reference.

21      178. Defendants' conduct, as alleged above, constitutes unlawful, unfair, and

22  fraudulent activity prohibited by Business and Professions Code §§ 17200, *et seq.*

23      179. The unlawful and unfair business practices conducted by Defendants,

24  and each of them, are ongoing and present a threat and likelihood of continuing

25  against Plaintiffs and, accordingly, Plaintiff seeks injunctive relief where appropriate.

26      180. Plaintiffs has suffered injury in fact and lost money or property because

27  of the aforementioned unfair competition.

28      181. Because of their improper acts, Defendants, and each of them, have

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 295-9455

- 31 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

**EXHIBIT A**

1   reaped and continue to reap unfair benefits and illegal profits at the expense of

2   Plaintiffs OLSHANSKY and TORRACA-RIANO and other employees and former

3   employees of Defendants, and each of them.

4       182.   Defendants, and each of them, should be enjoined from this activity and

5   made to disgorge these ill-gotten gains and restore to Plaintiffs OLSHANSKY and

6   TORRACA-RIANO and the Class the wrongfully withheld wages and/or penalties,

7   pursuant to Business and Professions Code §§ 17202 and/or 17203.

8       183.   Plaintiffs OLSHANSKY and TORRACA-RIANO and the Class have

9   also incurred and continue to incur attorneys' fees and legal expenses in an amount

10  according to proof at the time of trial and for which they seek compensation pursuant

11  to law including but not limited to Code of Civil Procedure § 1021.5.

12                          **PRAYER FOR RELIEF**

13      WHEREFORE, Plaintiffs OLSHANSKY and TORRACA-RIANO, on behalf

14  of the Class, pray for an order for relief as follows:

15      1.   An order that this action may proceed and be maintained as a class

16  action;

17      2.   For appointment of the Plaintiffs OLSHANSKY and TORRACA-

18  RIANO as the representatives of the Class;

19      3.   For appointment of counsel for Plaintiffs OLSHANSKY and

20  TORRACA-RIANO as Class Counsel;

21      4.   That Defendants be found liable to Plaintiffs OLSHANSKY and

22  TORRACA-RIANO and the Class;

23      5.   For a declaration that Defendants violated the rights of Plaintiffs

24  OLSHANSKY and TORRACA-RIANO and the Class under the FCRA and any other

25  applicable law alleged in this Complaint;

26      6.   Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages

27  to Plaintiff and the Class in an amount equal to $1,000 for Plaintiffs OLSHANSKY

28  and TORRACA-RIANO and each member of the Class for Defendant's willful

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone (619) 886-7224
Facsimile (619) 259-5455

- 32 -

1   violations of the FCRA;

2       7.    In the event this case does not proceed on a FCRA class action basis,

3   pursuant to Civ. Code § 1786.50, an award of statutory damages to Plaintiffs

4   OLSHANSKY and TORRACA-RIANO in the amount of $10,000 each, or in the

5   alternative actual damages in an amount according to proof;

6       8.    For an award of punitive damages to Plaintiffs OLSHANSKY and

7   TORRACA-RIANO and the members of the Class in an amount to be determined by

8   the Court;

9       9.    For costs of suit and expenses incurred herein, including reasonable

10  attorneys' fees and costs allowed under relevant provision of law including, but not

11  limited to, those allowed under 15 U.S.C. §1681n(a)(3), 15 U.S.C. §1681o(a)(2), Civ.

12  Code § 1786.50, and/or other applicable provisions of law;

13      10.   That Defendants, and each of them, be ordered and enjoined to pay

14  restitution to Plaintiff and/or the Class and/or Represented Employees pursuant to

15  Business and Professions Code §§ 17200-05;

16      11.   That Defendants, and each of them, be required to issue to Plaintiff

17  and/or the Class and/or Represented Employees accurate wage and earning

18  statements;

19      12.   For disgorgement through restitution of all ill-gotten and/or ill-gained

20  profits, including unpaid wages and/or penalties to Plaintiffs OLSHANSKY and

21  TORRACA-RIANO and/or the Class and/or Represented Employees, resulting from

22  Defendants' unfair business practices pursuant to Business and Professions Code §§

23  17200-05;

24      13.   For an order by the Court requiring Defendants, and each of them, to

25  show cause, if any they have, as to why to Plaintiff and/or the Class and/or

26  Represented Employees should not have been issued itemized wage statements as

27  required by § 226 of the Labor Code and why Defendants should not be required to

28  pay Plaintiff minimum wages and overtime compensation under applicable state law;

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 33 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

1    14.    For all remedies available to Plaintiffs OLSHANSKY and TORRACA-

2  RIANO under the applicable provisions of the Labor Code via PAGA Labor Code §

3  2698, *et seq.* including an award of attorneys' fees, costs, interest, liquidated

4  damages, damages, penalties and waiting time penalties according to proof to the

5  extent permitted by law;

6    15.    For maximum civil penalties available under the Labor Code and

7  applicable Wage Order as described more particularly in this Complaint,

8  representative PAGA claims including the payment of wages as set forth in Labor

9  Code § 558;

10    16.    That Defendants, and each of them, be required to issue to Plaintiffs

11  OLSHANSKY and TORRACA-RIANO and/or the Class and/or Represented

12  Employees accurate wage and earning statements;

13    17.    For Labor Code § 203 penalties in an amount to be proven at trial;

14    18.    For special and general damages;

15    19.    That Plaintiffs OLSHANSKY and TORRACA-RIANO and/or the Class

16  and/or Represented Employees be awarded reasonable attorneys' fees where available

17  by law, including but not limited to pursuant to Labor Code §§ 2698, *et seq.*, Code of

18  Civil Procedure § 1021.5, and/or other applicable laws; and

19    20.    For any other relief the Court may deem just, proper and equitable in the

20  circumstances.

21  Dated: December 27, 2018          Law Offices of
22                                    Thomas D. Rutledge

23
                                      By: */s/Thomas D. Rutledge*
24                                         /s/Thomas D. Rutledge
25                                         Attorneys for Plaintiffs

26                              **DEMAND FOR JURY TRIAL**

27      Plaintiffs hereby demand a jury trial of this matter.

28

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

*Thomas D. Rutledge*
*Attorney-at-Law*
*500 West Harbor Drive, Suite 1113*
*San Diego, California 92101*
*Telephone: (619) 886-7224*
*Facsimile: (619) 259-5455*

1  Dated: December 27, 2018

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
Thomas D. Rutledge

By:  /s/Thomas D. Rutledge
Thomas D. Rutledge (SBN 200497)
Attorneys for Plaintiffs

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 186-7224
Facsimile: (619) 259-5455

- 35 -
COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT A

- 43 -

# Exhibit 1

## Notification and Authorization to Conduct Employment Background Investigation

I hereby authorize ATC Healthcare Staffing and ████choice of reporting company to ascertain information regarding my background to determine any and all information of concern to my record, whether same is of record or not, and I release employers and persons named in my application from all liability for any damages on account of his/her furnishing said information. I understand that this form indicates that a background search will be conducted and that this is my notification of that intent. I understand that the purpose of this background investigation is to determine my suitability for employment and may elicit information on my character, general reputation, personal characteristics and mode of living. Additionally, you are hereby authorized to make any investigation of my personal history, educational background, military record, motor vehicle records, criminal records, and credit history through an investigative or credit agency or bureau of your choice. I authorize the release of this information by the appropriate agencies to the investigating service. I understand that my consent will apply throughout my employment, unless I revoke or cancel my consent by sending a signed letter or statement to the Company at any time, stating that I revoke my consent and no longer allow the Company to obtain consumer or investigative consumer reports about me.

### PLEASE PRINT CLEARLY

FULL NAME: Michael Olshansky

OTHER NAMES USED/MAIDEN NAME/DATES:

CURRENT ADDRESS: Redacted                                   PHONE: Redacted

LIST ALL ADDRESSES FOR PAST 7 YEARS:

_____ Dates: _____

_____ Dates: _____

_____ Dates: _____

EMAIL ADDRESS: Redacted

SOCIAL SECURITY # REDACTED         DATE OF BIRTH: REDACTED

DRIVER'S LICENSE # Redacted        STATE ISSUED: PA

*** MAY WE CONTACT YOUR CURRENT EMPLOYER?   YES ☑   NO ☐

*** HAVE YOU EVER BEEN CONVICTED OF A CRIME?   YES ☐   NO ☑

If yes, please explain: _____

**Notice to California Applicants** - You may omit minor traffic offenses, any convictions which have been sealed, expunged or statutorily eradicated, convictions more than two years old for the following marijuana related offenses: HS11357b&c, HS11360c, HS11364, HS11365, HS11550, and misdemeanors for which probation was completed and the case was judicially dismissed.

**Notice to Massachusetts Applicants** - You may omit a first conviction for any of the following misdemeanors: drunkenness, simple assault, speeding, minor traffic violations, affray, or disturbance of the peace, or any conviction of a misdemeanor where the date of such conviction or the completion of any period of incarceration resulting there from, whichever date is later, occurred five or more years prior to the date of this application for employment, unless you have been convicted of any offense within five years immediately preceding the date of this application for employment.

*Note: No applicant will be denied employment solely on the grounds of conviction of a crime. The nature of the offense, the date of the offense, the surrounding circumstances and the relevance of the offense to the position will be considered.*

### SIGNATURE: ████████                           DATE: Nov 18, 2018

**California Applicants:** Under Section 1786.22 of the California Civil Code, you have the right to request from Justifacts (5250 Logan Ferry Rd, Murrysville PA 15626 – 800-356-6885, www.justifacts.com), upon proper identification, the nature and substance of all information in its files on you, including the sources of information, and the recipients of any reports on you to whom Justifacts has previously furnished within the three-year period preceding your request. Files maintained on a consumer shall be made available for the consumer's visual inspection, as follows: (1) In-person, if he appears in person and furnishes proper identification. A copy of his file shall also be available to the consumer for a fee not to exceed the actual costs of duplication services provided. (2) By certified mail, if he makes a written request, with proper identification, for copies to be sent to a specified addressee. (3) A summary of all information contained in files on a consumer and required to be provided by Section 1786.10 shall be provided by telephone, if the consumer has made a written request, with proper identification for telephone disclosure, and the toll charge, if any, for the telephone call is prepaid by or charged directly to the consumer.

☐ **California, Minnesota & Oklahoma Applicants Only: Please check this box if you would like a copy of the background check mailed to you.** Minnesota and Oklahoma applicants will receive a copy direct from Justifacts or its designee. California applicants may receive a copy from either the prospective employer or Justifacts.

**NOTICE:** Under federal law, you have the right to request disclosure of the nature and scope of our investigation by providing us with a written request within 60 days of our background investigation.

Subscriber certifies that consumer credit information, consumer reports, as defined by the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA"), will be ordered only when intended to be used as a factor in establishing a consumer's eligibility for employment and that consumer credit information will be used for no other purposes. It is recognized and understood that the FCRA provides that anyone "who knowingly and willfully obtains information on a consumer from a consumer reporting agency" (such as Justifacts) "under false pretenses shall be fined not more than $2,500 or imprisoned not more than two years or both."

ATC Personnel/Payroll 0056

# EXHIBIT "B"
# TO
# NOTICE OF REMOVAL

# [PAGES 46 - 90]

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

See attached.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/27/2018** at 10:37:03 PM
Clerk of the Superior Court
By Vanessa Bahena,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TONI TORRACA-RIANO and MICHAEL OLSHANSKY, individually,
on behalf of themselves and others similarly situated.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

CASE NUMBER:
(Número del Caso): 37-2018-00065377-CU-OE-CTL

The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT OF CALIFORNIA
330 WEST BROADWAY, SAN DIEGO, CALIFORNIA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
THOMAS D. RUTLEDGE, 500 W. HARBOR DR., STE. 1113, SAN DIEGO, CA 92101 Tel.: 619-886-7224

DATE: 12/28/2018                Clerk, by                Y. Bahena                , Deputy
(Fecha)                         (Secretario)            V. Bahena                (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): ATC West Staffing, Inc.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): Feb. 1, 2019

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT B

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Olshansky, et al. v. ATC Healthcare Services, Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff    [✓] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

ATC HEALTHCARE SERVICES, INC., a Georgia corporation; ATC HEALTHCARE, INC., a Delaware corporation; ATC HEALTHCARE SERVICES, LLC, a Georgia limited liability company; ATC HEALTHCARE STAFFING, an unknown entity; ATC WEST STAFFING, INC., a California corporation; and DOES 1 through 50 inclusive.

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

## EXHIBIT B

1   Thomas D. Rutledge (SBN 200497)
2   Attorney-at-Law
3   500 West Harbor Drive, Suite 1113
    San Diego, California 92101
4   Telephone:   (619) 886-7224
    Facsimile:   (619) 259-5455
5
6   Co-Counsel listed on next page.
7

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

12/27/2018 at 10:37:03 PM

Clerk of the Superior Court
By Vanessa Bahena,Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF SAN DIEGO-CENTRAL DIVISION

10

11   TONI TORRACA-RIANO and              )   Case No.: 37-2018-00065377-CU-OE-CTL
     MICHAEL OLSHANSKY,                  )
12   individually, on behalf of themselves )   **INDIVIDUAL AND CLASS ACTION**
     and others similarly situated,      )   **COMPLAINT FOR:**
13                                        )
14              Plaintiffs               )   1.  **Violations of Fair Credit Reporting**
                                          )       **Act, 15 U.S.C. §§ 1681b(b)(2)(A) §**
15   vs.                                  )       **1681o(a) (Obtaining Consumer**
                                          )       **Reports Without Proper Disclosure)**
16   ATC HEALTHCARE SERVICES,            )   2.  **Violations of Fair Credit Reporting**
     INC., a Georgia corporation; ATC    )       **Act, 15 U.S.C. §§ 1681b(b)(2)(A) §**
17   HEALTHCARE, INC., a Delaware        )       **1681o(a) (Obtaining Consumer**
18   corporation; ATC HEALTHCARE         )       **Reports Without Proper**
     SERVICES, LLC, a Georgia limited    )       **Authorization);**
19   liability company; ATC              )   3.  **Violations of the California**
20   HEALTHCARE STAFFING, an             )       **Investigative Consumer Reporting**
     unknown entity; ATC WEST            )       **Agencies Act (ICRAA) (Civ. Code, §**
21   STAFFING, INC., a California        )       **1786, et seq.);**
22   corporation; and DOES 1 through 50  )   4.  **Failure to Make Payments Within**
     inclusive                          )       **the Required Time;**
23                                        )   5.  **Violations of Labor Code § 226;**
24              Defendants.              )   6.  **Remedies Under Private Attorney**
                                          )       **General Act (PAGA California**
25                                        )       **Labor Code §§ 2698, 2699, et seq.);**
                                          )       **and**
26                                        )   7.  **Unfair Business Practices in**
                                          )       **Violation of Cal. Bus. & Prof. Code**
27                                        )       **§§ 17000, et seq. and §§ 17200, et seq.**
                                          )
28                                        )   <u>DEMAND FOR JURY TRIAL</u>

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

1  Greenstone Law APC
   Mark S. Greenstone (SBN 199606)
2  1925 Century Park East, Suite 2100
3  Los Angeles, California 90067
   Telephone:  (310) 201-9156
4  Facsimile:  (310) 201-9160

5
   Glancy Prongay & Murray LLP
6  Marc L. Godino (SBN 182689)
7  Danielle L. Manning (SBN 313272)
   1925 Century Park East, Suite 2100
8  Los Angeles, California 90067
9  Telephone:  (310) 201-9150
   Facsimile:  (310) 201-9160
10

11 Attorneys for Plaintiffs

12

13      Plaintiffs TONI TORRACA-RIANO and MICHAEL OLSHANSKY, on behalf
14 of themselves and acting for the interest of other current and former employees
15 ("Represented Employees"), and all other similarly situated individuals (cumulatively
16 "Plaintiffs"), allege the following:

17                    **NATURE OF THE ACTION**
18      1.    Plaintiffs bring this nationwide class action on behalf of all individuals
19 who applied for employment with Defendants and who executed a release and
20 authorization form permitting Defendants to procure a consumer report and/or
21 investigative consumer report on them as part of their employment or application for
22 employment with Defendants.
23      2.    Specifically, Plaintiffs complain that Defendants have a uniform policy
24 or practice of obtaining an applicant's consumer report and have violated the Fair
25 Credit Reporting Act (the "FCRA") through use of a legally invalid authorization
26 form that: (1) fails to provide a clear and conspicuous disclosure; and (2) fails to
27 provide a disclosure that appears in a document that consists solely of the disclosure.
28      3.    Pursuant to Code of Civil Procedure § 382 and Labor Code Private

                                  - 1 -
        COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

EXHIBIT B
- 50 -

1  Attorney General Act ("PAGA"), §§ 2698, 2699 of the California Labor Code,
2  Plaintiffs also bring a class and representative action against Defendants for wage and
3  hour abuses in violation of the California Labor Code and the Industrial Welfare
4  Commission Wage Orders (the "IWC Wage Orders"), all of which contribute to
5  Defendants' deliberate unfair competition.

6      4.    Plaintiffs OLSHANSKY and TORRACA-RIANO, on behalf of
7  themselves and all Class Members, seek damages, penalties, restitution, injunctive and
8  other equitable relief, reasonable attorneys' fees, and costs.

9                **JURISDICTION AND VENUE**

10      5.    Pursuant to Article VI, § 10 of the California Constitution, subject matter
11  jurisdiction over Plaintiffs' wage and hour claims is proper in the Superior Court of
12  California, County of San Diego, State of California because Plaintiffs allege claims
13  arising under California law.

14      6.    Jurisdiction over Plaintiffs FCRA claim is proper under 15 U.S.C. §
15  1681p which provides that "[a]n action to enforce any liability created under this
16  subchapter may be brought in any appropriate United States district court, without
17  regard to the amount in controversy, or in any other court of competent
18  jurisdiction…"

19      7.    This Court has personal jurisdiction over Defendants because Defendants
20  conduct business in this State, have systematic and continuous ties with this state, and
21  have agents and representatives that can be found in this state.

22      8.    Pursuant to § 395 of the California Code of Civil Procedure, venue is
23  proper in the Superior Court of California for the County of San Diego because
24  Defendants' corporate records filed with the California Secretary of State indicate
25  they maintain a principle business office at 9040 Friars Road, Suite 335, San Diego,
26  California 92108.

27                   **THE PARTIES**

28      9.    Plaintiff TONI TORRACA-RIANO is an individual currently residing in

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 2 -

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

EXHIBIT B

1   California.

2       10.   Plaintiff MICHAEL OLSHANSKY is an individual residing outside the

3   state of California. During his employment with Defendants from on or about

4   November 2, 2018 to November 28, 2018, however, Plaintiff OLSHANSKY resided

5   in California.

6       11.   Defendant ATC HEALTHCARE SERVICES, INC. is a Georgia

7   Corporation doing business in California.

8       12.   Defendant ATC HEALTHCARE, INC. is a Delaware Corporation doing

9   business in California.

10       13.   Defendant ATC HEALTHCARE SERVICES, LLC is a Georgia limited

11   liability company doing business in California.

12       14.   Defendant ATC HEALTHCARE STAFFING is an unknown entity

13   doing business in California.

14       15.   Defendant ATC WEST STAFFING, INC. is a California Corporation,

15   but according to the California Secretary of State Website, it is "dissolved."

16       16.   The true names and capacities, whether individual, corporate, associate or

17   otherwise of the Defendants named herein as DOES 1 through 50, are unknown to

18   Plaintiffs at this time. Plaintiffs therefore sue said Defendants by such fictitious names

19   pursuant to § 474 of the California Code of Civil Procedure. Plaintiffs will seek leave

20   to amend this Complaint to allege the true names and capacities of DOES 1 through 50

21   when Plaintiffs ascertain their names. Plaintiffs are informed and believe, and based

22   thereon allege, that each of the DOE Defendants is in some manner liable to Plaintiffs

23   for the events and actions alleged herein.

24       17.   Unless otherwise specified by name, the named Defendants and DOES 1

25   through 50 will be collectively referred to as "DEFENDANT EMPLOYER" and/or

26   "Defendants."

27       18.   Plaintiffs are informed and believe, and based thereon allege, that each

28   Defendant was acting as an agent, joint venturer, an integrated enterprise and/or alter

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 3 -

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

EXHIBIT B

1  ego for each of the other Defendants and each were co-conspirators with respect to the

2  acts and the wrongful conduct alleged herein so that each is responsible for the acts of

3  the other pursuant to the conspiracy and in proximate connection with the other

4  Defendant(s).

5      19.   Plaintiffs are informed and believe, and based thereon allege, that each

6  Defendant was acting partly within and partly without the scope and course of their

7  employment, and was acting with the knowledge, permission, consent, and ratification

8  of every other Defendant.

9      20.   Plaintiffs are informed and believe, and based thereon allege that each of

10  the Defendants was an agent, managing general partner, managing member, owner, co-

11  owner, partner, employee, and/or representative of each of the Defendants and was at

12  all times material hereto, acting within the purpose and scope of such agency,

13  employment, contract and/or representation, and that each of them is jointly and

14  severally liable to Plaintiff.

15      21.   Plaintiffs are informed and believe, and based thereon allege that each of

16  the Defendants is liable to Plaintiff under legal theories and doctrines including but not

17  limited to (1) joint employer; (2) integrated enterprise; (3) agency; and/or (4) alter ego,

18  based in part, on the facts set forth below.

19      22.   Plaintiffs are informed and believe, and based thereon allege, that each of

20  the named Defendants are part of an integrated enterprise and have acted or currently

21  act as the employer and/or joint employer of the Plaintiffs/Class Members making each

22  of them liable for the wage and hour violations alleged herein.

23  **STATUTORY BACKGROUND OF THE FCRA**

24      23.   Enacted in 1970, the FCRA's passage was driven in part by two related

25  concerns: first, that consumer reports were playing a central role in people's lives at

26  crucial moments, such as when they applied for a job or credit, and when they applied

27  for housing; second, despite their importance, consumer reports were unregulated and

28  had widespread errors and inaccuracies.

- 4 -
COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

1    24.    While recognizing that consumer reports play an important role in the
2    economy, Congress wanted consumer reports to be "fair and equitable to the
3    consumer" and to ensure their "confidentiality, accuracy, relevancy, and proper
4    utilization." 15 U.S.C. § 1681.

5    25.    Congress was particularly concerned about the use of consumer reports by
6    employers. Accordingly, Congress required employers to make a clear and
7    conspicuous written disclosure to employees and job applicants, in a document that
8    consists solely of the disclosure, that a consumer report may be procured for
9    employment purposes. 15 U.S.C. § 1681b(b)(2). This is commonly referred to as the
10   "stand-alone disclosure" requirement. Congress further required that employers obtain
11   written authorization prior to procurement of a consumer report for employment
12   purposes. *Id.*

13   26.    The FCRA's stand-alone disclosure requirement is one of many elements
14   of the FCRA that combine to ensure that consumers know when consumer reports may
15   be generated about them, that they know their rights, and that they have the
16   opportunity to dispute errors in their reports. See 15 U.S.C. § 1681b(b)(3)(A) (pre-
17   adverse employment action notice requirement); § 1681b(4)(B) (notification of
18   national security investigation); § 1681 c(h) (notification of address discrepancy); §
19   1681d(a) (disclosure of investigative report); § 1681g (full file disclosure to
20   consumers); § 1681k(a)(l) (disclosure regarding the use of public record information);§
21   1681h (form and conditions of disclosure); § 1681m(a) (post-adverse employment
22   action notice requirement).

23   27.    Although the disclosure and the authorization may be combined in a
24   single document, the FTC has warned that the form should not include any extraneous
25   information or be part of another document. For example, in response to an inquiry as
26   to whether the disclosure may be set forth within an application for employment or
27   whether it must be included in a separate document, the FTC stated:
28

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 255-0455

- 5 -
COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT B

1    The disclosure may not be part of an employment application
2    because the language [of 15 U.S.C. § 1681b(b)(2)(A)] is intended to
     ensure that it appears conspicuously in a document not encumbered
3    by any other information. The reason for requiring that the
     disclosure be in a stand-alone document is to prevent consumers
4    from being distracted by other information side-by-side within the
     disclosure.
5
6    28.    The plain language of the statute also clearly indicates that the inclusion
     of a waiver in a disclosure form violates the disclosure and authorization requirements
7
     of the FCRA, because such a form would not consist "solely" of the disclosure. In fact,
8
     the FTC expressly has warned that the FCRA notice may not include extraneous
9
     information such as a waiver. In a 1998 opinion letter, the FTC stated:
10
11        [W]e note that your draft disclosure includes a waiver by the
          consumer of his or her rights under the FCRA. The inclusion of such
12        a waiver in a disclosure form will violate Section 604(b)(2)(A) of the
          FCRA, which requires that a disclosure consist 'solely' of the
13        disclosure that a consumer report may be obtained for employment
          purposes.
14
15   29.    Consistent with the FTC's construction of the FCRA, courts have
     repeatedly held that extraneous information renders a purported FCRA disclosure non-
16
     compliant. See, e.g., Woods v. CaremarkPHC, LLC, No. 4:15-cv-00535, 2015 WL
17
     6742124, *2 (W.D. Mo. Nov. 2, 2015) (denying motion to dismiss FCRA complaint
18
     where plaintiff alleged that purported disclosure contained an overbroad authorization
19
     for third parties to provide information to defendant and its consumer reporting agency,
20
     and state specific notices that did not apply to plaintiff); Jones v. Halstead Mgmt. Co.,
21
     LLC, No. 14-cv-3125, 2015 WL 366244, *5 (S.D.N.Y. Jan 27, 2015) (denying motion
22
     to dismiss FCRA complaint where plaintiff alleged that purported disclosure form
23
     included timeframes during which applicant must challenge accuracy of any report, an
24
     acknowledgement that employment decisions are based on non-discriminatory reasons,
25
     the contact information for the consumer reporting agency and state specific notices
26
     that "stretched what should be a simple disclosure form into two full pages of eye-
27
     straining typeface writing.").
28

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 295-5455

- 6 -

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

1    30.    As discussed below, Defendant routinely violates the FCRA by failing to

2    provide the required stand-alone disclosure to employees and job applicants.

3    **GENERAL ALLEGATIONS REGARDING UNLAWFUL**

4    **PROCUREMENT OF CONSUMER REPORT CLAIMS**

5    31.    On or about November 18, 2018, as part of Plaintiffs' application for

6    employment, DEFENDANT EMPLOYER required Plaintiffs OLSHANSKY and

7    TORRACA-RIANO to sign a document titled "Notification and Authorization to

8    Conduct Employment Background Investigation." A true and correct redacted copy of

9    Plaintiff OLSHANSKY'S authorization is attached hereto and marked as **Exhibit 1.**

10    32.    This form is at the heart of one key part of this dispute.

11    33.    The abovementioned form purportedly authorizes "ATC Healthcare

12    Staffing" to conduct a background investigation concerning Plaintiffs OLSHANSKY

13    and TORRACA-RIANO and the putative Class.

14    34.    Plaintiffs maintain this form is illegal because, in part, it includes a

15    release and hold harmless clause that provides, "I release employers and persons

16    named in my application from all liability for any damages on account of his/her

17    furnishing said information." See **Ex. 1.**

18    35.    Plaintiffs maintain this form is also illegal because it misstates the name

19    of Plaintiffs OLSHANSKY'S and TORRACA-RIANO'S employer as being "ATC

20    Healthcare Staffing," when according to their wage and earning statements, the only

21    legal entity identified as being Plaintiffs' employer was "ATC Healthcare Services,

22    Inc." See **Ex. 1.**

23    36.    To the extent "ATC Healthcare Staffing" (if it exists) is the entity that

24    procured consumer reports on Plaintiffs OLSHANSKY and TORRACA-RIANO and

25    Class Members, this form also fails to provide any disclosure or to obtain any

26    authorization at all.

27    37.    Plaintiffs maintain this form is also illegal because it includes other

28    extraneous information in addition to a release, including but not limited to a number

Thomas D. Rutledge
Attorney-at-Law
550 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 255-5455

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

1    of purported unrelated state law admonitions. See **Ex. 1**.

2    38.    Plaintiffs maintain this form is also illegal to the extent that it is overly

3    broad and purports to authorize the procurement of any information concerning the

4    applicant whether otherwise lawful or appropriate.   See **Ex. 1**.

5    39.    Plaintiffs are informed and believe and therefore allege that pursuant to

6    the forms that Plaintiffs OLSHANSKY and TORRACA-RIANO signed on or about

7    November 18, 2018, DEFENDANT EMPLOYER obtained consumer reports on

8    Plaintiffs OLSHANSKY and TORRACA-RIANO.

9    40.    On information and belief, DEFENDANT EMPLOYER had a practice

10    and policy of procuring consumer reports on all Class Members based upon this or

11    substantially similar forms during the class period.

12    41.    Based on the foregoing, Plaintiffs claim Defendants violated both state

13    and federal law.

## GENERAL ALLEGATIONS REGARDING
## LABOR CODE VIOLATIONS

### Labor Code § 226 Violations

17    42.    From at least four years before the filing of this action and continuing to

18    the present, and pursuant to company policy and/or practice and/or direction,

19    Defendants issued inaccurate wage and earning statements to Plaintiffs.

20    43.    On or about November 29, 2018, Defendants issued Plaintiff

21    OLSHANKSY a paystub.

22    44.    This paystub did not accurately state Plaintiff OLSHANKSY'S gross

23    wages earned or the total hours worked by the employee.

24    45.    The November 29, 2018 paystub stated Plaintiff OLSHANKSY earned

25    $1,810.21 in gross wages, but Plaintiff actually earned $2,194.59.

26    46.    Additionally, the November 29, 2018 statement did not account for

27    Plaintiff OLSHANKSY'S 0.75 hours of overtime and two hours of double time.

28    47.    Further, if indeed "ATC Healthcare Staffing" was Plaintiffs' employer,

- 8 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 239-5455

1 | Defendant failed to identify such entity as being Plaintiffs' employer, as required
2 | under Labor Code § 226(a)(8).

3 |     48.   Plaintiff TORRACA-RIANO similarly alleges that her paystubs were
4 | inaccurate.

5 |     49.   Plaintiffs are informed and believe and therefore allege that Defendants
6 | issued similarly inaccurate paystubs to similarly situated employees.

7 |     50.   Based on the foregoing, Plaintiffs seeks the remedies set forth in this
8 | Complaint.

9 | **Waiting Time Penalties**

10 |     51.   Pursuant to Defendants' policies, Defendants failed to pay all wages to
11 | Plaintiffs in a timely manner.

12 |     52.   On or about November 28, 2018, Defendants involuntarily terminated
13 | Plaintiffs OLSHANSKY'S and TORRACA-RIANO'S employment.

14 |     53.   On Plaintiffs OLSHANSKY'S and TORRACA-RIANO'S date of
15 | termination, however, Defendants failed to pay Plaintiffs OLSHANSKY and
16 | TORRACA-RIANO all their unpaid wages immediately upon their termination.

17 |     54.   Plaintiffs are informed and believe and based thereon allege that
18 | Defendants similarly did not pay other similarly situated employees all wages due and
19 | payable in a timely manner.

20 |     55.   Based on the foregoing, Plaintiffs seeks the remedies set forth in this
21 | Complaint.

22 | **REPRESENTATIVE ACTION (PAGA) CLAIMS**

23 |     56.   The duties and business activities of the Represented Employees were
24 | essentially the same as the duties and activities of Plaintiffs OLSHANSKY and
25 | TORRACA-RIANO described above.

26 |     57.   This is a wage and hour representative action filed pursuant to PAGA, §§
27 | 2698, 2699 generally consists of the following group:

28 | **All nonexempt persons Defendants employed in the State of**

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 9 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

1    **California from December 21, 2017 to the present.**

2    58.    All members of the represented groups will be referred to as the

3    "Represented Employees."

4    59.    The "Representative Period" means from **December 21, 2017** to the

5    present, the timeframe where the scope of statute allows Plaintiffs to recover wages

6    and penalties.

7    60.    At all times during the Representative Period, all the Represented

8    Employees were employed in the same or similar job as Plaintiffs OLSHANSKY and

9    TORRACA-RIANO and were paid in the same manner and under the same standard

10    employment procedures and practices as the Plaintiff.

11    61.    Plaintiffs OLSHANSKY and TORRACA-RIANO further allege

12    DEFENDANT EMPLOYER did not pay them and, on information and belief

13    Represented Employees, all wages due at the time their employment ended with

14    DEFENDANT EMPLOYER.

15    62.    On information and belief, current and former employees of

16    DEFENDANT EMPLOYER were subject to wage and hour violations by

17    DEFENDANT EMPLOYER, including failing to pay for all wages due.

18    63.    California law provides that an employee may file an action against an

19    employer to recover penalties for violations of the Labor Code and Wage Orders,

20    provided the aggrieved employee files an action on behalf of him or herself and

21    similarly situated current and former employees.

22    64.    At all material times, DEFENDANT EMPLOYER was and/or is

23    Represented Employees' employer or persons acting on behalf of Represented

24    Employees' employer, within the meaning of California Labor Code § 558, who

25    violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor

26    Code or any provision regulating hours and days of work in any Order of the Industrial

27    Welfare Commission and, as such, are subject to penalties for each underpaid

28    employee as set for in Labor Code § 558.

- 10 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

65. As set forth in further detail below, because of the analysis and investigation of the Plaintiffs' claims, Plaintiffs' attorneys sent letters to the California Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and to DEFENDANT EMPLOYER informing DEFENDANT EMPLOYER of their claims and their intent to pursue litigation.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

66. As to penalty claims under the Labor Code Private Attorney General Act, on **December 21, 2018,** Plaintiffs began to exhaust his/her administrative remedies by sending correspondence to the LWDA and DEFENDANT EMPLOYER indicating that Plaintiffs OLSHANSKY and TORRACA-RIANO are pursuing the claims alleged in this Complaint.

67. By the time an amended Complaint is filed, the statutory period for Plaintiffs will have expired on the letter alleged above and the LWDA will likely not have served Plaintiffs with notice of intent to assume jurisdiction over the applicable penalty claims and did not provide notice as set forth in Labor Code § 2699.3 (a)(2)(A) within the statutory period.

68. Therefore, Plaintiffs will have exhausted Plaintiffs' administrative remedies to enable Plaintiffs to seek the penalty claims sought in this Complaint.

69. The Causes of Action alleged herein are appropriately suited for a Representative Action under PAGA (Labor Code § 2698, *et seq.*) because:

    a. This action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies or employees;

    b. Plaintiffs are "aggrieved employees" because Plaintiffs were employed by the alleged violator

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 11 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

1    and had one or more of the alleged violations

2    committed against them; and

3     c. Plaintiffs have satisfied the procedural

4      requirements of Labor Code § 2699.3, as set forth

5      above.

6 <u>**CLASS ACTION ALLEGATIONS**</u>

7     70.    Plaintiffs OLSHANSKY and TORRACA-RIANO bring this action on

8 behalf of themselves and all others similarly situated as a Class Action pursuant to §

9 382 of the Code of Civil Procedure.

10     71.    Plaintiffs OLSHANSKY and TORRACA-RIANO seek to represent the

11 classes and/or subclasses composed of and defined as follows:

12    Labor Code Class:

13      **All current or former nonexempt employees who worked in**

14      **the state of California from December 27, 2014 to the**

15      **present for the Defendants who were issued wage and**

16      **earning statements from ATC Healthcare Services, Inc.**

17    FCRA Class:

18      **All persons residing in the United States regarding whom**

19      **Defendants procured or caused to be procured a consumer**

20      **report for employment purposes during the period five**

21      **years prior to the filing of the present action through the**

22      **date of certification.**

23     72.    Plaintiffs OLSHANSKY and TORRACA-RIANO also seek to represent

24 the following subclasses composed of and defined as follows:

25

26     <u>**Wage Statement Subclass:**</u> All Members of the Plaintiff Class who, during the applicable statute of limitations period, did not receive

27     accurate itemized wage statements as required by Labor Code § 226.

28     <u>**Waiting Time Subclass:**</u> All Members of the Plaintiff Class who,

<div align="center">- 12 -</div>

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

<div style="writing-mode: vertical-rl;">Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 255-0455</div>

during the applicable limitations period, did not receive all wages due in a timely manner as required by Labor Code §§ 201-204.

**UCL Subclass:** All Members of the Plaintiff Class, who, during the relevant period, Defendants owe restitution in the form of (1) unreimbursed expenses and/or (2) wages earned and unpaid because of Defendants' uniform pay policies and procedures.

73. The above-mentioned class-members will collectively be referred to as "Class Members."

74. Plaintiffs reserve the right under the California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

75. This action is brought and may properly be maintained as a Class Action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.    Numerosity**

76. The potential members of the Class as defined are so numerous or many, that joinder of all the members of the Class is impracticable.

77. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe, and on that basis allege, that DEFENDANT EMPLOYER currently employs, and during the relevant time periods employed, over 100 Class Members.

78. Accounting for employee turnover during the relevant periods necessarily increases this number substantially.

**B.    Commonality**

79. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.

80. Common questions of law and fact include, without limitation and

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT B

Thomas B. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-8455

1  subject to possible further amendment, the following:

2          a.  Whether the Defendant violated the FCRA by

3              procuring consumer reports based on invalid

4              authorizations;

5          b.  Whether Defendants' policy or practice of not paying

6              hourly employees all their wages due in their final

7              paychecks immediately upon involuntary termination

8              or within 72 hours' notice of when its employees

9              provided notice of their voluntary resignation, is

10             unlawful under Labor Code §§ 201, 202 and/or 203;

11         c.  Whether Defendants violated Labor Code §§ 226 by

12             not providing accurate paystubs; and

13         d.  Whether Plaintiffs OLSHANSKY and TORRACA-

14             RIANO and the members of the Class may recover

15             remedies pursuant to Business & Professions Code §§

16             17200, *et seq.*

17    **C.    Typicality**

18         81.  Plaintiffs OLSHANSKY'S and TORRACA-RIANO'S claims are typical

19    of the claims of the Class because Plaintiffs OLSHANSKY and TORRACA-RIANO

20    and all members of the Class sustained injuries and damages arising out of and caused

21    by Defendants' common course of conduct and policies in violation of laws,

22    regulations that have the force and effect of law and statutes as alleged herein.

23    **D.    Adequacy of Representation**

24         82.  Plaintiffs OLSHANSKY and TORRACA-RIANO are members of the

25    Class, do not have any conflicts of interest with other Class Members, and will

26    prosecute the case vigorously on behalf of the Class.

27         83.  Counsel representing Plaintiffs OLSHANSKY and TORRACA-RIANO

28    and the putative Class is competent and experienced in litigating employment class

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 14 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

1    actions, including wage and overtime class actions.

2        84.    Plaintiffs OLSHANSKY and TORRACA-RIANO will fairly and

3    adequately represent and protect the interests of the Class Members.

4        E.    **Superiority of Class Action**

5        85.    A class action is superior to other available means for the fair and

6    efficient adjudication of this controversy because individual joinder of all Class

7    Members is not practicable, and questions of law and fact common to the Class

8    predominate over any questions affecting only individual members of the Class.

9        86.    Each Class Member was damaged or suffered injury and may recover by

10   reasons of Defendants' illegal policies and/or practices.

11       87.    Class Action treatment will allow those similarly situated persons to

12   litigate their claims in the manner that is most efficient and economical for the parties

13   and the judicial system.

14       88.    Plaintiffs are unaware of any difficulties that are likely to encounter in

15   the management of this action that would preclude maintenance as a Class Action.

16       89.    For the reasons alleged in this Complaint, this action should be certified

17   as a Class Action.

18                    **FIRST CAUSE OF ACTION**

19                   **Individual and Class Claim for**

20             **Violation of the Fair Credit Reporting Act**

21      **(Obtaining Consumer Reports Without Proper Disclosure)**

22                    (Against All Defendants)

23       90.    Plaintiffs allege and incorporates by reference the allegations in the

24   preceding paragraphs as though fully set forth herein.

25       91.    Pursuant to 15 U.S.C. § 1681b(a)(3)(B), a consumer reporting agency

26   may furnish a consumer report for employment purposes.

27       92.    Likewise, a consumer report may be used for the evaluation of "a

28   consumer for employment, promotion, reassignment or retention of an employee." 15

- 15 -
COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

1   U.S.C. §1681a(h).

2       93.    The FCRA requires that, before procuring a consumer report on an

3   individual for employment purposes, the employer must: (1) provide a clear and

4   conspicuous disclosure to each applicant in writing that a consumer report may be

5   obtained for employment purposes; and (2) obtain the applicant's authorization in

6   writing to obtain the report. 15 U.S.C. § 1681b(b)(2)(A).

7       94.    Section 1681b(b)(2)(A) further specifies that the disclosure must be in

8   writing "in a document that consists solely of the disclosure."

9       95.    Specifically, Section 1681b(b)(2)(A) provides, in relevant part:

10
11        … a person may not procure a consumer report, or cause a consumer
     report to be procured, for employment purposes with respect to any
12        consumer, unless--
     a clear and conspicuous disclosure has been made in writing to the
13        consumer at any time before the report is procured or cause to be
     procured, in a document that consists solely of the disclosure, that a
14        consumer report may be obtained for employment purposes; and (ii)
     the consumer has authorized in writing (which authorization may be
15        made on the document referred to in clause (i)) the procurement of
     the report by that person.
16

17   15 U.S.C. § 1681b(b)(2)(A).

18       96.    During the Class Period, DEFENDANT EMPLOYER required Plaintiffs

19   OLSHANSKY and TORRACA-RIANO and the FCRA Class Members to sign an

20   authorization form as part of their job application with DEFENDANT EMPLOYER,

21   which form purported to allow "ATC Healthcare Staffing" to procure consumer

22   reports regarding the Plaintiffs.

23       97.    To the extent that ATC Healthcare Staffing (if such entity exists) is not

24   the entity that procured consumer reports on Plaintiffs and FCRA Class Members,

25   DEFENDANT EMPLOYERS failed to provide any disclosure at all prior to

26   procuring consumer reports for employment purposes, as required by the FCRA.

27       98.    Moreover, the form that was provided facially violates the FCRA in

28   numerous respects.

Thomas B. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 255-5455

- 16 -

EXHIBIT B

99.    Included in DEFENDANT EMPLOYER'S Notification and Authorization Form, i.e., **Exhibit 1** are reams of extraneous information, including but not limited to, a liability release and multiple state law admonitions. See **Exhibit 1.**

100.    Defendants' inclusion of the aforementioned, among other extraneous information, in its Notification and Authorization Form executed by applicants facially contravenes the requirements of 15 U.S.C. § 1681b(b)(2)(A) that the disclosure be: (1) "clear and conspicuous"; and (2) appear "in a document that consists solely of the disclosure."

101.    As a matter of law, Defendant's inclusion of the aforementioned information invalidates the Notification and Authorization Form for purposes of the FCRA. *See Syed v. M-I, LLC*, 853 F.3d 492, *10-11 (9th Cir. 2017) (holding an employer violates Section 1681b(b)(2)(A)(I)—(ii) when it requires an employee to sign a form containing a waiver of liability provision as part of a background investigation); *Harris v. Home Depot U.S.A., Inc.*, 114 F. Supp. 3d 868, 870-71 (N.D. Cal. 2015) (release of liability improper); *Feist v. Petco Animal Supplies, Inc.*, 218 F. Supp. 3d 1112 (S.D. Cal. 2016) (a summary of consumer rights in seven different states improper); *Lagos v. The Leland Stanford Junior University,* 2015 U.S. Dist. LEXIS 163119 (N.D. Cal. Dec. 4, 2015) (inclusion of seven state law notices and sentence stating "I also understand that nothing herein shall be construed as an offer of employment or contract for services" plausibly violated stand-alone disclosure requirement); *Woods v. Caremark PHC, L.L.C.*, 2015 U.S. Dist. LEXIS 148051 (W.D. Mo. 2015) ("The specific 'extraneous information' Plaintiff alleges Defendant included in its Authorization Form for Consumer Reports is: (1) an overbroad authorization for third parties to provide information to Defendant and its consumer reporting agency, (2) state-specific notices that did not apply to Plaintiff, and (3) that the form was part of a five-page stapled packet of three documents. Where FCRA allegations involve the inclusion of extraneous information beyond an authorization,

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 17 -

COMPLAINT – *Torraca-Riano, et al.* v. ATC Healthcare Services, Inc., *et al.*

1  the complaint meets the 12(b)(6) standard to state a claim for willful violation of the

2  FCRA stand-alone requirement."); *see also* Letter from William Haynes, Attorney,

3  Div. of Credit Practices, Fed Trade Comm'n to Richard W. Hauxwekk, CEO,

4  Accufax Div. (June 12, 1998), 1998 W.L. 34323756 (F.T.C.) (noting that the

5  inclusion of a waiver in a disclosure form will violate the FCRA).

6      102.  The Notification and Authorization form is also illegal to the extent that

7  it purports to authorize the procurement of any and all information regarding

8  Plaintiffs and FCRA Class Members, whether legal or proper to do so.

9      103.  Defendants acted willfully by providing a facially invalid Notification

10  and Authorization Form that was in direct violation of the clear and unambiguous

11  requirements set forth in 15 U.S.C. § 1681b(b)(2)(A).

12      104.  Defendants knew or acted with reckless disregard of its statutory duties

13  and the rights of applicants and employees, including Plaintiff and the Class, thus

14  knowingly and/or recklessly disregarding its statutory duties.

15      105.  On information and belief, as well as Plaintiffs' investigation,

16  Defendants' conduct was willful because:

17      a.  Defendants required Plaintiff and the Class to execute the

18          Notification and Authorization Form knowing that it was

19          facially invalid in violation of the FCRA and Defendants'

20          statutory duties;

21      b.  Defendants acted with reckless disregard of the FCRA

22          requirements and Defendants' statutory duties when it

23          required Plaintiff and the Class to execute the Notification

24          and Authorization Form that was facially invalid and in

25          violation of the clear and unambiguous requirements of the

26          FCRA;

27      c.  Upon information and belief, Defendants were advised by

28          skilled lawyers and other professional employees, and

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 295-5485

- 18 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

1    advisors knowledgeable about the FCRA requirements;

2    d.  The plain language of the statute unambiguously indicates

3        that inclusion of a liability release in a disclosure form

4        violates the disclosure and authorization requirements;

5    e.  The FTC's express statements, pre-dating Defendants'

6        conduct, state that it is a violation of 15 U.S.C. §

7        1681b(b)(2)(A) to include a liability waiver in the FCRA

8        disclosure form; and

9    f.  By adopting such a policy, Defendant voluntarily ran a risk

10        of violating the law substantially greater that the risk

11        associated with a reading that was merely careless.

12    106.  Pursuant to 15 U.S.C. §1681n(a)(1)(A), Plaintiffs OLSHANSKY and

13  TORRACA-RIANO and the FCRA Class may recover statutory damages due to

14  Defendant's willful failure to comply with the requirements imposed by 15 U.S.C. §

15  1681b(b)(2)(A) of an amount not less than $100 and not more than $1,000.

16    107.  Plaintiffs OLSHANSKY and TORRACA-RIANO and the Class seek the

17  recovery of punitive damages for Defendants' willful violations, in an amount as the

18  Court may allow.

19    108.  Pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2), Plaintiffs

20  OLSHANSKY and TORRACA-RIANO and the Class seek the recovery costs of suit

21  with reasonable attorneys' fees, as determined by the Court.

22    **SECOND CAUSE OF ACTION**

23    **Individual and Class Claim for**

24    **Violation of the Fair Credit Reporting Act**

25    **(Obtaining Consumer Reports Without Proper Authorization)**

26    109.  Plaintiffs allege and incorporates by reference the allegations in the

27  preceding paragraphs as though fully set forth herein.

28    110.  As alleged above, the form presented to Plaintiffs and FCRA Class

- 19 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 295-5455

1    Members purports to authorize "ATC Healthcare Staffing" to perform a background
2    investigation.

3        111.    To the extent the foregoing entity (if it exists at all) is not the entity that
4    procured consumer reports on Plaintiffs and Class Members, Defendants failed to
5    obtain any authorization at all.

6        112.    Alternatively, because Defendants failed to make a clear and
7    conspicuous disclosure that a consumer report may be procured in a document
8    consisting solely of the disclosure, Defendants violated the FCRA by procuring
9    consumer reports relating to Plaintiffs and other Class Members without proper
10    authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

11        113.    The foregoing violations were willful because Defendants acted in
12    deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other
13    Class Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

14        114.    Defendants' willful conduct is also evidenced by, among other things,
15    the facts previously set forth.

16        115.    Pursuant to 15 U.S.C. §1681n(a)(1)(A), Plaintiffs OLSHANSKY and
17    TORRACA-RIANO and the FCRA Class seek to recover statutory damages due to
18    Defendants' willful failure to comply with the requirements imposed by 15 U.S.C. §
19    1681b(b)(2)(A) of an amount not less than $100 and not more than $1,000.

20        116.    Plaintiffs OLSHANSKY and TORRACA-RIANO and the Class seek the
21    recovery of punitive damages for Defendants' willful violations, in an amount as the
22    Court may allow.

23        117.    Pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2), Plaintiffs
24    OLSHANSKY and TORRACA-RIANO and the Class seek the recovery costs of suit
25    with reasonable attorneys' fees, as determined by the Court.

26
27
28

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 255-5455

- 20 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

1    **THIRD CAUSE OF ACTION**

2    **Individual Claim for Violation of the**

3    **California Investigative Consumer Reporting**

4    **Agencies Act (ICRAA) (Civ. Code, § 1786, *et seq.*)**

5    **(Obtaining Consumer Reports Without Facially Valid Authorizations)**

6    (Against All Defendants)

7        118.   Plaintiffs allege and incorporates by reference the allegations in the

8    preceding paragraphs as though fully set forth herein.

9        119.   Pursuant to California Civ. Code, § 1786, *et seq.*, a consumer reporting

10   agency may furnish a consumer investigative report for employment purposes.

11       120.   The ICRAA requires that, before procuring a consumer report on an

12   individual for employment purposes, the employer must comply with all the

13   following:

14          (A)    The person procuring or causing the report to be made has a
                permissible purpose, as defined in Section 1786.12.

15          (B)    The person procuring or causing the report to be made

16          provides a clear and conspicuous disclosure in writing to the
                consumer at any time before the report is procured or caused to be

17          made in a document that consists solely of the disclosure, that:

18              (i) An investigative consumer report may be obtained.

19              (ii) The permissible purpose of the report is identified.
                (iii)The disclosure may include information on the consumer's

20              character, general reputation, personal characteristics, and mode
                of living.

21              (iv)Identifies the name, address, and telephone number of the
                investigative consumer reporting agency conducting the

22              investigation.

23              (v) Notifies the consumer in writing of the nature and scope of
                the investigation requested, including a summary of the

24              provisions of Section 1786.22.

25              (vi)Notifies the consumer of the Internet Web site address of the
                investigative consumer reporting agency identified in clause (iv),

26              or, if the agency has no Internet Web site address, the telephone
                number of the agency, where the consumer may find information

27              about the investigative reporting agency's privacy practices,
                including whether the consumer's personal information will be

28              sent outside the United States or its territories and information

- 21 -

COMPLAINT – *Torraca-Riano, et al.* v. *ATC Healthcare Services, Inc., et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

1    that complies with subdivision (d) of Section 1786.20. This
     clause shall become operative on January 1, 2012.
2        (C)    The consumer has authorized in writing the procurement of
         the report.
3
4    (§ 1786.16, subd. (a)(2).)

5        121.    In addition, the person procuring or causing the report to be made must

6    "certify to the investigative consumer reporting agency that the person has made the

7    applicable disclosures to the consumer required by [section 1786.16, subdivision (a)]

8    and that the person will comply with subdivision (b)." (§ 1786.16, subd. (a)(4).)

9        122.    Subdivision (b) of section 1786.16 also requires the person procuring or

10   causing the report to be made to (1) provide the consumer a form with a box that can

11   be checked if the consumer wishes to receive a copy of the report, and send a copy of

12   the report to the consumer within three business days if the box is checked and (2)

13   comply with section 1786.40 if the person procuring or causing the report to be made

14   contemplates taking adverse action against the consumer. (§ 1786.16, subd. (b).)

15       123.    During the Class Period, Defendant ATC HEALTHCARE SERVICES,

16   INC. required Plaintiffs OLSHANSKY and TORRACA-RIANO and FCRA Class

17   Members to sign a disclosure authorization forms as part of their job applications with

18   Defendant ATC HEALTHCARE SERVICES, INC., which forms purported to allow

19   Defendant "ATC HEALTHCARE STAFFING," not Defendant ATC

20   HEALTHCARE SERVICES, INC., the alleged real employer, to procure a consumer

21   report on the Plaintiff. See **Exhibit 1**.

22       124.    Under Civil Code § 1786.16, subd. (a) "Any person described in

23   subdivision (d) of Section 1786.12 shall not procure or cause to be prepared an

24   investigative consumer report unless . . . The person procuring or causing the report to

25   be made has a permissible purpose, as defined in Section 1786.12," yet Civil Code §

26   1786.12, in relevant part, provides "An investigative consumer reporting agency shall

27   only furnish an investigative consumer report. . . To a person that it has reason to

28   believe: (1) Intends to use the information for employment purposes."

Thomas B. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 255-5455

- 22 -
COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

1    125.   If Defendant ATC HEALTHCARE STAFFING was not Plaintiff's

2    employer, it violated Civil Code § 1786.16 because it had no legal basis to procure a

3    consumer report on the Plaintiff.

4    126.   In addition, DEFENDANT EMPLOYER'S Notification and

5    Authorization Form, i.e., **Exhibit 1**: (1) was a purported authorization to procure a

6    consumer report and/or investigative consumer report; (2) included a waiver of

7    liability provision; (3) included a purported authorization to investigate "personal

8    history, educational background, military record, motor vehicle records, criminal

9    records, and credit history . . ."; and (4) included other extraneous language, including

10   but not limited to a number of state law admonitions, such as Massachusetts,

11   Minnesota, Oklahoma, none of which are applicable since Plaintiff was applying for

12   work in California; "." See **Exhibit 1**.

13   127.   Plaintiff maintains Defendants' inclusion of the aforementioned in its

14   Notification and Authorization Form violates California law because it was not a

15   "clear and conspicuous disclosure in writing to the consumer." (§ 1786.16(a)(2)(B).)

16   See **Exhibit 1**.

17   128.   Based on the misconduct alleged in this Complaint, Defendants violated

18   ICRAA.

19   129.   Defendants acted willfully by providing a facially invalid Notification

20   and Authorization Form that was in direct violation of the clear and unambiguous

21   requirements set forth in § 1786.16.

22   130.   Defendants knew or acted with reckless disregard of its statutory duties

23   and the rights of applicants and employees, including Plaintiff and the Class, thus

24   knowingly and/or recklessly disregarding its statutory duties.

25   131.   On information and belief, as well as Plaintiff's investigation,

26   Defendants' conduct was willful.

27   132.   With respect to each of the aforementioned violations of the ICRAA

28   provisions and pursuant to Civ. Code § 1786.50(a)(1), in the event this case does not

Thomas B. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 23 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT B

1  proceed as a class action basis regarding the FCRA class claims, Plaintiffs

2  OLSHANSKY and TORRACA-RIANO, not the Class, seek to recover statutory

3  damages due to Defendants' failure to comply with the requirements imposed by §

4  1786.16 of an amount not less than $10,000 or seek actual damages, if any, in an

5  amount to be proven at trial, whichever is higher.

6      133.   Plaintiffs OLSHANSKY and TORRACA-RIANO are informed and

7  believe, and based on such information and belief allege that Defendants' misconduct

8  was reckless and/or willful and/or malicious and/or in conscious disregard of the

9  rights and safety of the Plaintiff and whose recklessness and/or conscious disregard

10 was reasonably foreseeable to cause injury to the Plaintiff, thereby warranting the

11 assessment of punitive damages against these Defendants.

12     134.   Plaintiffs OLSHANSKY and TORRACA-RIANO seek the recovery

13 costs of suit with reasonable attorneys' fees, as determined by the Court.

### FOURTH CAUSE OF ACTION

**Individual and Representative Claim for**

**Failure to Pay Timely Earned Wages during Employment and**

**Upon Separation of Employment in Violation of**

**California Labor Code §§ 201, 202, 203,**

**204 and/or 204b, 218.5, and 218.6**

20  (Against all Defendant ATC HEALTHCARE SERVICES, INC.)

21     135.   Plaintiffs re-allege and incorporate by reference the foregoing allegations

22 as though set forth herein.

23     136.   Pursuant to Labor Code § 201, "If an employer discharges an employee,

24 the wages earned and unpaid at the time of discharge are due and payable

25 immediately."

26     137.   Pursuant to Labor Code § 202, "If an employee not having a written

27 contract for a definite period quits his or her employment, his or her wages shall

28 become due and payable not later than 72 hours thereafter, unless the employee has

- 24 -

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 295-5455

1  given 72 hours previous notice of his or her intention to quit, in which case the

2  employee is entitled to his or her wages at the time of quitting."

3      138.   Labor Code § 203 provides, in pertinent part: "If an employer willfully

4  fails to pay, without abatement or reduction, ... any wages of an employee who is

5  discharged or who quits, the wages of the employee shall continue as a penalty from

6  the due date thereof at the same rate until paid or until an action therefore is

7  commenced; but the wages shall not continue for more than 30 days. ..."

8      139.   Pursuant to Labor Code § 204, "all wages ... earned by any person in any

9  employment are due and payable twice during each calendar month, on days

10  designated in advance by the employer as the regular paydays."

11     140.   Alternatively, pursuant to Labor Code § 204b, employers must pay its

12  employees on a weekly basis on a regular day determined by the employer as the

13  regular payday.

14     141.   Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought for

15  the nonpayment of wages and fringe benefits.

16     142.   Based on the misconduct alleged in this Complaint, Plaintiffs were not

17  properly paid pursuant to the requirements of Labor Code §§ 201, 202, and 204/204b

18  and thereby seek all remedies available to them.

19     143.   Plaintiffs are informed and believe and based thereon allege that

20  Defendants willfully failed to pay Plaintiffs' wages pursuant to the requirements of

21  Labor Code §§ 201, 202, and 204/204b, after Plaintiffs' demand and, therefore,

22  Plaintiffs may recover the associated unpaid wages and waiting time penalties.

23     144.   Plaintiffs are informed and believe and based thereon allege that

24  Defendants did this with the intent to secure for himself, herself and itself a discount

25  on its indebtedness and/or with intent to annoy harass, oppress, hinder, delay and/or

26  defraud Plaintiffs.

27     145.   At all material times, DEFENDANT EMPLOYER and DOES 1 through

28  50 were and/or are Represented Employees' employers or persons acting on behalf of

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 295-5655

- 25 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT B

- 74 -

1    Represented Employees' employer, within the meaning of California Labor Code §
2    558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the
3    California Labor Code or any provision regulating hours and days of work in any
4    Order of the Industrial Welfare Commission and, as such, are subject to penalties for
5    each underpaid employee as set for in Labor Code § 558.

6        146.    In committing the violations of state law as herein alleged, Defendants
7    have knowingly and willfully refused to perform their obligations to compensate
8    Represented Employees for all wages earned and all hours worked.

9        147.    As a direct result, Represented Employees have suffered and continue to
10   suffer, substantial losses related to the use and enjoyment of such compensation,
11   wages, lost interest on such monies and expenses and attorney's fees in seeking to
12   compel Defendants to full perform their obligation under state law, all to their
13   respective damage in amounts according to proof at trial and within the jurisdictional
14   limitations of this Court.

15       148.    Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,
16   a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay
17   period for the initial violation and two hundred ($200.00) for each aggrieved
18   employee per pay period for each subsequent violation in which DEFENDANT
19   EMPLOYER violated Labor Code §§ 201, 202, 203, and 204/204b. The exact amount
20   of the applicable penalty is all in an amount to be shown according to proof at trial.

21       149.    Defendants deprived Plaintiffs of their rightfully earned wages as a direct
22   and proximate result of Defendants' failure and refusal to pay said compensation and
23   for the reasons alleged in this Complaint.

24       150.    Plaintiffs OLSHANSKY and TORRACA-RIANO and Class Members
25   request the unpaid wages, waiting time penalties, interest, attorneys' fees, costs,
26   damages, and other remedies in an amount to be proven at trial.

27       151.    Where any of the foregoing statutes do not provide for a private right of
28   actions, Plaintiffs OLSHANSKY and TORRACA-RIANO nevertheless assert

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 26 -

EXHIBIT B

1 Defendants violated these provisions as part of their PAGA cause of action alleged
2 herein.

### FIFTH CAUSE OF ACTION

**Individual and Representative Claim for**

**Violations of California Labor Code § 226**

(Against all Defendants)

152.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

153.    Plaintiffs allege that Labor Code § 226 subdivision (a) requires, in pertinent part, that every employer shall, "semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number…, (8) the name and address of the legal entity that is the employer…, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…" (Labor Code § 226 subdivision (a).)

154.    Based on the foregoing allegations, during all times relevant to this action, Defendants did not provide accurate wage statements throughout the Class Period.

155.    Plaintiffs allege that on numerous occasions, an exact amount by which will be proven at trial, Defendants violated various provisions of § 226, including but not limited to subdivisions (a)(1), (a)(2), and a(5) by failing to provide Plaintiffs accurate itemized statement in writing accurately showing gross wages earned, net

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 295-5455

- 27 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT B

1    wages earned, total hours worked by the employee, among other things.

2        156.   At all material times DEFENDANT EMPLOYER and DOES 1 through

3    50 were and/or are Represented Employees' employers or persons acting on behalf of

4    Represented Employees' employer, within the meaning of California Labor Code §

5    558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the

6    California Labor Code or any provision regulating business hours and days of work in

7    any Order of the Industrial Welfare Commission and, as such, are subject to penalties

8    for each underpaid employee as set forth in Labor Code § 558.

9        157.   In committing the violations of state law as herein alleged, Defendants

10   have knowingly and willfully refused to perform their obligations to compensate

11   Represented Employees for all wages earned and all hours worked.

12       158.   As a direct result, Represented Employees have suffered and continue to

13   suffer, substantial losses related to the use and enjoyment of such compensation,

14   wages, lost interest on such monies and expenses and attorney's fees in seeking to

15   compel Defendants to fully perform their obligations under state law, all to their

16   respective damage in amounts according to proof at trial and within the jurisdictional

17   limitations of this Court.

18       159.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a

19   penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period

20   for the initial violation and two hundred ($200.00) for each aggrieved employee per

21   pay period for each subsequent violation in which DEFENDANT EMPLOYER

22   violated Labor Code § 226, the exact amount of the applicable penalty is all in an

23   amount to be shown according to proof at trial.

24       160.   For Defendants' misconduct as alleged in this Complaint, Plaintiffs seek

25   damages, penalties, costs, and attorneys' fees pursuant to Labor Code §§ 226, 226.3,

26   and 226.6 in an amount to be proven at trial.

27       161.   For Defendants' misconduct as alleged herein, Plaintiffs seek injunctive

28   relief and attorneys' fees and costs pursuant to § 226 in an amount to be proven at trial.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 295-5455

- 28 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT B

1    162.    Where any of the foregoing statutes do not provide for a private right of

2  actions, Plaintiffs OLSHANSKY and TORRACA-RIANO nevertheless assert

3  Defendants violated these provisions as part of their PAGA cause of action alleged

4  herein.

5  ## SIXTH CAUSE OF ACTION

6  ### Individual and Representative Claim for PAGA

7  ### Penalties and Wage Under California Labor Code

8  ### §§ 2698, 2699, *et seq.* for Violations of California Labor Code

9  ### §§ 201, 202, 203, 204 and/or 204b, 218.5, 218.6, 226, 226.3, and 226.6.

10  (Against all Defendants)

11    163.    Plaintiffs re-allege and incorporates by reference the foregoing

12  allegations as though set forth herein.

13    164.    Pursuant to law, written notice was provided to the LWDA and

14  Defendants of the specific violations of the California Labor Code Defendants have

15  violated and continue to violate.

16    165.    Pursuant to Labor Code § 2699.3, no response will likely be received

17  from the LWDA within 60 days of the postmark date of the above-alleged letter.

18    166.    Plaintiffs, therefore, will have exhausted all administrative procedures

19  required of them under Labor Code §§ 2698, 2699, and 2699.3, and, as a result, are

20  justified as a matter of right in bringing forward this cause of action and are entitled to

21  pursue penalties in a representative action for Defendants' violations of the Labor

22  Code.

23    167.    Pursuant to Labor Code § 2699, any provision of the Labor Code that

24  provides for a civil penalty to be assessed and collected by the LWDA or any of its

25  departments, divisions, commissions, boards, agencies or employees for violation of

26  the code may, as an alternative, be recovered through a civil action brought by an

27  aggrieved employee on behalf of himself or herself and other current or former

28  employees pursuant to the procedures specified in Labor Code § 2699.3.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 29 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

168.   Plaintiff is an "aggrieved employee" because Plaintiff was employed by the alleged violator and had one or more of the alleged violations committed against Plaintiff, and therefore is properly suited to represent the interests of other current and former Represented Employees.

169.   Because of the acts alleged above, Plaintiffs seek penalties under Labor Code §§ 2698 and 2699 because of Defendants' violation of numerous provisions of the California Labor Code as alleged in this Complaint.

170.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, penalties for violating Labor Code §§ 201, 202, 203, 204 and/or 204b, 218.5, 218.6, 226, 226.3, and 226.6.

171.   Labor Code § 558 establishes a civil penalty as follows: Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission (including the "Hours and Days of Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected employee.

172.   Plaintiffs seek penalties for Defendants' conduct as alleged herein as permitted by law.

173.   Specifically, Plaintiffs seeks penalties under Labor Code § 2699, for the following in addition to those Code provisions mentioned in this Cause of Action:

a.   For violations of Labor Code §§ 201, 202, 203, and 204/204b for failing to pay Plaintiff and Represented Employees in a timely manner; and

- 30 -
COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone (619) 886-7224
Facsimile (619) 259-5455

EXHIBIT B

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 295-5455

b. For the violation of Labor Code §§ 226 and 226.3,

for failing to provide Plaintiff and Represented

Employees accurate wage statements.

174.   Pursuant to Labor Code § 2698, *et seq.*, Plaintiffs seek to recover attorney's fees, costs, civil penalties, and wages on behalf of Plaintiff and other current and former Represented Employees as alleged herein in an amount to be shown according to proof at trial and within the jurisdictional limits of this Court.

## SEVENTH CAUSE OF ACTION

### Individual Claim for Remedies for Violations

### of the California Unfair Business

### Practices Code §§ 17200, *et seq.*

(Against all Defendants)

175.   Plaintiffs re-allege and incorporates by reference the foregoing allegations as though set forth herein.

176.   Defendants, and each of them, are "persons" as defined under Business and Professions Code § 17021.

177.   Plaintiffs are informed and believe and based thereon allege that Defendants committed the unfair business practices, as defined by Cal. Bus. & Prof. Code § 17200, *et seq.*, by violating the laws alleged to have been violated in this Complaint and which allegations are incorporated herein by reference.

178.   Defendants' conduct, as alleged above, constitutes unlawful, unfair, and fraudulent activity prohibited by Business and Professions Code §§ 17200, *et seq.*

179.   The unlawful and unfair business practices conducted by Defendants, and each of them, are ongoing and present a threat and likelihood of continuing against Plaintiffs and, accordingly, Plaintiff seeks injunctive relief where appropriate.

180.   Plaintiffs has suffered injury in fact and lost money or property because of the aforementioned unfair competition.

181.   Because of their improper acts, Defendants, and each of them, have

- 31 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

1   reaped and continue to reap unfair benefits and illegal profits at the expense of

2   Plaintiffs OLSHANSKY and TORRACA-RIANO and other employees and former

3   employees of Defendants, and each of them.

4        182.   Defendants, and each of them, should be enjoined from this activity and

5   made to disgorge these ill-gotten gains and restore to Plaintiffs OLSHANSKY and

6   TORRACA-RIANO and the Class the wrongfully withheld wages and/or penalties,

7   pursuant to Business and Professions Code §§ 17202 and/or 17203.

8        183.   Plaintiffs OLSHANSKY and TORRACA-RIANO and the Class have

9   also incurred and continue to incur attorneys' fees and legal expenses in an amount

10  according to proof at the time of trial and for which they seek compensation pursuant

11  to law including but not limited to Code of Civil Procedure § 1021.5.

12                          **PRAYER FOR RELIEF**

13       WHEREFORE, Plaintiffs OLSHANSKY and TORRACA-RIANO, on behalf

14  of the Class, pray for an order for relief as follows:

15       1.     An order that this action may proceed and be maintained as a class

16  action;

17       2.     For appointment of the Plaintiffs OLSHANSKY and TORRACA-

18  RIANO as the representatives of the Class;

19       3.     For appointment of counsel for Plaintiffs OLSHANSKY and

20  TORRACA-RIANO as Class Counsel;

21       4.     That Defendants be found liable to Plaintiffs OLSHANSKY and

22  TORRACA-RIANO and the Class;

23       5.     For a declaration that Defendants violated the rights of Plaintiffs

24  OLSHANSKY and TORRACA-RIANO and the Class under the FCRA and any other

25  applicable law alleged in this Complaint;

26       6.     Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages

27  to Plaintiff and the Class in an amount equal to $1,000 for Plaintiffs OLSHANSKY

28  and TORRACA-RIANO and each member of the Class for Defendant's willful

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 219-5455

- 32 -

violations of the FCRA;

7. In the event this case does not proceed on a FCRA class action basis, pursuant to Civ. Code § 1786.50, an award of statutory damages to Plaintiffs OLSHANSKY and TORRACA-RIANO in the amount of $10,000 each, or in the alternative actual damages in an amount according to proof;

8. For an award of punitive damages to Plaintiffs OLSHANSKY and TORRACA-RIANO and the members of the Class in an amount to be determined by the Court;

9. For costs of suit and expenses incurred herein, including reasonable attorneys' fees and costs allowed under relevant provision of law including, but not limited to, those allowed under 15 U.S.C. §1681n(a)(3), 15 U.S.C. §1681o(a)(2), Civ. Code § 1786.50, and/or other applicable provisions of law;

10. That Defendants, and each of them, be ordered and enjoined to pay restitution to Plaintiff and/or the Class and/or Represented Employees pursuant to Business and Professions Code §§ 17200-05;

11. That Defendants, and each of them, be required to issue to Plaintiff and/or the Class and/or Represented Employees accurate wage and earning statements;

12. For disgorgement through restitution of all ill-gotten and/or ill-gained profits, including unpaid wages and/or penalties to Plaintiffs OLSHANSKY and TORRACA-RIANO and/or the Class and/or Represented Employees, resulting from Defendants' unfair business practices pursuant to Business and Professions Code §§ 17200-05;

13. For an order by the Court requiring Defendants, and each of them, to show cause, if any they have, as to why to Plaintiff and/or the Class and/or Represented Employees should not have been issued itemized wage statements as required by § 226 of the Labor Code and why Defendants should not be required to pay Plaintiff minimum wages and overtime compensation under applicable state law;

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

14.    For all remedies available to Plaintiffs OLSHANSKY and TORRACA-RIANO under the applicable provisions of the Labor Code via PAGA Labor Code § 2698, *et seq.* including an award of attorneys' fees, costs, interest, liquidated damages, damages, penalties and waiting time penalties according to proof to the extent permitted by law;

15.    For maximum civil penalties available under the Labor Code and applicable Wage Order as described more particularly in this Complaint, representative PAGA claims including the payment of wages as set forth in Labor Code § 558;

16.    That Defendants, and each of them, be required to issue to Plaintiffs OLSHANSKY and TORRACA-RIANO and/or the Class and/or Represented Employees accurate wage and earning statements;

17.    For Labor Code § 203 penalties in an amount to be proven at trial;

18.    For special and general damages;

19.    That Plaintiffs OLSHANSKY and TORRACA-RIANO and/or the Class and/or Represented Employees be awarded reasonable attorneys' fees where available by law, including but not limited to pursuant to Labor Code §§ 2698, *et seq.*, Code of Civil Procedure § 1021.5, and/or other applicable laws; and

20.    For any other relief the Court may deem just, proper and equitable in the circumstances.

Dated: December 27, 2018                     Law Offices of
                                             Thomas D. Rutledge

                                     By: /s/*Thomas D. Rutledge*
                                         /s/Thomas D. Rutledge
                                         Attorneys for Plaintiffs

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of this matter.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 34 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

1  Dated: December 27, 2018

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
Thomas D. Rutledge

By: /s/Thomas D. Rutledge
Thomas D. Rutledge (SBN 200497)
Attorneys for Plaintiffs

- 35 -
COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

# Exhibit 1

## Notification and Authorization to Conduct Employment Background Investigation

I hereby authorize ATC Healthcare Staffing and their choice of reporting company to ascertain information regarding my background to determine any and all information of concern to my record, whether same is of record or not, and I release employers and persons named in my application from all liability for any damages on account of his/her furnishing said information. I understand that this form indicates that a background search will be conducted and that this is my notification of that intent. I understand that the purpose of this background investigation is to determine my suitability for employment and may elicit information on my character, general reputation, personal characteristics and mode of living. Additionally, you are hereby authorized to make any investigation of my personal history, educational background, military record, motor vehicle records, criminal records, and credit history through an investigative or credit agency or bureau of your choice. I authorize the release of this information by the appropriate agencies to the investigating service. I understand that my consent will apply throughout my employment, unless I revoke or cancel my consent by sending a signed letter or statement to the Company at any time, stating that I revoke my consent and no longer allow the Company to obtain consumer or investigative consumer reports about me.

**PLEASE PRINT CLEARLY**

FULL NAME: Michael Olshansky

OTHER NAMES USED/MAIDEN NAME/DATES:

CURRENT ADDRESS: Redacted        PHONE: Redacted

LIST ALL ADDRESSES FOR PAST 7 YEARS:

Dates:

Dates:

Dates:

EMAIL ADDRESS: Redacted

SOCIAL SECURITY # REDACTED        DATE OF BIRTH: REDACTED

DRIVER'S LICENSE # Redacted        STATE ISSUED: PA

\*\*\* MAY WE CONTACT YOUR CURRENT EMPLOYER?    YES [✓]    NO [ ]

\*\*\* HAVE YOU EVER BEEN CONVICTED OF A CRIME?    YES [ ]    NO [✓]

If yes, please explain:

**Notice to California Applicants** - You may omit minor traffic offenses, any convictions which have been sealed, expunged or statutorily eradicated, convictions more than two years old for the following marijuana related offenses: HS11357b&c, HS11360c, HS11364, HS11365, HS11550, and misdemeanors for which probation was completed and the case was judicially dismissed.

**Notice to Massachusetts Applicants:** You may omit a first conviction for any of the following misdemeanors: drunkenness, simple assault, speeding, minor traffic violations, affray, or disturbance of the peace, or any conviction of a misdemeanor where the date of such conviction or the completion of any period of incarceration resulting there from, whichever date is later, occurred five or more years prior to the date of this application for employment, unless you have been convicted of any offense within five years immediately preceding the date of this application for employment.
*Note:* No applicant will be denied employment solely on the grounds of conviction of a crime. The nature of the offense, the date of the offense, the surrounding circumstances and the relevance of the offense to the position will be considered.

SIGNATURE: ▉▉▉▉        DATE: Nov 18, 2018

**California Applicants:** Under Section 1786.22 of the California Civil Code, you have the right to request from Justifacts (5250 Logan Ferry Rd, Murrysville PA 15626 – 800-356-6885, www.justifacts.com), upon proper identification, the nature and substance of all information in its files on you, including the sources of information, and the recipients of any reports on you to whom Justifacts has previously furnished within the three-year period preceding your request. Files maintained on a consumer shall be made available for the consumer's visual inspection, as follows: (1) In-person, if he appears in person and furnishes proper identification. A copy of his file shall also be available to the consumer for a fee not to exceed the actual costs of duplication services provided. (2) By certified mail, if he makes a written request, with proper identification, for copies to be sent to a specified addressee. (3) A summary of all information contained in files on a consumer and required to be provided by Section 1786.10 shall be provided by telephone, if the consumer has made a written request, with proper identification, for telephone disclosure, and the toll charge, if any, for the telephone call is prepaid by or charged directly to the consumer.

[ ] **California, Minnesota & Oklahoma Applicants Only:** Please check this box if you would like a copy of the background check mailed to you. Minnesota and Oklahoma applicants will receive a copy direct from Justifacts or its designee. California applicants may receive a copy from either the prospective employer or Justifacts.

NOTICE: Under federal law, you have the right to request disclosure of the nature and scope of our investigation by providing us with a written request within 60 days of our background investigation.

Subscriber certifies that consumer credit information, consumer reports, as defined by the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA"), will be ordered only when intended to be used as a factor in establishing a consumer's eligibility for employment and that consumer credit information will be used for no other purposes. It is recognized and understood that the FCRA provides that anyone "who knowingly and willfully obtains information on a consumer from a consumer reporting agency" (such as Justifacts) "under false pretenses shall be fined not more than $2,500 or imprisoned not more than two years or both."

ATC Personnel/Payroll 0056

---

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

**PLAINTIFF(S) / PETITIONER(S):**    MICHAEL OLSHANSKY et.al.

**DEFENDANT(S) / RESPONDENT(S):**  ATC HEALTHCARE SERVICES INC et.al.

TORRACA-RIANO VS. ATC HEALTHCARE SERVICES INC [EFILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2018-00065377-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Gregory W Pollack                                    Department: C-71

## COMPLAINT/PETITION FILED: 12/27/2018

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/31/2019 | 01:30 pm | C-71 | Gregory W Pollack |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

===============================================================================

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---

SDSC CIV-721 (Rev. 01-17)

**NOTICE OF CASE ASSIGNMENT**

Page: 1

## EXHIBIT B

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:     330 West Broadway<br>MAILING ADDRESS:    330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA, 92101-3827<br>BRANCH NAME:     Central | |

| PLAINTIFF(S):   MICHAEL OLSHANSKY et.al. |
|---|
| DEFENDANT(S): ATC HEALTHCARE SERVICES INC et.al. |
| SHORT TITLE:   TORRACA-RIANO VS. ATC HEALTHCARE SERVICES INC [EFILE] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2018-00065377-CU-OE-CTL |
|---|---|

Judge: Gregory W Pollack                               Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)           ☐ Non-binding private arbitration

☐ Mediation (private)                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)           ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

Name of Plaintiff                            Name of Defendant

Signature                                    Signature

Name of Plaintiff's Attorney                 Name of Defendant's Attorney

Signature                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  12/28/2018                           JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2018-00065377-CU-OE-CTL      CASE TITLE: Torraca-Riano vs. ATC Healthcare Services Inc [EFILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
   (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
   (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

EXHIBIT B
- 89 -

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR:  Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

EXHIBIT B
- 90 -

# EXHIBIT "C"

# TO

# NOTICE OF REMOVAL

# [PAGES 91 - 136]

EXHIBIT C

- 91 -

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7071 | |

| PLAINTIFF(S) / PETITIONER(S):   MICHAEL OLSHANSKY et.al. |
|---|
| DEFENDANT(S) / RESPONDENT(S):  ATC HEALTHCARE SERVICES INC et.al. |

| TORRACA-RIANO VS. ATC HEALTHCARE SERVICES INC [EFILE] | |
|---|---|
| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2018-00065377-CU-OE-CTL |

**CASE ASSIGNMENT**

Judge:  Gregory W Pollack                                  Department: C-71

**COMPLAINT/PETITION FILED: 12/27/2018**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/31/2019 | 01:30 pm | C-71 | Gregory W Pollack |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

| SDSC CIV-721 (Rev. 01-17) | NOTICE OF CASE ASSIGNMENT | Page: 1 |
|---|---|---|

**EXHIBIT C**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:    330 W Broadway | |
| MAILING ADDRESS:    330 W Broadway | |
| CITY AND ZIP CODE:   San Diego, CA 92101-3827 | |
| BRANCH NAME:    Central | |
| TELEPHONE NUMBER:   (619) 450-7071 | |

| PLAINTIFF(S) / PETITIONER(S):    MICHAEL OLSHANSKY et.al. |
|---|
| DEFENDANT(S) / RESPONDENT(S):   ATC HEALTHCARE SERVICES INC et.al. |
| TORRACA-RIANO VS. ATC HEALTHCARE SERVICES INC [EFILE] |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER:<br>37-2018-00065377-CU-OE-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Gregory W Pollack                                    Department:  C-71

**COMPLAINT/PETITION FILED:** 12/27/2018

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/31/2019 | 01:30 pm | C-71 | Gregory W Pollack |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

SDSC CIV-721 (Rev. 01-17)                        **NOTICE OF CASE ASSIGNMENT**                        Page: 1

**EXHIBIT C**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

See attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TONI TORRACA-RIANO and MICHAEL OLSHANSKY, individually,
on behalf of themselves and others similarly situated.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/27/2018** at 10:37:03 PM

Clerk of the Superior Court
By Vanessa Bahena, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):* 37-2018-00065377-CU-OE-CTL |

SUPERIOR COURT OF CALIFORNIA
330 WEST BROADWAY, SAN DIEGO, CALIFORNIA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THOMAS D. RUTLEDGE, 500 W. HARBOR DR., STE. 1113, SAN DIEGO, CA 92101 Tel.: 619-886-7224

| DATE: 12/28/2018<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | Y. Bahena<br>V. Bahena | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

EXHIBIT C
- 94 -

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Olshansky, et al. v. ATC Healthcare Services, Inc., et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff    [✓] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

ATC HEALTHCARE SERVICES, INC., a Georgia corporation; ATC HEALTHCARE, INC., a Delaware corporation; ATC HEALTHCARE SERVICES, LLC, a Georgia limited liability company; ATC HEALTHCARE STAFFING, an unknown entity; ATC WEST STAFFING, INC., a California corporation; and DOES 1 through 50 inclusive.

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT C

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3627 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): MICHAEL OLSHANSKY et.al. |
|---|

| DEFENDANT(S): ATC HEALTHCARE SERVICES INC et.al. |
|---|

| SHORT TITLE: TORRACA-RIANO VS. ATC HEALTHCARE SERVICES INC [EFILE] |
|---|

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2018-00065377-CU-OE-CTL |
|---|---|

Judge: Gregory W Pollack                                    Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                  _____
Name of Plaintiff                                 Name of Defendant

_____                  _____
Signature                                         Signature

_____                  _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____                  _____
Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/28/2018                                 _____
                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page: 1

**EXHIBIT C**



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2018-00065377-CU-OE-CTL        CASE TITLE: Torraca-Riano vs. ATC Healthcare Services Inc [EFILE]

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

---

SDSC CIV-730 (Rev 12-10)        **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**        Page: 1

EXHIBIT C
- 97 -

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

EXHIBIT C
- 98 -

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/27/2018** at 10:37:03 PM
Clerk of the Superior Court
By Vanessa Bahena,Deputy Clerk

1  Thomas D. Rutledge (SBN 200497)
2  Attorney-at-Law
3  500 West Harbor Drive, Suite 1113
   San Diego, California 92101
4  Telephone:  (619) 886-7224
5  Facsimile:   (619) 259-5455

6  Co-Counsel listed on next page.

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9           COUNTY OF SAN DIEGO-CENTRAL DIVISION

10
11  TONI TORRACA-RIANO and       )   Case No.: 37-2018-00065377-CU-OE-CTL
    MICHAEL OLSHANSKY,           )
12  individually, on behalf of themselves )   **INDIVIDUAL AND CLASS ACTION**
13  and others similarly situated, )   **COMPLAINT FOR:**
                                 )
14          Plaintiffs            )   1.  **Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681b(b)(2)(A) § 1681o(a) (Obtaining Consumer Reports Without Proper Disclosure)**
15  vs.                          )
                                 )   2.  **Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681b(b)(2)(A) § 1681o(a) (Obtaining Consumer Reports Without Proper Authorization);**
16  ATC HEALTHCARE SERVICES,     )
17  INC., a Georgia corporation; ATC )
    HEALTHCARE, INC., a Delaware )
18  corporation; ATC HEALTHCARE )   3.  **Violations of the California Investigative Consumer Reporting Agencies Act (ICRAA) (Civ. Code, § 1786, et seq.);**
19  SERVICES, LLC, a Georgia limited )
    liability company; ATC       )   4.  **Failure to Make Payments Within the Required Time;**
20  HEALTHCARE STAFFING, an      )
21  unknown entity; ATC WEST     )   5.  **Violations of Labor Code § 226;**
    STAFFING, INC., a California )
22  corporation; and DOES 1 through 50 )   6.  **Remedies Under Private Attorney General Act (PAGA California Labor Code §§ 2698, 2699, et seq.); and**
23  inclusive                    )
                                 )   7.  **Unfair Business Practices in Violation of Cal. Bus. & Prof. Code §§ 17000, et seq. and §§ 17200, et seq.**
24          Defendants.          )
25                               )
26                               )   **DEMAND FOR JURY TRIAL**
27                               )
28                               )

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

EXHIBIT C
- 99 -

1  Greenstone Law APC
2  Mark S. Greenstone (SBN 199606)
   1925 Century Park East, Suite 2100
3  Los Angeles, California 90067
   Telephone:  (310) 201-9156
4  Facsimile:   (310) 201-9160

5
6  Glancy Prongay & Murray LLP
   Marc L. Godino (SBN 182689)
7  Danielle L. Manning (SBN 313272)
   1925 Century Park East, Suite 2100
8  Los Angeles, California 90067
   Telephone:  (310) 201-9150
9  Facsimile:   (310) 201-9160

10
11  Attorneys for Plaintiffs

12

13       Plaintiffs TONI TORRACA-RIANO and MICHAEL OLSHANSKY, on behalf
14  of themselves and acting for the interest of other current and former employees
15  ("Represented Employees"), and all other similarly situated individuals (cumulatively
16  "Plaintiffs"), allege the following:

17              **NATURE OF THE ACTION**
18       1.    Plaintiffs bring this nationwide class action on behalf of all individuals
19  who applied for employment with Defendants and who executed a release and
20  authorization form permitting Defendants to procure a consumer report and/or
21  investigative consumer report on them as part of their employment or application for
22  employment with Defendants.
23       2.    Specifically, Plaintiffs complain that Defendants have a uniform policy
24  or practice of obtaining an applicant's consumer report and have violated the Fair
25  Credit Reporting Act (the "FCRA") through use of a legally invalid authorization
26  form that: (1) fails to provide a clear and conspicuous disclosure; and (2) fails to
27  provide a disclosure that appears in a document that consists solely of the disclosure.
28       3.    Pursuant to Code of Civil Procedure § 382 and Labor Code Private

(vertical text, left margin) Thomas D. Rutledge
Attorney-at-Law
3890 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 235-5455

- 1 -
COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT C
- 100 -

1   Attorney General Act ("PAGA"), §§ 2698, 2699 of the California Labor Code,
2   Plaintiffs also bring a class and representative action against Defendants for wage and
3   hour abuses in violation of the California Labor Code and the Industrial Welfare
4   Commission Wage Orders (the "IWC Wage Orders"), all of which contribute to
5   Defendants' deliberate unfair competition.

6          4.     Plaintiffs OLSHANSKY and TORRACA-RIANO, on behalf of
7   themselves and all Class Members, seek damages, penalties, restitution, injunctive and
8   other equitable relief, reasonable attorneys' fees, and costs.

9                       **JURISDICTION AND VENUE**

10         5.     Pursuant to Article VI, § 10 of the California Constitution, subject matter
11   jurisdiction over Plaintiffs' wage and hour claims is proper in the Superior Court of
12   California, County of San Diego, State of California because Plaintiffs allege claims
13   arising under California law.

14         6.     Jurisdiction over Plaintiffs FCRA claim is proper under 15 U.S.C. §
15   1681p which provides that "[a]n action to enforce any liability created under this
16   subchapter may be brought in any appropriate United States district court, without
17   regard to the amount in controversy, or in any other court of competent
18   jurisdiction..."

19         7.     This Court has personal jurisdiction over Defendants because Defendants
20   conduct business in this State, have systematic and continuous ties with this state, and
21   have agents and representatives that can be found in this state.

22         8.     Pursuant to § 395 of the California Code of Civil Procedure, venue is
23   proper in the Superior Court of California for the County of San Diego because
24   Defendants' corporate records filed with the California Secretary of State indicate
25   they maintain a principle business office at 9040 Friars Road, Suite 335, San Diego,
26   California 92108.

27                            **THE PARTIES**

28         9.     Plaintiff TONI TORRACA-RIANO is an individual currently residing in

- 2 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5655

EXHIBIT C

- 101 -

1  California.

2     10.   Plaintiff MICHAEL OLSHANSKY is an individual residing outside the

3  state of California. During his employment with Defendants from on or about

4  November 2, 2018 to November 28, 2018, however, Plaintiff OLSHANSKY resided

5  in California.

6     11.   Defendant ATC HEALTHCARE SERVICES, INC. is a Georgia

7  Corporation doing business in California.

8     12.   Defendant ATC HEALTHCARE, INC. is a Delaware Corporation doing

9  business in California.

10     13.   Defendant ATC HEALTHCARE SERVICES, LLC is a Georgia limited

11  liability company doing business in California.

12     14.   Defendant ATC HEALTHCARE STAFFING is an unknown entity

13  doing business in California.

14     15.   Defendant ATC WEST STAFFING, INC. is a California Corporation,

15  but according to the California Secretary of State Website, it is "dissolved."

16     16.   The true names and capacities, whether individual, corporate, associate or

17  otherwise of the Defendants named herein as DOES 1 through 50, are unknown to

18  Plaintiffs at this time. Plaintiffs therefore sue said Defendants by such fictitious names

19  pursuant to § 474 of the California Code of Civil Procedure. Plaintiffs will seek leave

20  to amend this Complaint to allege the true names and capacities of DOES 1 through 50

21  when Plaintiffs ascertain their names. Plaintiffs are informed and believe, and based

22  thereon allege, that each of the DOE Defendants is in some manner liable to Plaintiffs

23  for the events and actions alleged herein.

24     17.   Unless otherwise specified by name, the named Defendants and DOES 1

25  through 50 will be collectively referred to as "DEFENDANT EMPLOYER" and/or

26  "Defendants."

27     18.   Plaintiffs are informed and believe, and based thereon allege, that each

28  Defendant was acting as an agent, joint venturer, an integrated enterprise and/or alter

- 3 -

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

EXHIBIT C
- 102 -

1   ego for each of the other Defendants and each were co-conspirators with respect to the

2   acts and the wrongful conduct alleged herein so that each is responsible for the acts of

3   the other pursuant to the conspiracy and in proximate connection with the other

4   Defendant(s).

5        19.   Plaintiffs are informed and believe, and based thereon allege, that each

6   Defendant was acting partly within and partly without the scope and course of their

7   employment, and was acting with the knowledge, permission, consent, and ratification

8   of every other Defendant.

9        20.   Plaintiffs are informed and believe, and based thereon allege that each of

10  the Defendants was an agent, managing general partner, managing member, owner, co-

11  owner, partner, employee, and/or representative of each of the Defendants and was at

12  all times material hereto, acting within the purpose and scope of such agency,

13  employment, contract and/or representation, and that each of them is jointly and

14  severally liable to Plaintiff.

15       21.   Plaintiffs are informed and believe, and based thereon allege that each of

16  the Defendants is liable to Plaintiff under legal theories and doctrines including but not

17  limited to (1) joint employer; (2) integrated enterprise; (3) agency; and/or (4) alter ego,

18  based in part, on the facts set forth below.

19       22.   Plaintiffs are informed and believe, and based thereon allege, that each of

20  the named Defendants are part of an integrated enterprise and have acted or currently

21  act as the employer and/or joint employer of the Plaintiffs/Class Members making each

22  of them liable for the wage and hour violations alleged herein.

23       **STATUTORY BACKGROUND OF THE FCRA**

24       23.   Enacted in 1970, the FCRA's passage was driven in part by two related

25  concerns: first, that consumer reports were playing a central role in people's lives at

26  crucial moments, such as when they applied for a job or credit, and when they applied

27  for housing; second, despite their importance, consumer reports were unregulated and

28  had widespread errors and inaccuracies.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 4 -

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

EXHIBIT C
- 103 -

24.     While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure their "confidentiality, accuracy, relevancy, and proper utilization." 15 U.S.C. § 1681.

25.     Congress was particularly concerned about the use of consumer reports by employers. Accordingly, Congress required employers to make a clear and conspicuous written disclosure to employees and job applicants, in a document that consists solely of the disclosure, that a consumer report may be procured for employment purposes. 15 U.S.C. § 1681b(b)(2). This is commonly referred to as the "stand-alone disclosure" requirement. Congress further required that employers obtain written authorization prior to procurement of a consumer report for employment purposes. *Id.*

26.     The FCRA's stand-alone disclosure requirement is one of many elements of the FCRA that combine to ensure that consumers know when consumer reports may be generated about them, that they know their rights, and that they have the opportunity to dispute errors in their reports. See 15 U.S.C. § 1681b(b)(3)(A) (pre-adverse employment action notice requirement); § 1681b(4)(B) (notification of national security investigation); § 1681 c(h) (notification of address discrepancy); § 168ld(a) (disclosure of investigative report); § 1681g (full file disclosure to consumers); § 1681k(a)(l) (disclosure regarding the use of public record information);§ 1681h (form and conditions of disclosure); § 1681m(a) (post-adverse employment action notice requirement).

27.     Although the disclosure and the authorization may be combined in a single document, the FTC has warned that the form should not include any extraneous information or be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

- 5 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT C

- 104 -

1
2
3
4

The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A)] is intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

5
6
7
8
9
10

28.    The plain language of the statute also clearly indicates that the inclusion of a waiver in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a waiver. In a 1998 opinion letter, the FTC stated:

11
12
13
14

[W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

29.    Consistent with the FTC's construction of the FCRA, courts have repeatedly held that extraneous information renders a purported FCRA disclosure non-compliant. *See, e.g., Woods v. CaremarkPHC, LLC*, No. 4:15-cv-00535, 2015 WL 6742124, *2 (W.D. Mo. Nov. 2, 2015) (denying motion to dismiss FCRA complaint where plaintiff alleged that purported disclosure contained an overbroad authorization for third parties to provide information to defendant and its consumer reporting agency, and state specific notices that did not apply to plaintiff); *Jones v. Halstead Mgmt. Co., LLC*, No. 14-cv-3125, 2015 WL 366244, *5 (S.D.N.Y. Jan 27, 2015) (denying motion to dismiss FCRA complaint where plaintiff alleged that purported disclosure form included timeframes during which applicant must challenge accuracy of any report, an acknowledgement that employment decisions are based on non-discriminatory reasons, the contact information for the consumer reporting agency and state specific notices that "stretched what should be a simple disclosure form into two full pages of eye-straining typeface writing.").

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 6 -

30.   As discussed below, Defendant routinely violates the FCRA by failing to provide the required stand-alone disclosure to employees and job applicants.

## GENERAL ALLEGATIONS REGARDING UNLAWFUL
## PROCUREMENT OF CONSUMER REPORT CLAIMS

31.   On or about November 18, 2018, as part of Plaintiffs' application for employment, DEFENDANT EMPLOYER required Plaintiffs OLSHANSKY and TORRACA-RIANO to sign a document titled "Notification and Authorization to Conduct Employment Background Investigation." A true and correct redacted copy of Plaintiff OLSHANSKY'S authorization is attached hereto and marked as **Exhibit 1**.

32.   This form is at the heart of one key part of this dispute.

33.   The abovementioned form purportedly authorizes "ATC Healthcare Staffing" to conduct a background investigation concerning Plaintiffs OLSHANSKY and TORRACA-RIANO and the putative Class.

34.   Plaintiffs maintain this form is illegal because, in part, it includes a release and hold harmless clause that provides, "I release employers and persons named in my application from all liability for any damages on account of his/her furnishing said information." See **Ex. 1**.

35.   Plaintiffs maintain this form is also illegal because it misstates the name of Plaintiffs OLSHANSKY'S and TORRACA-RIANO'S employer as being "ATC Healthcare Staffing," when according to their wage and earning statements, the only legal entity identified as being Plaintiffs' employer was "ATC Healthcare Services, Inc." See **Ex. 1**.

36.   To the extent "ATC Healthcare Staffing" (if it exists) is the entity that procured consumer reports on Plaintiffs OLSHANSKY and TORRACA-RIANO and Class Members, this form also fails to provide any disclosure or to obtain any authorization at all.

37.   Plaintiffs maintain this form is also illegal because it includes other extraneous information in addition to a release, including but not limited to a number

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 255-5455

- 7 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT C
- 106 -

1   of purported unrelated state law admonitions. See **Ex. 1**.

2        38.    Plaintiffs maintain this form is also illegal to the extent that it is overly

3   broad and purports to authorize the procurement of any information concerning the

4   applicant whether otherwise lawful or appropriate.  See **Ex. 1**.

5        39.    Plaintiffs are informed and believe and therefore allege that pursuant to

6   the forms that Plaintiffs OLSHANSKY and TORRACA-RIANO signed on or about

7   November 18, 2018, DEFENDANT EMPLOYER obtained consumer reports on

8   Plaintiffs OLSHANSKY and TORRACA-RIANO.

9        40.    On information and belief, DEFENDANT EMPLOYER had a practice

10  and policy of procuring consumer reports on all Class Members based upon this or

11  substantially similar forms during the class period.

12       41.    Based on the foregoing, Plaintiffs claim Defendants violated both state

13  and federal law.

14                    **GENERAL ALLEGATIONS REGARDING**

15                      **LABOR CODE VIOLATIONS**

16  **Labor Code § 226 Violations**

17       42.    From at least four years before the filing of this action and continuing to

18  the present, and pursuant to company policy and/or practice and/or direction,

19  Defendants issued inaccurate wage and earning statements to Plaintiffs.

20       43.    On or about November 29, 2018, Defendants issued Plaintiff

21  OLSHANKSY a paystub.

22       44.    This paystub did not accurately state Plaintiff OLSHANKSY'S gross

23  wages earned or the total hours worked by the employee.

24       45.    The November 29, 2018 paystub stated Plaintiff OLSHANKSY earned

25  $1,810.21 in gross wages, but Plaintiff actually earned $2,194.59.

26       46.    Additionally, the November 29, 2018 statement did not account for

27  Plaintiff OLSHANKSY'S 0.75 hours of overtime and two hours of double time.

28       47.    Further, if indeed "ATC Healthcare Staffing" was Plaintiffs' employer,

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5655

- 8 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT C

- 107 -

1  Defendant failed to identify such entity as being Plaintiffs' employer, as required

2  under Labor Code § 226(a)(8).

3      48.   Plaintiff TORRACA-RIANO similarly alleges that her paystubs were

4  inaccurate.

5      49.   Plaintiffs are informed and believe and therefore allege that Defendants

6  issued similarly inaccurate paystubs to similarly situated employees.

7      50.   Based on the foregoing, Plaintiffs seeks the remedies set forth in this

8  Complaint.

9  **Waiting Time Penalties**

10      51.   Pursuant to Defendants' policies, Defendants failed to pay all wages to

11  Plaintiffs in a timely manner.

12      52.   On or about November 28, 2018, Defendants involuntarily terminated

13  Plaintiffs OLSHANSKY'S and TORRACA-RIANO'S employment.

14      53.   On Plaintiffs OLSHANSKY'S and TORRACA-RIANO'S date of

15  termination, however, Defendants failed to pay Plaintiffs OLSHANSKY and

16  TORRACA-RIANO all their unpaid wages immediately upon their termination.

17      54.   Plaintiffs are informed and believe and based thereon allege that

18  Defendants similarly did not pay other similarly situated employees all wages due and

19  payable in a timely manner.

20      55.   Based on the foregoing, Plaintiffs seeks the remedies set forth in this

21  Complaint.

22      **REPRESENTATIVE ACTION (PAGA) CLAIMS**

23      56.   The duties and business activities of the Represented Employees were

24  essentially the same as the duties and activities of Plaintiffs OLSHANSKY and

25  TORRACA-RIANO described above.

26      57.   This is a wage and hour representative action filed pursuant to PAGA, §§

27  2698, 2699 generally consists of the following group:

28      **All nonexempt persons Defendants employed in the State of**

- 9 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas B. Rutledge
Attorney-at-Law
509 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5655

EXHIBIT C
- 108 -

1    **California from December 21, 2017 to the present.**

2    58.    All members of the represented groups will be referred to as the

3    "Represented Employees."

4    59.    The "Representative Period" means from **December 21, 2017** to the

5    present, the timeframe where the scope of statute allows Plaintiffs to recover wages

6    and penalties.

7    60.    At all times during the Representative Period, all the Represented

8    Employees were employed in the same or similar job as Plaintiffs OLSHANSKY and

9    TORRACA-RIANO and were paid in the same manner and under the same standard

10    employment procedures and practices as the Plaintiff.

11    61.    Plaintiffs OLSHANSKY and TORRACA-RIANO further allege

12    DEFENDANT EMPLOYER did not pay them and, on information and belief

13    Represented Employees, all wages due at the time their employment ended with

14    DEFENDANT EMPLOYER.

15    62.    On information and belief, current and former employees of

16    DEFENDANT EMPLOYER were subject to wage and hour violations by

17    DEFENDANT EMPLOYER, including failing to pay for all wages due.

18    63.    California law provides that an employee may file an action against an

19    employer to recover penalties for violations of the Labor Code and Wage Orders,

20    provided the aggrieved employee files an action on behalf of him or herself and

21    similarly situated current and former employees.

22    64.    At all material times, DEFENDANT EMPLOYER was and/or is

23    Represented Employees' employer or persons acting on behalf of Represented

24    Employees' employer, within the meaning of California Labor Code § 558, who

25    violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor

26    Code or any provision regulating hours and days of work in any Order of the Industrial

27    Welfare Commission and, as such, are subject to penalties for each underpaid

28    employee as set for in Labor Code § 558.

Thomas D. Rutledge
Attorney-at-Law
3648 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 10 -

1    65.    As set forth in further detail below, because of the analysis and

2    investigation of the Plaintiffs' claims, Plaintiffs' attorneys sent letters to the California

3    Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and

4    to DEFENDANT EMPLOYER informing DEFENDANT EMPLOYER of their claims

5    and their intent to pursue litigation.

6    <u>**EXHAUSTION OF ADMINISTRATIVE REMEDIES**</u>

7    66.    As to penalty claims under the Labor Code Private Attorney General

8    Act, on **December 21, 2018,** Plaintiffs began to exhaust his/her administrative

9    remedies by sending correspondence to the LWDA and DEFENDANT EMPLOYER

10    indicating that Plaintiffs OLSHANSKY and TORRACA-RIANO are pursuing the

11    claims alleged in this Complaint.

12    67.    By the time an amended Complaint is filed, the statutory period for

13    Plaintiffs will have expired on the letter alleged above and the LWDA will likely not

14    have served Plaintiffs with notice of intent to assume jurisdiction over the applicable

15    penalty claims and did not provide notice as set forth in Labor Code § 2699.3

16    (a)(2)(A) within the statutory period.

17    68.    Therefore, Plaintiffs will have exhausted Plaintiffs' administrative

18    remedies to enable Plaintiffs to seek the penalty claims sought in this Complaint.

19    69.    The Causes of Action alleged herein are appropriately suited for a

20    Representative Action under PAGA (Labor Code § 2698, *et seq.*) because:

21    a.    This action involves allegations of violations of

22    provisions of the California Labor Code that

23    provide for a civil penalty to be assessed and

24    collected by the LWDA or any departments,

25    divisions, commissions, boards, agencies or

26    employees;

27    b.    Plaintiffs are "aggrieved employees" because

28    Plaintiffs were employed by the alleged violator

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 255-5455

- 11 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT C
- 110 -

1    and had one or more of the alleged violations

2    committed against them; and

3    c.  Plaintiffs have satisfied the procedural

4    requirements of Labor Code § 2699.3, as set forth

5    above.

6    **CLASS ACTION ALLEGATIONS**

7    70.    Plaintiffs OLSHANSKY and TORRACA-RIANO bring this action on

8    behalf of themselves and all others similarly situated as a Class Action pursuant to §

9    382 of the Code of Civil Procedure.

10   71.    Plaintiffs OLSHANSKY and TORRACA-RIANO seek to represent the

11   classes and/or subclasses composed of and defined as follows:

12   Labor Code Class:

13   **All current or former nonexempt employees who worked in**

14   **the state of California from December 27, 2014 to the**

15   **present for the Defendants who were issued wage and**

16   **earning statements from ATC Healthcare Services, Inc.**

17   FCRA Class:

18   **All persons residing in the United States regarding whom**

19   **Defendants procured or caused to be procured a consumer**

20   **report for employment purposes during the period five**

21   **years prior to the filing of the present action through the**

22   **date of certification.**

23   72.    Plaintiffs OLSHANSKY and TORRACA-RIANO also seek to represent

24   the following subclasses composed of and defined as follows:

25   **Wage Statement Subclass:** All Members of the Plaintiff Class who,

26   during the applicable statute of limitations period, did not receive

27   accurate itemized wage statements as required by Labor Code § 226.

28   **Waiting Time Subclass:** All Members of the Plaintiff Class who,

- 12 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
900 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 295-3455

EXHIBIT C
- 111 -

1  during the applicable limitations period, did not receive all wages due
2  in a timely manner as required by Labor Code §§ 201-204.

3  **UCL Subclass:** All Members of the Plaintiff Class, who, during the
   relevant period, Defendants owe restitution in the form of (1)
4  unreimbursed expenses and/or (2) wages earned and unpaid because
5  of Defendants' uniform pay policies and procedures.

6      73.    The above-mentioned class-members will collectively be referred to as
7  "Class Members."

8      74.    Plaintiffs reserve the right under the California Rules of Court, to
9  amend or modify the class description with greater specificity or further division into
10  subclasses or limitation to particular issues.

11     75.    This action is brought and may properly be maintained as a Class Action
12  under the provisions of § 382 of the Code of Civil Procedure because there is a
13  well-defined community of interest in the litigation and the proposed Class is easily
14  ascertainable.

15  **A.    Numerosity**

16     76.    The potential members of the Class as defined are so numerous or many,
17  that joinder of all the members of the Class is impracticable.

18     77.    While the precise number of Class Members has not been determined at
19  this time, Plaintiffs are informed and believe, and on that basis allege, that
20  DEFENDANT EMPLOYER currently employs, and during the relevant time periods
21  employed, over 100 Class Members.

22     78.    Accounting for employee turnover during the relevant periods necessarily
23  increases this number substantially.

24  **B.    Commonality**

25     79.    There are questions of law and fact common to the Class that
26  predominate over any questions affecting only individual Class Members.

27     80.    Common questions of law and fact include, without limitation and

28

Thomas D. Rutledge
Attorneys-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

-13-

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT C
- 112 -

1  subject to possible further amendment, the following:

    a.  Whether the Defendant violated the FCRA by procuring consumer reports based on invalid authorizations;

    b.  Whether Defendants' policy or practice of not paying hourly employees all their wages due in their final paychecks immediately upon involuntary termination or within 72 hours' notice of when its employees provided notice of their voluntary resignation, is unlawful under Labor Code §§ 201, 202 and/or 203;

    c.  Whether Defendants violated Labor Code §§ 226 by not providing accurate paystubs; and

    d.  Whether Plaintiffs OLSHANSKY and TORRACA-RIANO and the members of the Class may recover remedies pursuant to Business & Professions Code §§ 17200, *et seq.*

**C.**   <u>Typicality</u>

81.   Plaintiffs OLSHANSKY'S and TORRACA-RIANO'S claims are typical of the claims of the Class because Plaintiffs OLSHANSKY and TORRACA-RIANO and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct and policies in violation of laws, regulations that have the force and effect of law and statutes as alleged herein.

**D.**   <u>Adequacy of Representation</u>

82.   Plaintiffs OLSHANSKY and TORRACA-RIANO are members of the Class, do not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.

83.   Counsel representing Plaintiffs OLSHANSKY and TORRACA-RIANO and the putative Class is competent and experienced in litigating employment class

- 14 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT C
- 113 -

1    actions, including wage and overtime class actions.

2       84.    Plaintiffs OLSHANSKY and TORRACA-RIANO will fairly and

3    adequately represent and protect the interests of the Class Members.

4       E.     **Superiority of Class Action**

5       85.    A class action is superior to other available means for the fair and

6    efficient adjudication of this controversy because individual joinder of all Class

7    Members is not practicable, and questions of law and fact common to the Class

8    predominate over any questions affecting only individual members of the Class.

9       86.    Each Class Member was damaged or suffered injury and may recover by

10    reasons of Defendants' illegal policies and/or practices.

11       87.    Class Action treatment will allow those similarly situated persons to

12    litigate their claims in the manner that is most efficient and economical for the parties

13    and the judicial system.

14       88.    Plaintiffs are unaware of any difficulties that are likely to encounter in

15    the management of this action that would preclude maintenance as a Class Action.

16       89.    For the reasons alleged in this Complaint, this action should be certified

17    as a Class Action.

18                 **FIRST CAUSE OF ACTION**

19                 **Individual and Class Claim for**

20            **Violation of the Fair Credit Reporting Act**

21      **(Obtaining Consumer Reports Without Proper Disclosure)**

22                (Against All Defendants)

23       90.    Plaintiffs allege and incorporates by reference the allegations in the

24    preceding paragraphs as though fully set forth herein.

25       91.    Pursuant to 15 U.S.C. § 1681b(a)(3)(B), a consumer reporting agency

26    may furnish a consumer report for employment purposes.

27       92.    Likewise, a consumer report may be used for the evaluation of "a

28    consumer for employment, promotion, reassignment or retention of an employee." 15

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 15 -

1   U.S.C. §1681a(h).

2        93.    The FCRA requires that, before procuring a consumer report on an

3   individual for employment purposes, the employer must: (1) provide a clear and

4   conspicuous disclosure to each applicant in writing that a consumer report may be

5   obtained for employment purposes; and (2) obtain the applicant's authorization in

6   writing to obtain the report. 15 U.S.C. § 1681b(b)(2)(A).

7        94.    Section 1681b(b)(2)(A) further specifies that the disclosure must be in

8   writing "in a document that consists solely of the disclosure."

9        95.    Specifically, Section 1681b(b)(2)(A) provides, in relevant part:

10
11       ... a person may not procure a consumer report, or cause a consumer
     report to be procured, for employment purposes with respect to any
12   consumer, unless--
     a clear and conspicuous disclosure has been made in writing to the
13   consumer at any time before the report is procured or cause to be
     procured, in a document that consists solely of the disclosure, that a
14   consumer report may be obtained for employment purposes; and (ii)
     the consumer has authorized in writing (which authorization may be
15   made on the document referred to in clause (i)) the procurement of
     the report by that person.
16

17   15 U.S.C. § 1681b(b)(2)(A).

18        96.    During the Class Period, DEFENDANT EMPLOYER required Plaintiffs

19   OLSHANSKY and TORRACA-RIANO and the FCRA Class Members to sign an

20   authorization form as part of their job application with DEFENDANT EMPLOYER,

21   which form purported to allow "ATC Healthcare Staffing" to procure consumer

22   reports regarding the Plaintiffs.

23        97.    To the extent that ATC Healthcare Staffing (if such entity exists) is not

24   the entity that procured consumer reports on Plaintiffs and FCRA Class Members,

25   DEFENDANT EMPLOYERS failed to provide any disclosure at all prior to

26   procuring consumer reports for employment purposes, as required by the FCRA.

27        98.    Moreover, the form that was provided facially violates the FCRA in

28   numerous respects.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 16 -

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

EXHIBIT C
- 115 -

99.    Included in DEFENDANT EMPLOYER'S Notification and Authorization Form, i.e., **Exhibit 1** are reams of extraneous information, including but not limited to, a liability release and multiple state law admonitions. See **Exhibit 1.**

100.    Defendants' inclusion of the aforementioned, among other extraneous information, in its Notification and Authorization Form executed by applicants facially contravenes the requirements of 15 U.S.C. § 1681b(b)(2)(A) that the disclosure be: (1) "clear and conspicuous"; and (2) appear "in a document that consists solely of the disclosure."

101.    As a matter of law, Defendant's inclusion of the aforementioned information invalidates the Notification and Authorization Form for purposes of the FCRA. *See Syed v. M-I, LLC*, 853 F.3d 492, *10-11 (9th Cir. 2017) (holding an employer violates Section 1681b(b)(2)(A)(I)—(ii) when it requires an employee to sign a form containing a waiver of liability provision as part of a background investigation); *Harris v. Home Depot U.S.A., Inc.*, 114 F. Supp. 3d 868, 870-71 (N.D. Cal. 2015) (release of liability improper); *Feist v. Petco Animal Supplies, Inc.*, 218 F. Supp. 3d 1112 (S.D. Cal. 2016) (a summary of consumer rights in seven different states improper); *Lagos v. The Leland Stanford Junior University*, 2015 U.S. Dist. LEXIS 163119 (N.D. Cal. Dec. 4, 2015) (inclusion of seven state law notices and sentence stating "I also understand that nothing herein shall be construed as an offer of employment or contract for services" plausibly violated stand-alone disclosure requirement); *Woods v. Caremark PHC, L.L.C.*, 2015 U.S. Dist. LEXIS 148051 (W.D. Mo. 2015) ("The specific 'extraneous information' Plaintiff alleges Defendant included in its Authorization Form for Consumer Reports is: (1) an overbroad authorization for third parties to provide information to Defendant and its consumer reporting agency, (2) state-specific notices that did not apply to Plaintiff, and (3) that the form was part of a five-page stapled packet of three documents. Where FCRA allegations involve the inclusion of extraneous information beyond an authorization,

- 17 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

EXHIBIT C

- 116 -

1  the complaint meets the 12(b)(6) standard to state a claim for willful violation of the

2  FCRA stand-alone requirement."); *see also* Letter from William Haynes, Attorney,

3  Div. of Credit Practices, Fed Trade Comm'n to Richard W. Hauxwekk, CEO,

4  Accufax Div. (June 12, 1998), 1998 W.L. 34323756 (F.T.C.) (noting that the

5  inclusion of a waiver in a disclosure form will violate the FCRA).

6        102.   The Notification and Authorization form is also illegal to the extent that

7  it purports to authorize the procurement of any and all information regarding

8  Plaintiffs and FCRA Class Members, whether legal or proper to do so.

9        103.   Defendants acted willfully by providing a facially invalid Notification

10 and Authorization Form that was in direct violation of the clear and unambiguous

11 requirements set forth in 15 U.S.C. § 1681b(b)(2)(A).

12       104.   Defendants knew or acted with reckless disregard of its statutory duties

13 and the rights of applicants and employees, including Plaintiff and the Class, thus

14 knowingly and/or recklessly disregarding its statutory duties.

15       105.   On information and belief, as well as Plaintiffs' investigation,

16 Defendants' conduct was willful because:

17            a.  Defendants required Plaintiff and the Class to execute the

18                Notification and Authorization Form knowing that it was

19                facially invalid in violation of the FCRA and Defendants'

20                statutory duties;

21            b.  Defendants acted with reckless disregard of the FCRA

22                requirements and Defendants' statutory duties when it

23                required Plaintiff and the Class to execute the Notification

24                and Authorization Form that was facially invalid and in

25                violation of the clear and unambiguous requirements of the

26                FCRA;

27            c.  Upon information and belief, Defendants were advised by

28                skilled lawyers and other professional employees, and

- 18 -

COMMON - Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 866-7224
Facsimile: (619) 259-5455

EXHIBIT C

- 117 -

advisors knowledgeable about the FCRA requirements;

d. The plain language of the statute unambiguously indicates that inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements;

e. The FTC's express statements, pre-dating Defendants' conduct, state that it is a violation of 15 U.S.C. § 1681b(b)(2)(A) to include a liability waiver in the FCRA disclosure form; and

f. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater that the risk associated with a reading that was merely careless.

106. Pursuant to 15 U.S.C. §1681n(a)(1)(A), Plaintiffs OLSHANSKY and TORRACA-RIANO and the FCRA Class may recover statutory damages due to Defendant's willful failure to comply with the requirements imposed by 15 U.S.C. § 1681b(b)(2)(A) of an amount not less than $100 and not more than $1,000.

107. Plaintiffs OLSHANSKY and TORRACA-RIANO and the Class seek the recovery of punitive damages for Defendants' willful violations, in an amount as the Court may allow.

108. Pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2), Plaintiffs OLSHANSKY and TORRACA-RIANO and the Class seek the recovery costs of suit with reasonable attorneys' fees, as determined by the Court.

## SECOND CAUSE OF ACTION

### Individual and Class Claim for

### Violation of the Fair Credit Reporting Act

### (Obtaining Consumer Reports Without Proper Authorization)

109. Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

110. As alleged above, the form presented to Plaintiffs and FCRA Class

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 19 -

EXHIBIT C

- 118 -

1  Members purports to authorize "ATC Healthcare Staffing" to perform a background

2  investigation.

3       111.   To the extent the foregoing entity (if it exists at all) is not the entity that

4  procured consumer reports on Plaintiffs and Class Members, Defendants failed to

5  obtain any authorization at all.

6       112.   Alternatively, because Defendants failed to make a clear and

7  conspicuous disclosure that a consumer report may be procured in a document

8  consisting solely of the disclosure, Defendants violated the FCRA by procuring

9  consumer reports relating to Plaintiffs and other Class Members without proper

10 authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

11      113.   The foregoing violations were willful because Defendants acted in

12 deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other

13 Class Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

14      114.   Defendants' willful conduct is also evidenced by, among other things,

15 the facts previously set forth.

16      115.   Pursuant to 15 U.S.C. §1681n(a)(1)(A), Plaintiffs OLSHANSKY and

17 TORRACA-RIANO and the FCRA Class seek to recover statutory damages due to

18 Defendants' willful failure to comply with the requirements imposed by 15 U.S.C. §

19 1681b(b)(2)(A) of an amount not less than $100 and not more than $1,000.

20      116.   Plaintiffs OLSHANSKY and TORRACA-RIANO and the Class seek the

21 recovery of punitive damages for Defendants' willful violations, in an amount as the

22 Court may allow.

23      117.   Pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2), Plaintiffs

24 OLSHANSKY and TORRACA-RIANO and the Class seek the recovery costs of suit

25 with reasonable attorneys' fees, as determined by the Court.

26

27

28

Thomas R. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 255-5455

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT C
- 119 -

## <u>THIRD CAUSE OF ACTION</u>

**Individual Claim for Violation of the**

**California Investigative Consumer Reporting**

**Agencies Act (ICRAA) (Civ. Code, § 1786, *et seq.*)**

**(Obtaining Consumer Reports Without Facially Valid Authorizations)**

(Against All Defendants)

118.   Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

119.   Pursuant to California Civ. Code, § 1786, *et seq.*, a consumer reporting agency may furnish a consumer investigative report for employment purposes.

120.   The ICRAA requires that, before procuring a consumer report on an individual for employment purposes, the employer must comply with all the following:

> (A)   The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.
>
> (B)   The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
>
> > (i) An investigative consumer report may be obtained.
> > (ii) The permissible purpose of the report is identified.
> > (iii)The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
> > (iv)Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.
> > (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.
> > (vi)Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 21 -

1       that complies with subdivision (d) of Section 1786.20. This
    clause shall become operative on January 1, 2012.

2       (C)    The consumer has authorized in writing the procurement of
    the report.

3

4   (§ 1786.16, subd. (a)(2).)

5       121.   In addition, the person procuring or causing the report to be made must

6   "certify to the investigative consumer reporting agency that the person has made the

7   applicable disclosures to the consumer required by [section 1786.16, subdivision (a)]

8   and that the person will comply with subdivision (b)." (§ 1786.16, subd. (a)(4).)

9       122.   Subdivision (b) of section 1786.16 also requires the person procuring or

10   causing the report to be made to (1) provide the consumer a form with a box that can

11   be checked if the consumer wishes to receive a copy of the report, and send a copy of

12   the report to the consumer within three business days if the box is checked and (2)

13   comply with section 1786.40 if the person procuring or causing the report to be made

14   contemplates taking adverse action against the consumer. (§ 1786.16, subd. (b).)

15       123.   During the Class Period, Defendant ATC HEALTHCARE SERVICES,

16   INC. required Plaintiffs OLSHANSKY and TORRACA-RIANO and FCRA Class

17   Members to sign a disclosure authorization forms as part of their job applications with

18   Defendant ATC HEALTHCARE SERVICES, INC., which forms purported to allow

19   Defendant "ATC HEALTHCARE STAFFING," not Defendant ATC

20   HEALTHCARE SERVICES, INC., the alleged real employer, to procure a consumer

21   report on the Plaintiff. See **Exhibit 1**.

22       124.   Under Civil Code § 1786.16, subd. (a) "Any person described in

23   subdivision (d) of Section 1786.12 shall not procure or cause to be prepared an

24   investigative consumer report unless . . . The person procuring or causing the report to

25   be made has a permissible purpose, as defined in Section 1786.12," yet Civil Code §

26   1786.12, in relevant part, provides "An investigative consumer reporting agency shall

27   only furnish an investigative consumer report. . . To a person that it has reason to

28   believe: (1) Intends to use the information for employment purposes."

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1115
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 235-5455

- 22 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT C
- 121 -

1    125.   If Defendant ATC HEALTHCARE STAFFING was not Plaintiff's

2  employer, it violated Civil Code § 1786.16 because it had no legal basis to procure a

3  consumer report on the Plaintiff.

4    126.   In addition, DEFENDANT EMPLOYER'S Notification and

5  Authorization Form, i.e., **Exhibit 1**: (1) was a purported authorization to procure a

6  consumer report and/or investigative consumer report; (2) included a waiver of

7  liability provision; (3) included a purported authorization to investigate "personal

8  history, educational background, military record, motor vehicle records, criminal

9  records, and credit history . . ."; and (4) included other extraneous language, including

10  but not limited to a number of state law admonitions, such as Massachusetts,

11  Minnesota, Oklahoma, none of which are applicable since Plaintiff was applying for

12  work in California; "." See **Exhibit 1**.

13    127.   Plaintiff maintains Defendants' inclusion of the aforementioned in its

14  Notification and Authorization Form violates California law because it was not a

15  "clear and conspicuous disclosure in writing to the consumer." (§ 1786.16(a)(2)(B).)

16  See **Exhibit 1**.

17    128.   Based on the misconduct alleged in this Complaint, Defendants violated

18  ICRAA.

19    129.   Defendants acted willfully by providing a facially invalid Notification

20  and Authorization Form that was in direct violation of the clear and unambiguous

21  requirements set forth in § 1786.16.

22    130.   Defendants knew or acted with reckless disregard of its statutory duties

23  and the rights of applicants and employees, including Plaintiff and the Class, thus

24  knowingly and/or recklessly disregarding its statutory duties.

25    131.   On information and belief, as well as Plaintiff's investigation,

26  Defendants' conduct was willful.

27    132.   With respect to each of the aforementioned violations of the ICRAA

28  provisions and pursuant to Civ. Code § 1786.50(a)(1), in the event this case does not

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 295-5455

- 23 -

1  proceed as a class action basis regarding the FCRA class claims, Plaintiffs
2  OLSHANSKY and TORRACA-RIANO, not the Class, seek to recover statutory
3  damages due to Defendants' failure to comply with the requirements imposed by §
4  1786.16 of an amount not less than $10,000 or seek actual damages, if any, in an
5  amount to be proven at trial, whichever is higher.

6      133.  Plaintiffs OLSHANSKY and TORRACA-RIANO are informed and
7  believe, and based on such information and belief allege that Defendants' misconduct
8  was reckless and/or willful and/or malicious and/or in conscious disregard of the
9  rights and safety of the Plaintiff and whose recklessness and/or conscious disregard
10 was reasonably foreseeable to cause injury to the Plaintiff, thereby warranting the
11 assessment of punitive damages against these Defendants.

12     134.  Plaintiffs OLSHANSKY and TORRACA-RIANO seek the recovery
13 costs of suit with reasonable attorneys' fees, as determined by the Court.

14               **FOURTH CAUSE OF ACTION**
15            **Individual and Representative Claim for**
16   **Failure to Pay Timely Earned Wages during Employment and**
17      **Upon Separation of Employment in Violation of**
18        **California Labor Code §§ 201, 202, 203,**
19            **204 and/or 204b, 218.5, and 218.6**
20   (Against all Defendant ATC HEALTHCARE SERVICES, INC.)

21     135.  Plaintiffs re-allege and incorporate by reference the foregoing allegations
22 as though set forth herein.

23     136.  Pursuant to Labor Code § 201, "If an employer discharges an employee,
24 the wages earned and unpaid at the time of discharge are due and payable
25 immediately."

26     137.  Pursuant to Labor Code § 202, "If an employee not having a written
27 contract for a definite period quits his or her employment, his or her wages shall
28 become due and payable not later than 72 hours thereafter, unless the employee has

- 24 -
COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

EXHIBIT C
- 123 -

1   given 72 hours previous notice of his or her intention to quit, in which case the

2   employee is entitled to his or her wages at the time of quitting."

3      138.   Labor Code § 203 provides, in pertinent part: "If an employer willfully

4   fails to pay, without abatement or reduction, ... any wages of an employee who is

5   discharged or who quits, the wages of the employee shall continue as a penalty from

6   the due date thereof at the same rate until paid or until an action therefore is

7   commenced; but the wages shall not continue for more than 30 days. ..."

8      139.   Pursuant to Labor Code § 204, "all wages ... earned by any person in any

9   employment are due and payable twice during each calendar month, on days

10  designated in advance by the employer as the regular paydays."

11     140.   Alternatively, pursuant to Labor Code § 204b, employers must pay its

12  employees on a weekly basis on a regular day determined by the employer as the

13  regular payday.

14     141.   Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought for

15  the nonpayment of wages and fringe benefits.

16     142.   Based on the misconduct alleged in this Complaint, Plaintiffs were not

17  properly paid pursuant to the requirements of Labor Code §§ 201, 202, and 204/204b

18  and thereby seek all remedies available to them.

19     143.   Plaintiffs are informed and believe and based thereon allege that

20  Defendants willfully failed to pay Plaintiffs' wages pursuant to the requirements of

21  Labor Code §§ 201, 202, and 204/204b, after Plaintiffs' demand and, therefore,

22  Plaintiffs may recover the associated unpaid wages and waiting time penalties.

23     144.   Plaintiffs are informed and believe and based thereon allege that

24  Defendants did this with the intent to secure for himself, herself and itself a discount

25  on its indebtedness and/or with intent to annoy harass, oppress, hinder, delay and/or

26  defraud Plaintiffs.

27     145.   At all material times, DEFENDANT EMPLOYER and DOES 1 through

28  50 were and/or are Represented Employees' employers or persons acting on behalf of

- 25 -

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

EXHIBIT C

- 124 -

1   Represented Employees' employer, within the meaning of California Labor Code §

2   558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the

3   California Labor Code or any provision regulating hours and days of work in any

4   Order of the Industrial Welfare Commission and, as such, are subject to penalties for

5   each underpaid employee as set for in Labor Code § 558.

6       146.   In committing the violations of state law as herein alleged, Defendants

7   have knowingly and willfully refused to perform their obligations to compensate

8   Represented Employees for all wages earned and all hours worked.

9       147.   As a direct result, Represented Employees have suffered and continue to

10  suffer, substantial losses related to the use and enjoyment of such compensation,

11  wages, lost interest on such monies and expenses and attorney's fees in seeking to

12  compel Defendants to full perform their obligation under state law, all to their

13  respective damage in amounts according to proof at trial and within the jurisdictional

14  limitations of this Court.

15      148.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,

16  a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay

17  period for the initial violation and two hundred ($200.00) for each aggrieved

18  employee per pay period for each subsequent violation in which DEFENDANT

19  EMPLOYER violated Labor Code §§ 201, 202, 203, and 204/204b. The exact amount

20  of the applicable penalty is all in an amount to be shown according to proof at trial.

21      149.   Defendants deprived Plaintiffs of their rightfully earned wages as a direct

22  and proximate result of Defendants' failure and refusal to pay said compensation and

23  for the reasons alleged in this Complaint.

24      150.   Plaintiffs OLSHANSKY and TORRACA-RIANO and Class Members

25  request the unpaid wages, waiting time penalties, interest, attorneys' fees, costs,

26  damages, and other remedies in an amount to be proven at trial.

27      151.   Where any of the foregoing statutes do not provide for a private right of

28  actions, Plaintiffs OLSHANSKY and TORRACA-RIANO nevertheless assert

- 26 -

COMMENT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5465

EXHIBIT C

1  Defendants violated these provisions as part of their PAGA cause of action alleged
2  herein.

### FIFTH CAUSE OF ACTION

**Individual and Representative Claim for**

**Violations of California Labor Code § 226**

(Against all Defendants)

7      152.   Plaintiffs re-allege and incorporate by reference the foregoing allegations
8  as though set forth herein.

9      153.   Plaintiffs allege that Labor Code § 226 subdivision (a) requires, in
10 pertinent part, that every employer shall, "semimonthly or at the time of each payment
11 of wages, shall furnish to his or her employee, either as a detachable part of the check,
12 draft, or voucher paying the employee's wages, or separately if wages are paid by
13 personal check or cash, an accurate itemized statement in writing showing (1) gross
14 wages earned, (2) total hours worked by the employee..., (3) the number of piece-rate
15 units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
16 (4) all deductions, provided that all deductions made on written orders of the employee
17 may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates
18 of the period for which the employee is paid, (7) the name of the employee and only
19 the last four digits of his or her social security number..., (8) the name and address of
20 the legal entity that is the employer..., and (9) all applicable hourly rates in effect
21 during the pay period and the corresponding number of hours worked at each hourly
22 rate by the employee..."  (Labor Code § 226 subdivision (a).)

23     154.   Based on the foregoing allegations, during all times relevant to this action,
24 Defendants did not provide accurate wage statements throughout the Class Period.

25     155.   Plaintiffs allege that on numerous occasions, an exact amount by which
26 will be proven at trial, Defendants violated various provisions of § 226, including but
27 not limited to subdivisions (a)(1), (a)(2), and a(5) by failing to provide Plaintiffs
28 accurate itemized statement in writing accurately showing gross wages earned, net

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 27 -

EXHIBIT C

- 126 -

1    wages earned, total hours worked by the employee, among other things.

2       156.   At all material times DEFENDANT EMPLOYER and DOES 1 through

3   50 were and/or are Represented Employees' employers or persons acting on behalf of

4   Represented Employees' employer, within the meaning of California Labor Code §

5   558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the

6   California Labor Code or any provision regulating business hours and days of work in

7   any Order of the Industrial Welfare Commission and, as such, are subject to penalties

8   for each underpaid employee as set forth in Labor Code § 558.

9       157.   In committing the violations of state law as herein alleged, Defendants

10   have knowingly and willfully refused to perform their obligations to compensate

11   Represented Employees for all wages earned and all hours worked.

12       158.   As a direct result, Represented Employees have suffered and continue to

13   suffer, substantial losses related to the use and enjoyment of such compensation,

14   wages, lost interest on such monies and expenses and attorney's fees in seeking to

15   compel Defendants to fully perform their obligations under state law, all to their

16   respective damage in amounts according to proof at trial and within the jurisdictional

17   limitations of this Court.

18       159.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a

19   penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period

20   for the initial violation and two hundred ($200.00) for each aggrieved employee per

21   pay period for each subsequent violation in which DEFENDANT EMPLOYER

22   violated Labor Code § 226, the exact amount of the applicable penalty is all in an

23   amount to be shown according to proof at trial.

24       160.   For Defendants' misconduct as alleged in this Complaint, Plaintiffs seek

25   damages, penalties, costs, and attorneys' fees pursuant to Labor Code §§ 226, 226.3,

26   and 226.6 in an amount to be proven at trial.

27       161.   For Defendants' misconduct as alleged herein, Plaintiffs seek injunctive

28   relief and attorneys' fees and costs pursuant to § 226 in an amount to be proven at trial.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone (619) 886-7224
Facsimile (619) 259-5455

- 28 -

EXHIBIT C

1   162.   Where any of the foregoing statutes do not provide for a private right of

2   actions, Plaintiffs OLSHANSKY and TORRACA-RIANO nevertheless assert

3   Defendants violated these provisions as part of their PAGA cause of action alleged

4   herein.

5   ## SIXTH CAUSE OF ACTION

6   **Individual and Representative Claim for PAGA**

7   **Penalties and Wage Under California Labor Code**

8   **§§ 2698, 2699, *et seq.* for Violations of California Labor Code**

9   **§§ 201, 202, 203, 204 and/or 204b, 218.5, 218.6, 226, 226.3, and 226.6.**

10   (Against all Defendants)

11   163.   Plaintiffs re-allege and incorporates by reference the foregoing

12   allegations as though set forth herein.

13   164.   Pursuant to law, written notice was provided to the LWDA and

14   Defendants of the specific violations of the California Labor Code Defendants have

15   violated and continue to violate.

16   165.   Pursuant to Labor Code § 2699.3, no response will likely be received

17   from the LWDA within 60 days of the postmark date of the above-alleged letter.

18   166.   Plaintiffs, therefore, will have exhausted all administrative procedures

19   required of them under Labor Code §§ 2698, 2699, and 2699.3, and, as a result, are

20   justified as a matter of right in bringing forward this cause of action and are entitled to

21   pursue penalties in a representative action for Defendants' violations of the Labor

22   Code.

23   167.   Pursuant to Labor Code § 2699, any provision of the Labor Code that

24   provides for a civil penalty to be assessed and collected by the LWDA or any of its

25   departments, divisions, commissions, boards, agencies or employees for violation of

26   the code may, as an alternative, be recovered through a civil action brought by an

27   aggrieved employee on behalf of himself or herself and other current or former

28   employees pursuant to the procedures specified in Labor Code § 2699.3.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 29 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT C
- 128 -

168.   Plaintiff is an "aggrieved employee" because Plaintiff was employed by the alleged violator and had one or more of the alleged violations committed against Plaintiff, and therefore is properly suited to represent the interests of other current and former Represented Employees.

169.   Because of the acts alleged above, Plaintiffs seek penalties under Labor Code §§ 2698 and 2699 because of Defendants' violation of numerous provisions of the California Labor Code as alleged in this Complaint.

170.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, penalties for violating Labor Code §§ 201, 202, 203, 204 and/or 204b, 218.5, 218.6, 226, 226.3, and 226.6.

171.   Labor Code § 558 establishes a civil penalty as follows: Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission (including the "Hours and Days of Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee  was underpaid in addition to an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected employee.

172.   Plaintiffs seek penalties for Defendants' conduct as alleged herein as permitted by law.

173.   Specifically, Plaintiffs seeks penalties under Labor Code § 2699, for the following in addition to those Code provisions mentioned in this Cause of Action:

        a.   For violations of Labor Code §§ 201, 202, 203,

            and 204/204b for failing to pay Plaintiff and

            Represented Employees in a timely manner; and

- 30 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone (619) 886-7224
Facsimile (619) 259-5455

EXHIBIT C

1       b. For the violation of Labor Code §§ 226 and 226.3,

2           for failing to provide Plaintiff and Represented

3           Employees accurate wage statements.

4      174.   Pursuant to Labor Code § 2698, *et seq.*, Plaintiffs seek to recover

5 attorney's fees, costs, civil penalties, and wages on behalf of Plaintiff and other

6 current and former Represented Employees as alleged herein in an amount to be

7 shown according to proof at trial and within the jurisdictional limits of this Court.

8                    <u>**SEVENTH CAUSE OF ACTION**</u>

9           **Individual Claim for Remedies for Violations**

10             **of the California Unfair Business**

11             **Practices Code §§ 17200, *et seq.***

12               (Against all Defendants)

13      175.   Plaintiffs re-allege and incorporates by reference the foregoing

14 allegations as though set forth herein.

15      176.   Defendants, and each of them, are "persons" as defined under Business

16 and Professions Code § 17021.

17      177.   Plaintiffs are informed and believe and based thereon allege that

18 Defendants committed the unfair business practices, as defined by Cal. Bus. & Prof.

19 Code § 17200, *et seq.*, by violating the laws alleged to have been violated in this

20 Complaint and which allegations are incorporated herein by reference.

21      178.   Defendants' conduct, as alleged above, constitutes unlawful, unfair, and

22 fraudulent activity prohibited by Business and Professions Code §§ 17200, *et seq.*

23      179.   The unlawful and unfair business practices conducted by Defendants,

24 and each of them, are ongoing and present a threat and likelihood of continuing

25 against Plaintiffs and, accordingly, Plaintiff seeks injunctive relief where appropriate.

26      180.   Plaintiffs has suffered injury in fact and lost money or property because

27 of the aforementioned unfair competition.

28      181.   Because of their improper acts, Defendants, and each of them, have

Thomas D. Rutledge
Attorney-at-Law
501 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone (619) 866-7224
Facsimile (619) 259-5455

- 31 -

1 | reaped and continue to reap unfair benefits and illegal profits at the expense of
2 | Plaintiffs OLSHANSKY and TORRACA-RIANO and other employees and former
3 | employees of Defendants, and each of them.

4 |     182.  Defendants, and each of them, should be enjoined from this activity and
5 | made to disgorge these ill-gotten gains and restore to Plaintiffs OLSHANSKY and
6 | TORRACA-RIANO and the Class the wrongfully withheld wages and/or penalties,
7 | pursuant to Business and Professions Code §§ 17202 and/or 17203.

8 |     183.  Plaintiffs OLSHANSKY and TORRACA-RIANO and the Class have
9 | also incurred and continue to incur attorneys' fees and legal expenses in an amount
10 | according to proof at the time of trial and for which they seek compensation pursuant
11 | to law including but not limited to Code of Civil Procedure § 1021.5.

12 | **PRAYER FOR RELIEF**

13 |     WHEREFORE, Plaintiffs OLSHANSKY and TORRACA-RIANO, on behalf
14 | of the Class, pray for an order for relief as follows:

15 |     1.  An order that this action may proceed and be maintained as a class
16 | action;

17 |     2.  For appointment of the Plaintiffs OLSHANSKY and TORRACA-
18 | RIANO as the representatives of the Class;

19 |     3.  For appointment of counsel for Plaintiffs OLSHANSKY and
20 | TORRACA-RIANO as Class Counsel;

21 |     4.  That Defendants be found liable to Plaintiffs OLSHANSKY and
22 | TORRACA-RIANO and the Class;

23 |     5.  For a declaration that Defendants violated the rights of Plaintiffs
24 | OLSHANSKY and TORRACA-RIANO and the Class under the FCRA and any other
25 | applicable law alleged in this Complaint;

26 |     6.  Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages
27 | to Plaintiff and the Class in an amount equal to $1,000 for Plaintiffs OLSHANSKY
28 | and TORRACA-RIANO and each member of the Class for Defendant's willful

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 32 -

COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT C
- 131 -

1   violations of the FCRA;

2       7.      In the event this case does not proceed on a FCRA class action basis,

3   pursuant to Civ. Code § 1786.50, an award of statutory damages to Plaintiffs

4   OLSHANSKY and TORRACA-RIANO in the amount of $10,000 each, or in the

5   alternative actual damages in an amount according to proof;

6       8.      For an award of punitive damages to Plaintiffs OLSHANSKY and

7   TORRACA-RIANO and the members of the Class in an amount to be determined by

8   the Court;

9       9.      For costs of suit and expenses incurred herein, including reasonable

10  attorneys' fees and costs allowed under relevant provision of law including, but not

11  limited to, those allowed under 15 U.S.C. §1681n(a)(3), 15 U.S.C. §1681o(a)(2), Civ.

12  Code § 1786.50, and/or other applicable provisions of law;

13      10.     That Defendants, and each of them, be ordered and enjoined to pay

14  restitution to Plaintiff and/or the Class and/or Represented Employees pursuant to

15  Business and Professions Code §§ 17200-05;

16      11.     That Defendants, and each of them, be required to issue to Plaintiff

17  and/or the Class and/or Represented Employees accurate wage and earning

18  statements;

19      12.     For disgorgement through restitution of all ill-gotten and/or ill-gained

20  profits, including unpaid wages and/or penalties to Plaintiffs OLSHANSKY and

21  TORRACA-RIANO and/or the Class and/or Represented Employees, resulting from

22  Defendants' unfair business practices pursuant to Business and Professions Code §§

23  17200-05;

24      13.     For an order by the Court requiring Defendants, and each of them, to

25  show cause, if any they have, as to why to Plaintiff and/or the Class and/or

26  Represented Employees should not have been issued itemized wage statements as

27  required by § 226 of the Labor Code and why Defendants should not be required to

28  pay Plaintiff minimum wages and overtime compensation under applicable state law;

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone  (619) 886-7224
Facsimile  (619) 259-5455

- 33 -

COMPLAINT – Torraca-Riano, et al. v. ATC Healthcare Services, Inc., et al.

EXHIBIT C

- 132 -

14.   For all remedies available to Plaintiffs OLSHANSKY and TORRACA-RIANO under the applicable provisions of the Labor Code via PAGA Labor Code § 2698, *et seq.* including an award of attorneys' fees, costs, interest, liquidated damages, damages, penalties and waiting time penalties according to proof to the extent permitted by law;

15.   For maximum civil penalties available under the Labor Code and applicable Wage Order as described more particularly in this Complaint, representative PAGA claims including the payment of wages as set forth in Labor Code § 558;

16.   That Defendants, and each of them, be required to issue to Plaintiffs OLSHANSKY and TORRACA-RIANO and/or the Class and/or Represented Employees accurate wage and earning statements;

17.   For Labor Code § 203 penalties in an amount to be proven at trial;

18.   For special and general damages;

19.   That Plaintiffs OLSHANSKY and TORRACA-RIANO and/or the Class and/or Represented Employees be awarded reasonable attorneys' fees where available by law, including but not limited to pursuant to Labor Code §§ 2698, *et seq.*, Code of Civil Procedure § 1021.5, and/or other applicable laws; and

20.   For any other relief the Court may deem just, proper and equitable in the circumstances.

Dated: December 27, 2018

Law Offices of
Thomas D. Rutledge

By:  /s/*Thomas D. Rutledge*
/s/Thomas D. Rutledge
Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial of this matter.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 34 -

1    Dated: December 27, 2018                    Law Offices of
2                                                Thomas D. Rutledge

3                                                By:  /s/Thomas D. Rutledge
4                                                Thomas D. Rutledge (SBN 200497)
5                                                Attorneys for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 230-5455

- 35 -
COMPLAINT – Torraca-Riano, *et al.* v. ATC Healthcare Services, Inc., *et al.*

EXHIBIT C
- 134 -

# Exhibit 1

EXHIBIT C

- 135 -

## Notification and Authorization to Conduct Employment Background Investigation

I hereby authorize ATC Healthcare Staffing and their choice of reporting company to ascertain information regarding my background to determine any and all information of concern to my record, whether same is of record or not, and I release employers and persons named in my application from all liability for any damages on account of his/her furnishing said information. I understand that this form indicates that a background search will be conducted and that this is my notification of that intent. I understand that the purpose of this background investigation is to determine my suitability for employment and may elicit information on my character, general reputation, personal characteristics and mode of living. Additionally, you are hereby authorized to make any investigation of my personal history, educational background, military record, motor vehicle records, criminal records, and credit history through an investigative or credit agency or bureau of your choice. I authorize the release of this information by the appropriate agencies to the investigating service. I understand that any consent will apply throughout my employment, unless I revoke or cancel my consent by sending a signed letter or statement to the Company at any time, stating that I revoke my consent and no longer allow the Company to obtain consumer or investigative consumer reports about me.

**PLEASE PRINT CLEARLY**

FULL NAME: Michael Olshansky

OTHER NAMES USED/MAIDEN NAME/DATES: _____

CURRENT ADDRESS: Redacted                                      PHONE: Redacted

LIST ALL ADDRESSES FOR PAST 7 YEARS: _____

_____ Dates: _____

_____ Dates: _____

_____ Dates: _____

EMAIL ADDRESS: Redacted

SOCIAL SECURITY # REDACTED        DATE OF BIRTH: REDACTED

DRIVER'S LICENSE # Redacted        STATE ISSUED: PA

*** MAY WE CONTACT YOUR CURRENT EMPLOYER?    YES [✓]    NO [ ]

*** HAVE YOU EVER BEEN CONVICTED OF A CRIME?    YES [ ]    NO [✓]

If yes, please explain: _____

**Notice to California Applicants** - You may omit minor traffic offenses, any convictions which have been sealed, expunged or statutorily eradicated, convictions more than two years old for those involving marijuana related offenses: HS11357b&c, HS11360c, HS11364, HS11365, HS11550, and misdemeanors for which probation was completed and the case was judicially dismissed.

**Notice to Massachusetts Applicants:** You may omit a first conviction for any of the following misdemeanors: drunkenness, simple assault, speeding, minor traffic violations, affray, or disturbance of the peace, or any conviction of a misdemeanor where the date of such conviction or the completion of any period of incarceration resulting there from, whichever date is later, occurred five or more years prior to the date of this application for employment, unless you have been convicted of any offense within five years immediately preceding the date of this application for employment.
*Note:* No applicant will be denied employment solely on the grounds of conviction of a crime. The nature of the offense, the date of the offense, the surrounding circumstances and the relevance of the offense to the position will be considered.

SIGNATURE: [Redacted]                    DATE: Nov 18, 2018

**California Applicants:** Under Section 1786.22 of the California Civil Code, you have the right to request from Justifacts (5250 Logan Ferry Rd, Murrysville PA 15626 – 800-356-6885, www.Justifacts.com), upon proper identification, the nature and substance of all information in its files on you, including the sources of information, and the recipients of any reports on you to whom Justifacts has previously furnished within the three-year period preceding your request. Files maintained on a consumer shall be made available for the consumer's visual inspection, as follows: (1) In-person, if he appears in person and furnishes proper identification. A copy of his file shall also be available to the consumer for a fee not to exceed the actual costs of duplication services provided. (2) By certified mail, if he makes a written request, with proper identification, for copies to be sent to a specified addresses. (3) A summary of all information contained in files on a consumer and required to be provided by Section 1786.10 shall be provided by telephone, if the consumer has made a written request, with proper identification for telephone disclosure, and the toll charge, if any, for the telephone call is prepaid by or charged directly to the consumer.

[ ] **California, Minnesota & Oklahoma Applicants Only:** Please check this box if you would like a copy of the background check mailed to you. Minnesota and Oklahoma applicants will receive a copy direct from Justifacts or its designee. California applicants may receive a copy from either the prospective employer or Justifacts.

**NOTICE:** Under federal law, you have the right to request disclosure of the nature and scope of our investigation by providing us with a written request within 60 days of our background investigation.

Subscriber certifies that consumer credit information, consumer reports, as defined by the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA"), will be ordered only when intended to be used as a factor in establishing a consumer's eligibility for employment and that consumer credit information will be used for no other purposes. It is recognized and understood that the FCRA provides that anyone "who knowingly and willfully obtains information on a consumer from a consumer reporting agency" (such as Justifacts) "under false pretenses shall be fined not more than $2,500 or imprisoned not more than two years or both."

ATC Personnel/Payroll 0056

EXHIBIT C
- 136 -

# EXHIBIT "D"
# TO
# NOTICE OF REMOVAL

# [PAGES 137 - 149]

1  SEYFARTH SHAW LLP
   Laura Wilson Shelby (SBN 151870)
2  lshelby@seyfarth.com
   Mason R. Winters (SBN 273639)
3  mwinters@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:      (310) 277-7200
5  Facsimile:      (310) 201-5219

6  Attorneys for Defendants
   ATC Healthcare, Inc., ATC Healthcare Services,
7  LLC (erroneously sued as ATC Healthcare
   Services, Inc., and ATC Healthcare Staffing), and
8  ATC West Staffing, Inc.

9

10

11                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                 COUNTY OF SAN DIEGO - CENTRAL DIVISION

13

14  TONI TORRACA-RIANO and MICHAEL          Case No. 37-2018-00065377-CU-OE-CTL
    OLSHANSKY, individually, on behalf of
15  themselves and others similarly situated,   **DEFENDANTS' ANSWER TO**
                                                **PLAINTIFFS' COMPLAINT**
16               Plaintiffs,

17        v.

18  ATC HEALTHCARE SERVICES, INC., a
    Georgia corporation; ATC HEALTHCARE, INC.,
19  a Delaware corporation; ATC HEALTHCARE
    SERVICES, LLC, a Georgia limited liability
20  company; ATC HEALTHCARE STAFFING, an
    unknown entity; ATC WEST STAFFING, INC., a
21  California corporation; and DOES 1 through 50
    inclusive,
22
                 Defendants.
23

24

25

26

27

28

   54259879v.1              DEFENDANTS' ANSWER TO COMPLAINT

                                   EXHIBIT D
                                    - 138 -

1  Defendants ATC Healthcare, Inc., ATC Healthcare Services, LLC (erroneously sued as ATC
2  Healthcare Services, Inc., and ATC Healthcare Staffing), and ATC West Staffing, Inc., (all together
3  "Defendants") hereby answer the Complaint of Plaintiffs Toni Torraca-Riano and Michael Olshansky
4  ("Plaintiffs") as follows:

5  ### GENERAL DENIAL

6  Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally deny
7  each allegation as well as the purported causes of action against Defendants set forth in Plaintiffs'
8  Complaint.  In further answer to the Complaint and without limiting the generality of the foregoing,
9  Defendants deny that Plaintiffs have been damaged in any amount, or at all, by reason of any acts or
10  omissions of Defendants.

11  ### AFFIRMATIVE AND ADDITIONAL DEFENSES

12  In further answer to the Complaint, and as separate and distinct affirmative and additional
13  defenses, and without assuming the burden of proof on any defense, Defendants allege as follows:

14  ### FIRST AFFIRMATIVE DEFENSE

15  **(Failure to State a Cause of Action)**

16  Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against
17  Defendants.

18  ### SECOND AFFIRMATIVE DEFENSE

19  **(Reasonable Procedures)**

20  Defendants followed reasonable procedures in the preparation of Plaintiffs' consumer report, and
21  otherwise made good faith efforts to comply with California's Investigative Consumer Reporting
22  Agencies Act ("ICRAA"), California's Consumer Credit Reporting Agencies Act ("CCRAA"), and all
23  applicable laws.

24  ### THIRD AFFIRMATIVE DEFENSE

25  **(Strict Procedures)**

26  Defendants maintained strict procedures to ensure that any information reported about Plaintiffs
27  was complete and up to date, and otherwise made good faith efforts to comply with the ICRAA,
28  CCRAA, and all applicable laws.

2

DEFENDANTS' ANSWER TO COMPLAINT

54259879v.1

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

To the extent Plaintiffs has failed to mitigate their alleged damages, their recovery, if any, must be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE

#### (No Causation)

Any damages sustained by Plaintiffs were not proximately caused by Defendants.

### SIXTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Plaintiffs' claims are barred to the extent they occurred and/or accrued outside the applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Preemption)

Plaintiffs' claims for injunctive relief are preempted by the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

### EIGHTH AFFIRMATIVE DEFENSE

#### (Waiver)

Plaintiffs have waived their right to assert the purported claims contained in the Complaint, and each purported cause of action therein, against Defendants. Plaintiffs, by their own conduct and actions, have waived the right, if any, to assert the claims alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

#### (Estoppel)

Plaintiffs are barred by the doctrine of estoppel from pursuing their Complaint, and each purported cause of action alleged therein. Plaintiffs, by their own conduct and actions, are estopped, as a matter of law, from pursuing the claims alleged in the Complaint.

3

DEFENDANTS' ANSWER TO COMPLAINT

54259879v.1

**TENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs are barred by the doctrine of laches from pursuing their Complaint, and each purported cause of action alleged therein, because Plaintiffs exercised inexcusable delay in commencing this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs are precluded from maintaining the Complaint, and each purported cause of action alleged therein, because Plaintiffs engaged in conduct showing unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure To Use Ordinary Care)**

Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiffs received good consideration in agreement to serve as an employee of Defendants, yet failed to use ordinary care and diligence during their employment, or employment-related duties, pursuant to California Labor Code Section 2854.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure To Exhaust Administrative Remedies)**

Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiffs have failed to exhaust any administrative or statutory remedies provided under California Labor Code Sections 201, 202, 203, 204, 226, 226.7, and 2698 *et seq.*  To the extent that Plaintiffs were required to exhaust any administrative remedies provided by various sections of the Labor Code, they lack standing.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Contribution By Plaintiffs' Own Acts)**

If the injuries and alleged damages in the Complaint occurred at all (which Defendants deny), such injuries and alleged damages were proximately caused by or contributed to by Plaintiffs' own acts, omissions, or failures to act.

4

DEFENDANTS' ANSWER TO COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred by the avoidable consequences doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack Of Standing Under Proposition 64)

Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiffs, or any person upon whose behalf Plaintiffs purport to act, lacks the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code Section 17204. Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200, *et seq.*, must show that he or she has suffered an injury in fact, in addition to simply alleging a loss of money or property. Since Plaintiffs, or any other person on whose behalf Plaintiffs purports to act, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiffs lack standing to sue under the UCL.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiffs ratified Defendants' alleged actions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure To State Facts Warranting Class Certification And Class Damages Or Any Other Representative Action)

Plaintiffs' allegations that this action should be certified as a class action, or representative action fail as a matter of law because Plaintiffs cannot allege facts sufficient to warrant class certification and/or an award of class damages, pursuant to California Code of Civil Procedure Section 382 or Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs likewise failed to set forth any facts supporting any other form of representative action.

DEFENDANTS' ANSWER TO COMPLAINT

54259879v.1

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure To State Facts Warranting A Predominance Of Common Questions Of Fact And Law)

Plaintiffs' Complaint, and each cause of action alleged therein, fails to the extent that Plaintiffs cannot allege predominant questions of fact and law, as required under California Code of Civil Procedure Section 382 or Rule 23 of the Federal Rules of Civil Procedure.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Inadequate Class Representative)

Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiffs are not adequate representatives of alleged class that they purport to represent. Defendants allege that Plaintiffs do not have claims typical of the alleged class, if any, and that Plaintiffs' interests are antagonistic to the alleged class they purport to represent. As such, the class action claims and allegations fail as a matter of law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure To Show Adequate Damages)

Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiffs cannot show a specific or reliable measure of alleged damages owed to Plaintiffs or the members of the purported class.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Penalty)

Plaintiffs, and those persons in the putative class, are not entitled to any penalty award under any section of the California Labor Code because, at all times relevant and material herein, Defendants did not willfully, knowingly, or intentionally fail to comply with the compensation provisions of the California Labor Code, Cal. Labor Code § 200 *et seq.*, but rather acted in good faith and had reasonable grounds for believing that their policies and procedures fully complied with California law.

6

DEFENDANTS' ANSWER TO COMPLAINT

54259879v.1

EXHIBIT D

- 143 -

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure To Allege Facts To Support Restitution)

Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiffs cannot show a specific and individualized amount of property claimed by Plaintiffs and/or any other member of the purported class, as required for a remedy of restitution under the UCL.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Inability To Pursue Legal And Equitable Claims Involving Same Alleged Facts)

Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiffs seek a jury trial for their legal claims based on the California Labor Code while simultaneously seeking equitable relief for their claims under the UCL. Given that these claims require different triers of fact to address the same facts and legal theories, Plaintiffs' request for both legal and equitable relief may lead to inconsistent results. Also, because Plaintiffs' claims under the California Labor Code involve the same facts and legal theories as Plaintiffs' claims under the UCL, Defendants are necessarily denied the benefits of the streamlined procedure based on the UCL if Plaintiffs continue to pursue both legal and equitable claims.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Unfair Business Practice)

Without admitting the allegations of the Complaint, Defendants allege that Plaintiffs' Complaint, and each purported cause of action alleged therein, fails because the alleged practices of Defendants are not unfair, unlawful, or fraudulent; the public is not likely to be deceived by any alleged practices; Defendants gained no competitive advantage by such practices; and the benefits of the alleged practices outweigh any harm or other impact they may cause.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

Plaintiffs are not entitled to the equitable relief sought insofar as they have an adequate remedy at law and/or cannot make the requisite showing to obtain injunctive relief.

7

54259879v.1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

To the extent a court holds that Plaintiffs are entitled to damages or penalties, Defendants are entitled to an offset for wages and/or a proportionate reduction in any damages or penalties for any overpayments of wages or other consideration previously provided to Plaintiffs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure To Show The Lack Of Itemized Or Accurate Wage Statements)

Plaintiffs' Complaint, and each cause of action contained therein, is barred to the extent that Plaintiffs and the "aggrieved employees" cannot show that Defendants failed to furnish an accurate, itemized statement in writing at the time of each payment of wages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Lack Of Standing)

Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred for lack of subject matter jurisdiction to the extent Plaintiffs and the "aggrieved employees" lack standing to assert any of the causes of action contained in the Complaint because Plaintiffs have not suffered any injury.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Consent/Authorization)

Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the alleged conduct of Defendants complained of in the Complaint was approved, consented to, or otherwise authorized by Plaintiffs through their actions or omissions.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Accord and Satisfaction/Release)

Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, pursuant to an accord and satisfaction, or is barred to the extent that Plaintiffs or any purportedly similarly aggrieved individual has entered into or are otherwise bound by compromise, settlement, or release agreements regarding those claims.

8

DEFENDANTS' ANSWER TO COMPLAINT

54259879v.1

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Inability To Pursue Penalties Under California Labor Code § 2698 *et seq.*)**

Plaintiff's Complaint is barred to the extent that Plaintiff and the "aggrieved employees" seek civil penalties for alleged violations of the Labor Code that already contain a statutory or other civil penalty.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Excessive Penalties)**

Plaintiffs are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory or disproportionate to any damage or loss incurred as a result of Defendants' alleged conduct and therefore unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Not "Aggrieved Employees")**

Plaintiffs' Complaint, and each purported claim alleged therein, is barred because Plaintiffs are not aggrieved employees and are not entitled to any relief under Labor Code § 2698 *et seq.* Plaintiffs' Complaint, and each purported claim alleged therein, is further barred to the extent it seeks to recover penalties on behalf of individuals who are not "aggrieved employees."

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Failure To State Factual Or Legal Theories To Show Manageability)**

Plaintiffs' allegations do not contain any factual or legal theory to show a representative PAGA action is manageable. The alleged violations under PAGA cannot be maintained because it requires numerous individualized assessments to identify the aggrieved employees and to determine PAGA violations, for which a PAGA trial will abridge Defendants' due process to present their defenses.

9

DEFENDANTS' ANSWER TO COMPLAINT

54259879v.1

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (Due Process Violations)

The application of California Business & Professions Code § 17200 to non-California Plaintiffs or to conduct occurring outside of California's borders by actors operating outside of California, violates the due process requirements of the California and Federal Constitutions.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Punitive Damages)

Plaintiffs are not entitled to punitive damages because Defendants' reading of their obligations under the ICRAA and all applicable laws was objectively reasonable and made in good faith.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Award of Punitive Damages is Unconstitutional)

Plaintiffs are not entitled to punitive damages because such an award would violate the right of Defendants to be protected from "excessive fines," as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California.  Moreover, such an award would violate the right of Defendants to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### (Improper Party)

Plaintiffs' claims are barred, in whole or in part, on the grounds that ATC Healthcare, Inc., ATC West Staffing, Inc., and ATC Healthcare Staffing are not proper parties to this case because they were not Plaintiffs' employer.  ATC Healthcare Services, Inc., also is not a proper party because it is merely the predecessor of Defendant ATC Healthcare Services, LLC.

### FORTIETH AFFIRMATIVE DEFENSE

#### (Right To Raise Other Defenses)

Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and Defendants reserve the right to amend this Answer to assert any such defenses.

DEFENDANTS' ANSWER TO COMPLAINT

54259879v.1

**PRAYER**

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1.     That Plaintiffs take nothing by their Complaint on file herein;

2.     That judgment be entered in favor of Defendants and against Plaintiffs on all counts of the Complaint;

3.     That Defendants be awarded reasonable attorney fees according to proof;

4.     That Defendants be awarded the costs of suit incurred herein; and

5.     That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED: February 7, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Laura Wilson Shelby
Mason R. Winters

Attorneys for Defendants
ATC Healthcare, Inc., ATC Healthcare Services, LLC (erroneously sued as ATC Healthcare Services, Inc., and ATC Healthcare Staffing), and ATC West Staffing, Inc.

11

DEFENDANTS' ANSWER TO COMPLAINT

54259879v.1

EXHIBIT D

- 148 -

1

**PROOF OF SERVICE**

2  STATE OF CALIFORNIA          )
                                )  SS.
3  COUNTY OF LOS ANGELES        )

4      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and
   not a party to the within action; my business address is: 2029 Century Park East, Suite 3500,
5  Los Angeles, California 90067.  On February 7, 2019, I served the within document(s):

6              **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

7

8  [X]  **(BY MAIL)** The envelope was mailed with postage thereon fully prepaid.  As follows:  I am
        "readily familiar" with the firm's practice of collection and processing correspondence for
9       mailing.  Under that practice it would be deposited with U.S. postal service on that same day
        with postage thereon fully prepaid at Los Angeles, California in the ordinary course of
10      business.  I am aware that on motion of the party served, service is presumed invalid if postal
        cancellation date or postage meter date is more than one day after date of deposit for mailing
11      in affidavit.

12 [ ]  **(BY HAND DELIVERY)** I delivered the within documents to Nationwide Legal, Inc. for
        delivery to the person(s) at the address(es) set forth below with instructions that such envelope
13      be delivered personally on              , 2019.

14 [ ]  **(BY OVERNIGHT MAIL)** I am readily familiar with the firm's practice of collection and
        processing correspondence for mailing with GSO/FedEx.  Under that practice it would be
15      deposited with GSO/FedEx on that same day thereon fully prepaid at Los Angeles, California
        in the ordinary course of business.  The envelope was sealed and placed for collection and
16      mailing on that date following ordinary business practices.

17     Thomas D. Rutledge              *[Attorneys for Plaintiffs Toni Torraca-Riano*
       Attorney at Law                 *and Michael Olshansky, et al.]*
18     500 West Harbor Drive, Suite 1113
       San Diego, CA 92101
19     Telephone:  (619) 886-7224
       Facsimile:  (619) 259-5455

20     I declare under penalty of perjury under the laws of the State of California that the above is true
   and correct.

21

22     Executed on February 7, 2019, at Los Angeles, California.

23

24                                          JAMES AGUILERA

25

26

27

28

_____
                            PROOF OF SERVICE

54858684v.1

EXHIBIT D

- 149 -